UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ESTATE OF JORDAN BAKER, BY AND THROUGH ADMINISTRATOR, JANET BAKER | § § § § | CIVIL ACTION NO.:  4:15-CV-03495 |
| *Plaintiffs*, | § § | |
| VS. | § § | *JURY* |
| JUVENTINO CASTRO, THE CITY OF HOUSTON, AND RPI MANAGEMENT COMPANY, LLC, | § § § § | |
| *Defendants* | § § | JUDGE SIM LAKE |

**DEFENDANT RPI MANAGEMENT COMPANY, LLC'S
ANSWER TO PLAINTIFF'S COMPLAINT**

TO THE HONORABLE JUDGE SIM LAKE:

Comes now, RPI Management Company, LLC ("Defendant RPI"), and files this Answer to the Complaint filed by the Estate of Jordan Baker ("Decedent"), by and through the Administrator, Janet Baker ("Plaintiff").  Also named in the Complaint are Juventino Castro ("Defendant Castro"), an officer with the Houston Police Department, and The City of Houston ("Defendant City of Houston"), the governmental entity with authority to establish said police department.  In support of this answer, Defendant RPI would respectfully show unto this Court as follows:

**I.**
**ANSWER AND SPECIFIC DENIALS TO PLAINTIFF'S COMPLAINT**

Subject to and without waiving any other defense contained in the context of this answer, Defendant RPI responds to the numbered paragraphs in Plaintiff's Complaint ("Complaint") as follows:

**A.    *Introduction***

1.    In answering paragraph 1, Defendant RPI admits that Defendant Castro was a Houston Police Department Officer at the time of the incident.  Upon reasonable belief and investigation, Defendant Castro was investigating and attempting to detain Decedent, whom he believed to be a robbery suspect in a recent string of robberies in the general area.  Although Defendant RPI admits that Decedent died as a result of his interaction with Defendant Castro, Defendant RPI denies that Decedent was "murdered".  Defendant RPI is without sufficient information to admit or deny the remaining allegations in paragraph 1, including the background information pertaining to Decedent, Decedent's specific actions before the incident, Defendant Castro's specific actions in "confronting" Decedent, and what clothes were worn by Decedent at the time. To the extent any further allegations remain as to Defendant RPI, they are denied.

2.    In answering paragraph 2, upon reasonable belief and investigation, Defendant Castro was exonerated or "no billed" by a grand jury for any criminal acts in December 2014.  Thus, Defendant RPI asserts that Plaintiff's allegations that Defendant Castro was "not held accountable for his actions" and that "no criminal charges were ever filed" are misleading and factually inaccurate.  Therefore, Defendant RPI denies same.

3.    In answering paragraph 3, Defendant RPI is without sufficient information to admit or deny said allegations.  Specifically, Defendant RPI has no independent

knowledge of the internal policies and practices of the Houston Police Department or Defendant City of Houston, or what actions have been taken against these governmental entities aside from the lawsuit in question.   Moreover, there are no allegations asserted against Defendant RPI which require any answer by Defendant RPI.  To the extent any allegations may be inferred against Defendant RPI, however, they are denied.

4.    In answering paragraph 4, Defendant RPI further denies that there was a "wrongful, unjustified killing" of Decedent.  Defendant RPI denies that 42 U.S.C. §1983 is a proper cause of action against Defendant RPI.  When Defendant Castro began to investigate and/or detain Decedent, he ceased being an independent contractor and/or agent providing security services for Defendant RPI and became an on-duty law enforcement officer.   As such, Defendant RPI had no duties and/or obligations to Decedent.  To the extent any allegations are asserted or inferred as to Defendant RPI, they are denied.

**B.    *Jurisdiction and Venue***

5.    In answering paragraph 5, Defendant RPI is not contesting this Court's jurisdiction at this time.   However, Defendant RPI does not concede that the constitutional claims brought against it under federal law (i.e., 42 U.S.C. §1981-1983) are proper and/or legally tenable, and therefore denies any allegations that imply 28 U.S.C. § 1331 gives rise to jurisdiction solely based on the federal-law claims asserted against Defendant RPI.  To the extent any additional response is necessary, Defendant RPI is without sufficient information to admit or deny the allegations regarding the

jurisdiction of the Court over the other defendants in this cause.  To the extent any allegations remain, they are denied.

