IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| THE ESTATE OF JORDAN BAKER, Ex. Rel. administrator JANET BAKER, | No. 4:15-CV-3495 |
| Plaintiff, | Hon Judge Sim Lake |
| v. | |
| JUVENTINO CASTRO ET AL., | |
| Defendants. | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(F)**

Pursuant to Rule 26(f), the Parties state as submit the following Federal Rule of 26(f) report and proposed discovery plan.

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

On April 11, 2015, via teleconference the parties held their Rule 26(f) conference. At the conference, Plaintiff was represented by David B. Owens, Defendants Castro and the City of Houston were represented by Darah Eckert, and Annie Teehan, and Defendants RPI Management Company, LLC and RPI Interests I, Ltd, were represented by Kelley Friedman.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

The parties are not aware of any related cases.

3. **Briefly describe what this case is about.**

This is a civil rights case under 42 U.S.C. § 1983 arising from the January

2014 shooting death of Jordan Baker, who was shot by Defendant Castro, a Houston Police Department Officer, at a strip mall in Houston while working extra employment job on behalf of the strip mall owners, defendants RPI Management and RPI Interests I ("RPI Group"). Plaintiff, Janet Baker, is the mother of Jordan Baker and Jordan Baker's estate representative.  Plaintiff alleges that Defendant Castro violated his right to equal protection in violation of the Fourteenth Amendment of the United States Constitution, used excessive force against Jordan Baker in violation of the Fourth and Fourteenth Amendments to the United States Constitution when he shot and killed Mr. Baker, caused severe pain to Mr. Baker after he was shot and before he died, and also damaged Mr. Baker's family, entitling them to bring a wrongful death claim under § 1983. Plaintiff also alleges a municipal claim against the City of Houston under *Monell*. Plaintiff also asserts, in the Second Amended Complaint, that the RPI Group defendants violated federal law by hiring Defendant Castro to target people, including Jordan Baker, on account of his race in a place of public accommodation and by conspiring with Defendant Castro to do so.

      Defendant Castro denies that he violated Ms. Baker's rights and affirmatively asserts that his actions—including the use of force—were lawful and justified under the circumstances. The City of Houston denies that any damages sustained by Ms. Baker were caused by an unconstitutional or deficient policy, practice, procedure, training or investigation by the City of Houston or Houston Police Department. The RPI Group Defendants deny that they violated federal law

or that they conspired with Defendant Castro to violate federal law.

**4. Specify the allegation of federal jurisdiction.**

Plaintiff alleges that federal jurisdiction is based upon 42 U.S.C. § 1983, 42 U.S.C. § 1981, and 42 U.S.C. § 1985.

**5. Name the parties who disagree and the reasons.**

No defendant has asserted a challenge to federal jurisdiction.

**6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

The parties do not anticipate adding any additional parties at this time.

**7. List anticipated interventions.**

The parties do not anticipate any interventions at this time.

**8. Describe class-action issues.**

None.

**9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The Parties have not exchanged Rule 26(a) disclosures, but have agreed to do so by April 25, 2016, fourteen days after the 26(f) meeting.

**10. Describe the proposed agreed discovery plan, including:**

**A.     Responses to all the matters raised in Rule 26(f).**

The parties have agreed to a six-month period for fact discovery, followed by three months for expert discovery, all set to begin on April 20, 2016, the date of the initial status conference. Thus, the parties propose the following dates:

    April 20, 2016               Beginning of Fact Discovery

| | |
|---|---|
| October 20, 2016 | Close of Fact Discovery |
| October 20, 2016 | Date of expert Disclosures for Plaintiff |
| November 20, 2016 | Date of expert disclosures for Defendants |
| January 20, 2017 | Close of Expert Discovery |

**B. When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates sending interrogatories to all defendants at the outset of discovery. Plaintiff believes that fact discovery should commence at the date of the parties Rule 26(f) meeting, but has agreed not to issue any discovery until after the initial status on April 20.

**C. When and to whom the defendant anticipates it may send interrogatories.**

Defendants anticipate sending interrogatories to Plaintiff at the outset of discovery.

