Case 4:15-cv-03495   Document 47   Filed in TXSD on 05/12/16   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
May 13, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| ESTATE OF JORDAN BAKER, by and through administrator, JANET BAKER | § § § § | |
| *Plaintiffs,* | § § | No. 4:15-cv-003495 |
| vs. | § § | |
| JUVENTINO CASTRO, THE CITY OF HOUSTON, RPI MANAGEMENT COMPANY, LLC, and RPI INTERESTS I, LTD. | § § § § § | |
| *Defendants.* | § § | |

## PROTECTIVE ORDER

On this day came on to be heard the agreed motion for entry of protective order filed by the City of Houston ("City"). The Court finds that the motion should be GRANTED. It is therefore ORDERED that:

1. This Court finds the City's investigatory files pertaining to the incident made the basis of this lawsuit are relevant to this proceeding.

2. All internal Houston Police Department files, including but not limited to internal affairs division files, homicide files and/or other investigatory files, offense reports, training files, personnel files, ~~General Orders~~ [NT], ~~Standard Operating Procedures~~ [NJ], circulars and other similar documents, and the City's personnel files that are produced by the City to the parties in this lawsuit are solely for use by the parties in the above referenced lawsuit. Home addresses, phone numbers, social security numbers, and other similar personal information of the defending officers will be redacted from the above files prior to production.

3.  Said files and any portion thereof are to be used by the parties, their attorneys, staff, experts, court reporters, and any and all persons associated with the parties and their representatives in reference to this lawsuit only. These documents and/or files are not to be disclosed, produced to, or discussed with, anyone not authorized by this order. All persons other than the parties, their attorneys and/or the City's representatives, agents and/or employees, who are authorized to gain access to said files or their contents pursuant to this order, will execute the declaration of confidentiality and non-disclosure. This requirement includes but is not limited to retained and/or consulting experts. All documents produced by the City to any party will be returned by each receiving party to the City within sixty (60) days of the conclusion of this litigation.

4.  If any of the parties, their attorneys or witnesses, expert or factual, violate or facilitate in the violation of this protective order, the Court may issue sanctions against the violating party and if the Court determines an intentional violation, the violating party will be precluded from using the document(s) or item(s) that were the subject of the violation in any matter, hearing, or trial in this lawsuit, and this Court may issue additional sanctions against the offending party or parties.

5.  The production of these files by the City is not a waiver of any objections to the admissibility and/or use of any portion of the files at trial or at any proceeding in this lawsuit, including any pre-trial or dispositive motion proceeding.

6.  The said files or any portion thereof must be submitted to the Court under seal when filed in conjunction with a pre-trial motion or any other matter.

7. Inadvertent production of any privileged or confidential document and/or information (hereinafter "inadvertent production") is not and does not constitute waiver of any privilege or confidentiality.

8. The party receiving any inadvertent production shall immediately notify the City's counsel of the inadvertent production and return the subject document(s) or item(s) within five (5) business days of discovering same.

9. Upon request by the City, the receiving party will return any inadvertent production within five (5) days of the City's request for same.

10. In addition to immediate notification and the return of the inadvertent production, the receiving party will provide a written list of all persons who received, accessed, or reviewed the inadvertent production within five (5) days of discovering same or upon the City's request for the return of the inadvertent production.

11. ~~Materials inadvertently produced cannot be used as evidence in any proceeding.~~ NS

12. This protective order will remain in effect until further order of this Court.

SIGNED ON __May 12__, 2016.

UNITED STATES ~~DISTRICT~~ JUDGE
Magistrate