IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ESTATE OF JORDAN BAKER, by and through administrator, JANET BAKER, | ) ) ) | No. 4:15-cv-3495 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Hon. Judge Sim Lake |
| JUVENTINO CASTRO, THE CITY OF HOUSTON, RPI MANAGEMENT COMPANY, LLC, and RPI INTERESTS I, LTD, | ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

**PLAINTIFF'S RULE 72 OBJECTIONS TO MAGISTRATE JUDGE'S ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Plaintiff, the Estate of Jordan Baker, by her attorneys, respectfully objects to the Magistrate Judge's order granting Defendant Castro and City of Houston motion for a protective order (Dkt. 47). In support thereof, Plaintiff states:

**INTRODUCTION**

Without any explanation or written opinion, the Magistrate Judge granted in large part Defendant City of Houston and Defendant Castro's (collectively "Defendants") motion for a protective order. (Dkt. 47).[1]

---

[1] Plaintiff's counsel believes that the entry of the protective order *before* the City of Houston had responded thereby meant that Plaintiff's motion for a protective order was denied along with Plaintiff's response in opposition to the Defendants' motion for a protective order. Plaintiff's counsel inquired of the Magistrate Judge's chambers as to whether further rulings or opinion on this issue would be forthcoming and understands that, at least at this time, no further order was anticipated. Thus, Plaintiff believes that the issue of the protective order is ripe for this Court's review under Rule 72.

In so doing, the Magistrate Judge entered a protective order in this civil-rights case brought to seek vindication of Jordan Baker's constitutional rights declaring: nearly *all* Houston Police Department files produced in this litigation are confidential. (Dkt. 47).[2] The notion that nearly *all* documents produced by a public municipality in public litigation in taxpayer-funded federal court concerning police misconduct is troubling. And, such a strong order could only be justified by an exceptionally compelling showing that "good cause" exists for such a broad order. *Cf. Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3rd Cir. 1994) (noting that "factor[s] which a court should consider in conducting the good cause balancing test is whether a party benefitting from the order of confidentiality is a public entity or official," and "whether the case involves issues important to the public," because if a case "involves issues or parties of a public nature, and involves matters of legitimate public concern, that should be a factor weighing against entering or maintaining an order of confidentiality"). However, in entering this exceptionally broad protective order, the Magistrate Judge did not analyze whether there was "good cause" for deeming all documents confidential, as required by Federal Rule of Civil Procedure 26(c) and extensively discussed in Plaintiff's opposition to Defendants' order. *See generally* (Dkt. 45). Problematically, the Magistrate Judge's Protective Order fails to include a provision for challenging the confidentiality designation of documents produced by *any* party.

As a consequence, the Magistrate Judge's order, means that this litigation—which concerns the shooting of an unarmed citizen committing no crime by a Houston Police Department Officer working for a private company—must take place in secret. Any

---

[2] The Magistrate Judge's order appears to exclude the City of Houston's general orders and standard operating procedures from being confidential. *Id.*

documents or police reports about this shooting incident—whether it be in a motion for leave to obtain certain discovery via subpoena, a motion to compel discovery, on any party's motion for summary judgment, in support or opposition to motions *in limine,* or any other motion—will have to be filed under seal, even if the documents themselves contain no personal information. Such practice is contrary to both the public interest and the well-established rules concerning public access to federal courts. *See SEC v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993) (public right to access judicial proceedings); *United States v. Holy Land Foundation For Relief & Development*, 624 F.3d 685 (5th Cir. 2010) ("The principle of public access to judicial records furthers not only the interests of the outside public, but also the integrity of the judicial system itself."); *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 230 (5th Cir. 2008) ("Public confidence [in our judicial system] cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view." (citation omitted)); *Morrow v. City of Renaha*, 2010 WL 3927969, at *4 (E.D. Tx. Oct. 5, 2010) ("Plaintiffs correctly argue that the public has a strong interest in police misconduct and in official corruption and violations of civil rights by public officials."). The Magistrate Judge's ruling, affording such secrecy, is also contrary to the decision by Judge Ellison on this very issue, and which also concerns documents relative police misconduct allegations made against Houston Police Department employees. *See generally Carnaby v. City of Houston,* 2008 WL 4546606 (S.D. Tex. Oct. 10, 2008) (Ellison, J.).