*6.*   In answering paragraph 6, Defendant RPI admits that venue would be proper before a court of proper jurisdiction in this district, as the incident occurred within this district.

**C.**   **Parties**

7.   In answering paragraph 7, Defendant RPI admits that the legal estate of Decedent (i.e., the Estate of Jordan Baker) would legally represent the interests of Decedent.

8.   In answering paragraph 8, Defendant RPI is without sufficient information to admit or deny the allegations that Janet Baker is Decedent's mother, is the court-appointed administrator for Decedent's estate, and/or that the estate has the right to pursue the claims in this lawsuit on behalf of Decedent or Decedent's son (i.e., "J.B."). To the extent any allegations are asserted or inferred as to Defendant RPI, they are denied.

9.   In answering paragraph 9, Defendant RPI admits that Defendant Castro was a Houston Police Department officer at the time of the incident.  Defendant RPI is without sufficient information to admit or deny the legal allegation/conclusion that Defendant Castro was "acting under color of law and within the scope of his employment as a Houston police officer" at the time.  Defendant RPI denies, however, that Defendant Castro was "acting on behalf of RPI Management Company and within the scope of his duties" when he began to investigate and/or attempted to detain Decedent at the "5700 W. [Little] York [*sic*] strip mall."  In accordance with applicable law, when Defendant Castro began to investigate and/or detain Decedent, he immediately ceased being an

independent contractor and/or agent performing security services for Defendant RPI and became strictly an on-duty law enforcement officer.  As a result, Defendant RPI owed no duty and/or obligation to Decedent.  To the extent any allegations are asserted and/or inferred as to Defendant RPI, they are denied.

10.  In answering paragraph 10, Defendant RPI is without sufficient information to admit or deny said allegations.  Defendant RPI is generally aware Defendant City of Houston is a governmental entity that establishes and oversees the Houston Police Department.  However, Defendant RPI has no independent knowledge of the internal policies and practices of the Houston Police Department or Defendant City of Houston, or what code of conduct they set for their officers.  Moreover, there are no allegations as to Defendant RPI and, thus, no answer is necessary.  To the extent any allegations are asserted or inferred as to Defendant RPI, they are denied.

11.  In answering paragraph 11, Defendant RPI admits that it is a commercial real estate management company located in Houston, Texas and that it managed the property located at 5700 W. Little York Road.  Defendant RPI is investigating whether it hired Defendant Castro to perform security services at the property in question.  Therefore, Defendant RPI is without sufficient information to admit or deny said allegations at this time.

**D.    *Factual Allegations***

12. Paragraph 12 contains no allegations as to Defendant RPI that require Defendant RPI to respond.  However, to the extent necessary, Defendant RPI admits that Defendant Castro was a Houston Police Department officer at the time of the incident.  Defendant RPI is without sufficient information, however, to admit or deny the

allegations that Defendant Castro worked full-time as a patrol officer assigned to the Narcotics Division at the time, and therefore denies same.

13.  Paragraph 13 contains no allegations as to Defendant RPI that require Defendant RPI to respond.  However, to the extent necessary, Defendant RPI is without sufficient information to admit or deny the allegations that Defendant Castro was working an extra job through the Houston Police Department's "Extra Employment System," and therefore denies same.

14.  Paragraph 14 contains no allegations as to Defendant RPI that require Defendant RPI to respond.  However, to the extent necessary, Defendant RPI admits that Defendant Castro began working to enforce the law (i.e., as a law-enforcement officer) when he began to investigate and/or detain Decedent.  Defendant RPI is without sufficient information to admit or deny the allegations that Defendant Castro was working with "approval from the Houston Police Department."   To the extent any allegations remain, they are denied.

15.  Paragraph 15 contains no allegations as to Defendant RPI that require Defendant RPI to respond.  However, to the extent necessary, Defendant RPI admits that, upon reasonable belief and investigation, Defendant Castro was wearing his Houston Police Department uniform and badge/insignia, and was armed with a service firearm, at the time of the incident.  Defendant RPI admits that Defendant Castro began "acting in a full capacity as an HPD officer" (i.e., as a law-enforcement officer) when he began to investigate and/or detain Decedent.