**D. Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates taking oral depositions of Defendant Castro, 30(b)(6) witnesses for the corporate entities, law enforcement who investigated the shooting, and lay witnesses who were present at the scene as soon as practicable.

**E. Of whom and by when the defendants anticipate taking oral depositions.**

Defendants anticipate taking oral depositions of Plaintiff, witnesses and potential economic damage witnesses between the period of May and October 2016.

**F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by**

    **Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

    Plaintiff will designate and provide expert reports on October 20, 2016, and Defendants will designate and provide expert reports by November 20, 2016

    **G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

    Plaintiff anticipates taking the depositions of any expert witness identified by the Defendants within the time period proscribed for expert discovery.

    **H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

    Defendants anticipate taking the deposition of any expert witness identified by Plaintiff within the time period proscribed for expert discovery.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    Not applicable.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

    None.

**13. State the date the planned discovery can reasonably be completed.**

    October 20, 2016 for fact discovery, January 2017 for all discovery.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The parties briefly discussed mediation, but Plaintiff does not believe that paid mediation is an appropriate option at this point in time.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

All parties are willing to explore prompt resolution and agree that, without any discovery having been done, that process cannot be meaningfully completed at this time.

**16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

Plaintiff's counsel believes that a settlement conference may be suitable at some point in this case after some discovery has been conducted.

Defendants believe that mediation may be suitable, if necessary, after rulings on any dispositive motions that may be filed.

**17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not consent to trying this case before a magistrate judge.

**18. State whether a jury demand has been made and if it was made on time.**

A jury demand was timely made.

**19. Specify the number of hours it will take to present the evidence in this case.**

Plaintiff anticipates it will take approximately 40 hours to complete her case, assuming that the *Monell* claim goes to trial.

Defendants anticipate it will take approximately 30 hours to present their case.

**20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Motions currently pending are:

Defendants Castro and the City of Houston's Motion to Dismiss Plaintiff's First Amended Complaint filed on February 15, 2016 (Dkt. 19);

Plaintiff's unopposed motion for leave to file a Second Amended Complaint filed on March 28, 2016 (Dkt. 32).

Defendants City of Houston and Castro filed a Motion for Protective order on April 19, 2016. Plaintiff opposes the motion and believes the parties should use the model protective order for the United States District Court for the Southern District of Texas. The RPI defendants have agreed to the motion.

21. **List other motions pending.**

    None.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    None.

Dated this 19 day of April, 2016.

       /s/ David B. Owens

Jon Loevy
Mark Loevy-Reyes
David B. Owens
LOEVY & LOEVY
312 North May, Suite 100
Chicago, IL 60607
(312) 243-5900

Billy Joe Mills
FIRMEQUITY
858 West Armitage Avenue, Suite 101
Chicago, IL  60614
(847) 207-9064

*Attorneys for Plaintiff*


                                                                                                               /s/ Darah Eckert

DONNA L. EDMUNDSON, City Attorney
JUDITH RAMSEY, Chief General Litigation Section
Darah Eckert, Sr. Assistant City Attorney
(attorney in charge)
State Bar No.: 24007141
Federal ID No.: 1890045
darah.eckert@houstontx.gov
Annie Teehan, Sr. Assistant City Attorney
State Bar No.:  19759300
Federal ID No.: 22292
annie.teehan@houstontx.gov
City of Houston Legal Department
P.O. Box 368
Houston, TX 77001-0368
Tel: (832) 393-6438
Fax: (832) 393-6259

ATTORNEYS FOR DEFENDANTS
CITY OF HOUSTON AND JUVENTINO CASTRO


                                                                                                               /s/ Kelley Friedman

RANDY L. FAIRLESS, #06788500
KELLEY J. FRIEDMAN, #00796582
JOHANSON & FAIRLESS, L.L.P.
1456 First Colony Blvd.
Sugar Land, Texas 77479
(281) 313-5000
Fax: (281) 340-5100
Email: rfairless@jandflaw.com
Email: kfriedman@jandflaw.com

ATTORNEYS FOR DEFENDANTS
RPI MANAGEMENT COMPANY, LLC AND RPI INTERESTS I, LTD.