    Plaintiff's proposed protective order, which balances the public interests above with the appropriate (and admitted) need for privacy of certain confidential information is the

better alternative to the broad measure sought by the Defendants and entered by the Court below, over Plaintiff's objection. Accordingly, Plaintiff objects to the Magistrate Judge's entry of the protective order that declares all HPD documents in this case are, effectively, confidential and provides no mechanism for challenging that designation.

## DISCUSSION

A District Court Judge may modify or set aside any part of an order that is clearly erroneous, applies *de novo* review, and "reverses if the magistrate judge errs in her legal conclusions." *Tolan v. Cotton*, 2015 WL 5332171, at * (S.D. Tex. Sept. 14, 2015).

Here, the Magistrate Judge erred by—without opinion—implicitly reaching an opinion that adopts the City of Houston's motion. Because there is no written opinion, and because Plaintiff's brief concerning the protective order issue is lengthy, *see* Dkt. 45, that brief is incorporated here by reference and this brief summarizes the key problems with largely adopting the Defendants proposed protective order.

First, the Defendants' motion was premised on state law, but this suit brought pursuant to federal civil-rights statutes—42 U.S.C. §§ 1981, 1983, 1985—is governed by federal law and the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 1; *id.* at R. 26. *Carnaby* discussed, and rejected, a similar attempt to import Texas Local Government code into this federal proceeding. And, the Defendants' assertion of that code is itself overbroad. *See* Dkt. 44, at 3 n.1.

Second, Rule 26(c), which requires "good cause" for entry of a protective order, and further requires the court to balance the interests at stake for entry of such an order, governs the analysis. However, the exceptionally broad protective order here does not seek, at all, to

4

strike a balance between the public interest and parties privacy concerns, as described in the cases—like *Van Waeyenberghe*, *Holy Land Foundation*, and *High Sulfur Content*—cited above. Likewise, though internal affairs documents are "regularly made public through court proceedings" Carnaby, 2008 WL 4546066, at *3 (citing *Fraire v. City of Arlington*, 957 F.2d 1268, 1272 (5th Cir. 1992), *Zavalla v. City of Houston*, 264 F.3d 1142 (5th Cir. 2001), and *Couglin v. Lee,* 936 F.2d 1152, 1159 (5th Cir. 1991)), the Magistrate Judge entered an order making them completely private. Thus, by failing to balance or consider important public interests, and adopting the Defendants' position of complete secrecy, the Magistrate' Judge's order involves a clear legal error.[3]

Third, well established Fifth Circuit law prohibits reliance upon "stereotyped and conclusory" statements but requires a movant—here, the Defendants—to provide particular and specific demonstrations of fact justifying the protective order they seek. *See In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998); *In re LeBlanc*, Fed. App'x 389, 393 (5th Cir. 2014); *De Santiago-Young v. Histopath, Inc.*, 2015 WL 1542475, at *2 (S.D. Tex. Apr. 1, 2015);

---

[3] The type of protective order here is sometimes called an "umbrella" protective order, because it "designates all discovery as protected, without review or determination of "good cause" by the parties or the court." *In re Enron Corp. Securities Derivative & ERISA Litigation*, 2009 WL 3247432, at *2 (S.D. Tex. Sept. 29, 2009) (Harmon, J.) (citing *Holland v. Summit Autonomous, Inc.*, No. CIV. A. 00–2313, 2001 WL 930879, *3–4 (E.D. La. Aug. 14, 2001), and *Bayer AG and Miles, Inc. v. Barr Laboratories,* 162 F.R.D. 456, 465 (S.D.N.Y.1995)).