16.  In answering paragraph 16, Defendant RPI denies that Defendant Castro was hired to serve as "law enforcement for the strip mall."  Instead, Defendant Castro was

hired as an independent contractor to perform security services for the property. Defendant RPI is without sufficient information to admit or deny the allegations regarding what date or dates Defendant Castro was hired and/or worked, and is investigating such information.  Therefore, such allegations are denied at this time.

17.  In answering paragraph 17, Defendant RPI denies that Defendant Castro was hired to a permanent position and that he was hired to provide law enforcement for the property.  To the extent any allegations remain, they are denied.

18.    In answering paragraph 18, Defendant RPI further admits that it anticipated that Defendant Castro would provide security services for the property, and would act in accordance with his training as a Houston Police Department officer should a criminal matter arise.  To the extent any further allegations are asserted and/or inferred as to Defendant RPI, they are denied.

19.  In answering paragraphs 19 through 25, Defendant RPI is without sufficient information to admit or deny that Decedent rode his bicycle to the property, what Decedent was wearing at the time of the incident, that Decedent lived near the property and regularly frequented the property without incident, what laws Decedent may have broken at that time, or the exact nature of the confrontation between Decedent and Defendant Castro.  Defendant RPI is still investigating the claims alleged by Plaintiff. Moreover, there are no allegations as to Defendant RPI that require a response.  To the extent necessary, however, any such allegations are denied to the extent they are asserted or inferred against Defendant RPI.

20.  In answering paragraph 26, Defendant RPI is without sufficient information to admit or deny what Decedent was wearing at the time of the incident.  Defendant RPI

denies that simply by virtue of his clothing it was "obvious" that Decedent was not engaged in any unlawful behavior.  Moreover, there are no allegations as to Defendant RPI that require a response.  To the extent necessary, however, any such allegations are denied to the extent they are asserted or inferred against Defendant RPI.

21.  In answering paragraph 27, Defendant RPI deny that Decedent "had a right to walk and ride his bike without being confronted by police because he was not committing any crimes, and there was no reasonable suspicion to believe he had committed any crimes or to stop him for any reason."  Upon reasonable belief and investigation, Defendant Castro began to investigate and/or detain Decedent because he appeared to be a suspected criminal.  Moreover, there are no allegations as to Defendant RPI that require a response.  To the extent necessary, however, any such allegations are denied to the extent they are asserted or inferred against Defendant RPI.

22.  In answering paragraph 28, Defendant RPI is without sufficient information to admit or deny the legal determination/conclusion that Decedent was "unlawfully detained."  Upon reasonable belief and investigation, Defendant Castro began to investigate and/or detain Decedent because he appeared to be a suspected criminal.  Moreover, there are no allegations as to Defendant RPI that require a response.  To the extent necessary, however, any such allegations are denied to the extent they are asserted or inferred against Defendant RPI.

23.  In answering paragraph 29, Defendant RPI is without sufficient information to admit or deny the legal determination/conclusion that Defendant Castro used "unlawful detention" and/or "unconstitutional force" against Decedent.  Upon reasonable belief

and investigation, Defendant Castro began to investigate and/or detain Decedent because he appeared to be a suspected criminal.  Moreover, there are no allegations as to Defendant RPI that require a response.  To the extent necessary, however, any such allegations are denied to the extent they are asserted or inferred against Defendant RPI.

24. In answering paragraphs 30 through 31, Defendant RPI is without sufficient information to admit or deny the legal determination/conclusion that Defendant Castro used "excessive non-deadly force" against Decedent, or caused him any injury before the shooting occurred.  Moreover, there are no allegations as to Defendant RPI that require a response.  To the extent necessary, however, any such allegations are denied to the extent they are asserted or inferred against Defendant RPI.

25. In answering paragraph 32, Defendant RPI is without sufficient information to admit or deny the legal determination/conclusion that Defendant Castro used "unconstitutional non-deadly force" against Decedent, and therefore denies same. Moreover, there are no allegations as to Defendant RPI that require a response.  To the extent necessary, however, any such allegations are denied to the extent they are asserted or inferred against Defendant RPI.