Such an "umbrella" protective order seems to be in direct conflict with Rule 26(c), which requires a showing of good cause. Nonetheless, these sorts of protective orders are disfavored, another factor justifying this Court's intervention now. *See, e.g., id.* (calling the "umbrella" protective order "disfavored); *Bayer AG & Miles*, 162 F.R.D. at 465 ("At the other extreme is an 'umbrella' protective order that designates all discovery as protected, without any review or determination of "good cause" by the parties or the court. "Umbrella" protective orders are disfavored."); *United States v. Carriles*, 654 F.Supp. 557, 565 (W.D. Tex. 2009) (denying Government's request for umbrella protective order, and explaining that, despite the Government's contention that the case involved thousands of pages of documents because "umbrella protective orders are disfavored"); *Blanchard & Co. v. Barrick gold Corp.*, 2004 WL 737485, at *5 (E.D. La. Apr. 5, 2004) ("' Umbrella' protective orders are disfavored.").

*Campos v. Webb County*, 288 F.R.D. 134, 136-37 (S.D. Tex. 2012). However, the Defendants failed to meet the "good cause" standard because they have relied upon "stereotyped and conclusory" statements, provided no evidence or affidavits, and sought an exceedingly broad protective order. The Magistrate Judge therefore committed a legal error in adopting the Defendants' protective order over Plaintiff's objection.

Fourth, the conclusory statements relied upon by the Defendants' for showing "good cause" hold little weight. It was legal error for the Magistrate Judge to implicitly endorse the Defendants statements when many of them are either unpersuasive or wrong. For example: there is a strong public interest (both in the courts generally and in this civil-rights case specifically) in this case for not treating *all* documents as confidential, *Carnaby*, 2008 WL 4546606, at *2; the public officials involved have diminished privacy interests while the public interest is strong, *Gutierrez v. Benavides*, 292 F.R.D. 401, 404 (S.D. Tex. 2013); and there is no reason to believe any parties' right to a fair trial will be compromised at this juncture *Morrow*, 2010 WL 3927969, at *4.

Fifth, there is no mechanism in the current protective order for removing a confidentiality designation. This is, unfortunately, by definition because *all* documents (aside from General Orders and Standard Operating Procedures) have been declared confidential. But, because this definition is too broad, it should be narrowed to permit a more fair system of designation.

Finally, because other parties—like Plaintiff and the RPI-related defendants—will likely have confidential or sensitive information (e.g., Jordan Baker's medical information, RPI Group's financial records, etc.), a protective order in this case that applies solely to the

6

Houston Police Department is ill-suited to deal with the other parties in the case. And, any protective order without such a provision allowing judicial intervention (should it be necessary) to account for the prospect of challenged confidentiality designations, is simply unfair and unworkable.

## CONCLUSION

Plaintiff does not object to the designation of material that should truly be kept confidential. However, the protective order entered in this case is simply over-broad and contrary to established Fifth Circuit law. In addition, the protective order entered by the Magistrate Judge does not account for confidential production of documents not held by the City of Houston or Defendant Castro. Accordingly, an alternative protective order—that accounts for the balance of the public interest and the fact that there are multiple parties with private information to disclose—should be entered.

WHEREFORE, Plaintiff respectfully objects to the Magistrate Judge's entry of Defendant City of Houston and Defendant Castro's proposed protective order with slight modifications (Dkt. 47), rather than entering Plaintiff's proposed protective order (Dkt. 45).

                       RESPECTFULLY SUBMITTED,

                       /s/ David B. Owens
                       *One of Plaintiffs' Attorneys*

| | |
|---|---|
| Jon Loevy | Billy Joe Mills |
| Mark Loevy-Reyes | FIRMEQUITY |
| David B. Owens | 858 West Armitage Avenue |
| LOEVY & LOEVY | Suite 101 |
| 312 North May, Suite 100 | Chicago, IL  60614 |
| Chicago, IL 60607 | (847) 207-9064 |
| (312) 243-5900 | |

7

## CERTIFICATE OF SERVICE

I, David B. Owens, an attorney, hereby certify that on May 16, 2016, I filed the foregoing Rule 72 Objections to the Magistrate Judge's Entry of a Protective Order (Dkt. 47) using the Court's CM/ECF system, which effected service on all counsel.

/s/ David B. Owens
*One of Plaintiff's Attorneys*