26. In answering paragraphs 33 through 34, Defendant RPI is without sufficient information to admit or deny that Decedent's sweatshirt was removed, or at what times, if any, Decedent was "shirtless and unarmed."   Upon reasonable belief and investigation, Defendant RPI admits that Decedent did attempt to flee from Defendant Castro.   Moreover, there are no allegations as to Defendant RPI that require a

response.  To the extent necessary, however, any such allegations are denied to the extent they are asserted or inferred against Defendant RPI.

27.  In answering paragraph 35, Defendant RPI is without sufficient information to admit or deny the allegations that video footage shows the incident, and therefore denies same.  Moreover, there are no allegations as to Defendant RPI that require a response.  To the extent necessary, however, any such allegations are denied to the extent they are asserted or inferred against Defendant RPI.

28.  In answering paragraph 36, upon reasonable believed and investigation, Defendant RPI admits that Defendant Castro chased Decedent as he fled the property.  Defendant RPI is without sufficient information to admit or deny the exact location of where they "ended up" just prior to the shooting, therefore denies same.  Moreover, there are no allegations as to Defendant RPI that require a response.  To the extent necessary, however, any such allegations are denied to the extent they are asserted or inferred against Defendant RPI.

29.  In answering paragraphs 37 through 38, Defendant RPI admits the property includes the curtilage around the building referred to by Plaintiff as the "strip mall."  This includes the northern area (i.e., the back of the shopping center) used for deliveries, and a driveway on the eastern side that abuts W. White Oak Bayou Trail, as well as the bayou itself.  Defendant RPI is without sufficient information to admit or deny the exact location of the shooting, or whether it occurred on Defendant RPI's managed property at all.  To the extent any further allegations are asserted or inferred against Defendant RPI, they are denied.

30.  In answering paragraphs 39 through 41, Defendant RPI admits that Decedent was shot.  However, Defendant RPI is without sufficient information to admit or deny the exact nature of the shooting.  To the extent any further allegations are asserted or inferred against Defendant RPI, they are denied.

31.  In answering paragraphs 42 through 43, Defendant RPI is without sufficient information to admit or deny the legal determination/conclusion that the shooting was "unlawful," that Defendant Castro was not justified in the use of deadly force, or that Decedent did not pose an imminent threat of death or serious bodily harm.  Upon reasonable belief and investigation, Defendant Castro was exonerated or "no billed" by a grand jury for any criminal acts in December 2014.  Therefore, Defendant RPI denies the allegations contained therein.  Moreover, there are no allegations as to Defendant RPI that require a response.  To the extent necessary, however, any such allegations are denied to the extent they are asserted or inferred against Defendant RPI.

32.  In answering paragraphs 44 through 48, Defendant RPI, upon reasonable belief and investigation, admits that Decedent was shot.  Defendant RPI is without sufficient information to admit or deny the exact nature of the shooting.  To the extent any allegations remain, they are denied.

33.  In answering paragraphs 49 through 55, Defendant RPI denies that Defendant Castro's account of the incident is "extremely implausible, includes falsehoods, and belied by the external evidence."  Defendant RPI is without sufficient information to admit or deny that any "cover up" took place, and therefore denies same.  Moreover, there are no allegations as to Defendant RPI that require a response.  To the extent

necessary, however, any such allegations are denied to the extent they are asserted or inferred against Defendant RPI.

34. In answering paragraphs 56 through 60, Defendant RPI is without sufficient information to admit or deny what disciplinary measures, if any, Defendant City of Houston and/or Houston Police Department took against Defendant Castro, or what other "Extra Employment" Defendant Castro worked. Defendant RPI admits it continued to employ Defendant Castro as an independent contractor for security services after the incident occurred, and is investigating he exact dates of said employment. Moreover, Defendant RPI denies that it owed any duty or obligation to discipline Defendant Castro as Defendant Castro was not officially working for Defendant RPI at the time of the incident but he was instead acting in his full official capacity as a law enforcement officer. To the extent any further allegations are asserted and/or inferred against Defendant RPI, they are denied.

35. In answering paragraphs 61 through 85, Defendant RPI is without sufficient information to admit or deny any allegations of systemic "racial profiling" issues in the Houston Police Department. Moreover, there are no allegations as to Defendant RPI that require a response. To the extent necessary, however, any such allegations are denied to the extent they are asserted or inferred against Defendant RPI.

36. In answering paragraphs 86 through 89, Defendant RPI asserts that the allegations are of a nature that requires no response under Federal Rule of Civil Procedure 8(b). To the extent any response pertaining to damages is necessary, Defendant RPI denies Plaintiff is entitled to any monetary relief from Defendant RPI. To the extent any allegations remain, they are denied.

### E.      Causes of Action

37.  To the extent that the allegations of paragraphs 90 through 92 are directed at Defendant RPI, Defendant RPI denies that it violated the constitutional rights of Decedent and/or Plaintiff through the use of "excessive deadly force."   When Defendant Castro began to investigate and/or detain Decedent, he ceased being an independent contractor and/or agent of Defendant RPI and became an on-duty law enforcement officer.  Therefore, Defendant RPI owed no duty to Decedent at the time of the incident. Defendant RPI is without sufficient information to admit or deny the allegations as to the other defendants, and therefore denies same.  To the extent that any further allegations are asserted or inferred against Defendant RPI, same are denied.

38.  To the extent that the allegations of paragraphs 93 through 95 are directed at Defendant RPI, Defendant RPI denies that it violated the constitutional rights of Decedent and/or Plaintiff through the use of "unlawful seizure or detention."   When Defendant Castro began to investigate and/or detain Decedent, he ceased being an independent contractor and/or agent of Defendant RPI and became an on-duty law enforcement officer.  Therefore, Defendant RPI owed no duty to Decedent at the time of the incident.   Defendant RPI is without sufficient information to admit or deny the allegations as to the other defendants, and therefore denies same.  To the extent that any further allegations are asserted or inferred against Defendant RPI, same are denied.

39.    To the extent that the allegations of paragraphs 96 through 99 are directed at Defendant RPI, Defendant RPI denies that it violated the constitutional rights of Decedent and/or Plaintiff by violating his right to equal protection.  When Defendant

Castro began to investigate and/or detain Decedent, he ceased being an independent contractor of Defendant RPI and became an on-duty law enforcement officer. Therefore, Defendant RPI owed no duty to Decedent at the time of the incident. Defendant RPI is without sufficient information to admit or deny the allegations as to the other defendants, and therefore denies same.  To the extent that any further allegations are asserted or inferred against Defendant RPI, same are denied.

40.  To the extent that the allegations of paragraphs 100 through 102 are directed at Defendant RPI, Defendant RPI denies that it violated the constitutional rights of Decedent and/or Plaintiff by failing to provide medical care.  When Defendant Castro began to investigate and/or detain Decedent, he ceased being an independent contractor of Defendant RPI and became an on-duty law enforcement officer. Therefore, Defendant RPI owed no duty to Decedent at the time of the incident. Defendant RPI is without sufficient information to admit or deny the allegations as to the other defendants, and therefore denies same.  To the extent that any further allegations are asserted or inferred against Defendant RPI, same are denied.

41.  To the extent that the allegations of paragraphs 103 through 105 are directed at Defendant RPI, Defendant RPI denies that it is a municipality or governmental entity subject to liability for the actions of Defendant Castro.

42.  To the extent that the allegations of paragraphs 106 through 110 are directed at Defendant RPI, Defendant RPI denies that it can be held responsible for any assault and battery by Defendant Castro upon Decedent.  When Defendant Castro began to investigate and/or detain Decedent, he ceased being an independent contractor of Defendant RPI and became an on-duty law enforcement officer.  Therefore, Defendant

RPI owed no duty to Decedent at the time of the incident.  Defendant RPI is without sufficient information to admit or deny the allegations as to the other defendants, and therefore denies same.  To the extent that any further allegations are asserted or inferred against Defendant RPI, same are denied.

43.  To the extent that the allegations of paragraphs 111 through 115 are directed at Defendant RPI, Defendant RPI denies that it can be held responsible for the wrongful death, if any, of Decedent.  Moreover, Defendant RPI denies that Defendant Castro was acting as an agent for Defendant RPI at the time of the incident.  When Defendant Castro began to investigate and/or detain Decedent, he ceased being an independent contractor and/or agent of Defendant RPI and became an on-duty law enforcement officer.  Therefore, Defendant RPI owed no duty to Decedent at the time of the incident. Defendant RPI is without sufficient information to admit or deny the allegations as to the other defendants, and therefore denies same.  To the extent that any further allegations are asserted or inferred against Defendant RPI, same are denied.

44.  To the extent that the allegations of paragraphs 116 through 120 are directed at Defendant RPI, Defendant RPI denies that it would be responsible for the injuries, pain, and emotional distress, if any, of Decedent immediately prior to his death.  Moreover, Defendant RPI denies that Defendant Castro was acting as an agent for Defendant RPI at the time. When Defendant Castro began to investigate and/or detain Decedent, he ceased being an independent contractor and/or agent of Defendant RPI and became an on-duty law enforcement officer.  Therefore, Defendant RPI owed no duty to Decedent at the time of the incident.  Defendant RPI is without sufficient information to admit or deny the allegations as to the other defendants, and therefore denies same.  To the

15

extent that any further allegations are asserted or inferred against Defendant RPI, same are denied.

45.   To the extent that the allegations of paragraphs 121 through 124 are directed at Defendant RPI, Defendant RPI denies that it would be responsible for any intentional infliction of emotional distress upon Decedent.   When Defendant Castro began to investigate and/or detain Decedent, he ceased being an independent contractor and/or agent of Defendant RPI and became an on-duty law enforcement officer.   Therefore, Defendant RPI owed no duty to Decedent at the time of the incident.   Defendant RPI is without sufficient information to admit or deny the allegations as to the other defendants, and therefore denies same.   To the extent that any further allegations are asserted or inferred against Defendant RPI, same are denied.

46.   To the extent that the allegations of paragraphs 125 through 127 are directed at Defendant RPI, Defendant RPI denies that it is a municipality or governmental entity subject to liability for the actions of Defendant Castro.

47.   To the extent that the allegations of paragraphs 128 through 130 are directed at Defendant RPI, Defendant RPI denies that it can be held responsible for the acts of Defendant Castro in the investigation, attempted detainment, and shooting of Decedent, and/or any resulting damages as alleged by Plaintiff.   Moreover, Defendant RPI denies that Defendant Castro was acting as an agent for Defendant RPI at the time of the incident.   When Defendant Castro began to investigate and/or detain Decedent, he ceased being an independent contractor and/or agent of Defendant RPI and became an on-duty law enforcement officer.   Therefore, Defendant RPI owed no duty to Decedent at the time of the incident.   Defendant RPI is without sufficient information to admit or

deny the allegations as to the other defendants, and therefore denies same.  To the extent that any further allegations are asserted or inferred against Defendant RPI, same are denied.

48.  In answering Plaintiff's prayer, Defendant RPI denies Plaintiff's allegations and conclusions therein.  Defendant RPI denies Plaintiff is entitled to any of the relief sought in her prayer.

49.  In answering Plaintiff's jury demand, Defendant RPI asserts that the allegations are of a nature that requires no response under Federal Rule of Civil Procedure 8(b). However, to the extent any response is necessary, Defendant RPI admits Plaintiff has requested a trial by jury.  Defendant RPI reserves the right to request a trial by jury, as permitted by law.

## II.
### AFFIRMATIVE DEFENSES

### A.    Constitutional Violation Claims

50. Pleading further alternatively, and by way of affirmative defense, should Defendant RPI found to be vicariously liable for the actions of Defendant Castro, Defendant RPI would show that Defendant Castro was granted qualified immunity from liability for his actions.  Defendant Castro did not violate any clearly established rights of Decedent and/or Plaintiff.   Moreover, Defendant Castro's actions were objectively reasonable in light of the law established at the time of the incident.   Unlike other affirmative defenses, the mere act of pleading qualified immunity shifts the burden to Plaintiff to disprove it.

### B.  Failure to State a Claim Upon Which Relief May Be Granted

51.  Pleading further and alternatively, Defendant RPI would show that Plaintiff has failed to state a viable claim against Defendant RPI.  When Defendant Castro began to investigate and/or detain Decedent, he ceased working as an independent contractor and/or agent of Defendant RPI and immediately acted in his full, official capacity as a law enforcement officer.  As such, Defendant RPI cannot be held responsible for Defendant Castro's acts and/or omissions and Defendant RPI cannot be held liable as a matter of law.  Thus, there is no legally viable claim by Plaintiff against Defendant RPI.

### C.  Negligence/Wrongful Death/Survivor Claims

52.  Pleading further alternatively, and by way of affirmative defense, Defendant RPI would show that at the time and on the occasion in question, Decedent failed to use that degree of care and caution that would have been used by a person with ordinary prudence under the same or similar circumstances, and that such failure was a proximate cause, or the sole proximate cause, of Decedent and/or Plaintiff's alleged injuries and damages, if any, stemming therefrom.

53.  Pleading further alternatively, and by way of affirmative defense, Defendant RPI would show Decedent's and/or Plaintiff's alleged injuries and/or damages, if any, were the result of negligent acts and/or omissions of others beyond Defendant RPI's control and that such others' acts or omissions were a proximate cause, or the sole proximate cause, of Decedent and/or Plaintiff's alleged injuries and/or damages, if any.

**D.** **Proportionate Responsibility Scheme**

54.   Pleading further alternatively, and by way of affirmative defense, Defendant RPI would show, in the unlikely event that any liability be found on the part of Defendant RPI, that such liability be reduced by the percentage of causation found to have resulted from the acts and/or omissions of Decedent, and/or the other parties in this lawsuit, including the other named defendants, and/or any other responsible third parties. Defendant RPI, therefore, invokes any comparative responsibility scheme or provisions allowed by law.

55.   Pleading further and by way of affirmative defense, if Defendant RPI is found in some way responsible for the alleged injuries or damages of Decedent and/or Plaintiff, if any, Defendant RPI is relieved of liability because of the superseding and/or intervening acts of persons or entities for whom Defendant RPI is not responsible.

56.   Pleading further and by way of affirmative defense, Defendant RPI asserts it owed no duty nor obligation to Decedent and/or Plaintiff as alleged by Plaintiff in her Petition.

**E.** **Damages**

57.   Pleading further and by way of affirmative defense, Defendant RPI invokes its legal right to a reduction of any dollar verdict which may be rendered in this cause by credit for payments made by other persons or entities, or by percentage reductions to which Defendant RPI would be entitled as a result of jury findings against other persons or entities.  In this connection, Defendant RPI reserve the right to submit issues against parties who may be present in the case, settling parties who are absent from the case,

or designated responsible third parties, at the time the matter is submitted to the jury for fact determinations.

### F. Additional Defenses

58.   Pleading further and by way of affirmative defense, Defendant RPI invokes §41.0105 of the Texas Civil Practice and Remedies Code and requests that to the extent Plaintiff seeks recovery of medical or healthcare expenses on behalf of Decedent, the evidence to prove such loss be limited to the amount actually paid by or on behalf of Decedent, as opposed to the amount charged.

59. Defendant RPI further requests that to the extent that Plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, or a loss of inheritance, that the evidence to prove such loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability.   Defendant RPI further requests that the Court instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal income taxes.

60.   Defendant RPI reserves the right to raise any additional defenses that become apparent through the factual and legal development of this case.

### III.
### JURY DEMAND

61.   Defendant RPI demands a jury be empaneled to try the facts and issues of this cause.

### IV.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant RPI respectfully prays that the Honorable Court dismiss any and all claims against it in its entirety, with

prejudice, at Plaintiff's cost, and enter an order discharging it of all liability herein. Defendant RPI additionally prays for such further relief, at either law or equity, to which it may prove itself to be justly entitled.

Respectfully submitted,

JOHANSON & FAIRLESS, L.L.P.

By: _____

RANDY L. FAIRLESS, #06788500
KELLEY J. FRIEDMAN, #00796582
1456 First Colony Blvd.
Sugar Land, Texas 77479
(281) 313-5000
Fax: (281) 340-5100
Email: rfairless@jandflaw.com
Email: kfriedman@jandflaw.com

ATTORNEYS FOR DEFENDANT,
**RPI MANAGEMENT COMPANY, LLC**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing instrument was sent to all counsel of record via the CM/ECF system on this, the 4th day of January, 2016.

_____
KELLEY J. FRIEDMAN