## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **ESTATE OF JORDAN BAKER,** | § | |
| **by and through administrator,** | § | |
| **JANET BAKER** | § | |
| | § | |
| *Plaintiffs,* | § | **No. 4:15-cv-003495** |
| | § | |
| **vs.** | § | |
| | § | |
| **JUVENTINO CASTRO, THE** | § | |
| **CITY OF HOUSTON, RPI** | § | |
| **MANAGEMENT COMPANY,** | § | |
| **LLC, and RPI INTERESTS I,** | § | |
| **LTD.** | § | |
| | | |
| *Defendants.* | | |

## DEFENDANTS JUVENTINO CASTRO AND THE CITY OF HOUSTON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Juventino Castro ("Castro") and The City of Houston ("Houston"), Defendants in the above styled and numbered lawsuit, file their answer and affirmative defenses to Plaintiff's Second Amended Complaint:

## ANSWER

### Introduction

1.    Defendants admit that Officer Castro shot Jordan Baker ("Decedent") only after Baker charged at Officer Castro while reaching for the waistband of

his jeans, secured by a leather belt.  Defendants admit the shooting caused Baker's death, but deny the remaining allegations in paragraph 1.

2.     Defendants admit that a Harris County jury "no-billed" Officer Castro, finding he committed no crime.  Defendants also admit that Officer Castro is currently employed by the Houston Police Department ("HPD").  Defendants deny the remaining allegations in paragraph 2.

3.     Defendants deny the allegations in paragraph 3.

4.     Defendants admit to the allegation that Plaintiff has brought this action under 42 U.S.C § 1983.  Defendants deny the remaining allegations in paragraph 4.

## Jurisdiction and Venue

5.     Defendants admit that federal jurisdiction is proper in this case but deny that Plaintiff has pleaded a waiver of Defendants' immunity.

6.     Defendants admit to the allegation that the incident made the basis of this claim occurred in Harris County which is in this judicial district.

## Parties

7.     Defendants admit that Janet Baker has alleged the Estate of Jordan Baker represents the property and legal interests of decedent Jordan Baker.

8.     To the extent a response is required, Defendants do not have sufficient information to either admit or deny the allegations in paragraph 8.

9.      Defendants admit that Juventino Castro was a Houston police officer, acting in the course and scope of his employment and under the color of state law, when he shot Decedent.   Defendants also admit that an RPI entity retained the security services of Officer Castro due to a rash of robberies and burglaries occurring in the area of 5700 W. Little York.  Defendants deny the remaining allegations.

10.     Defendants admit the City of Houston is a municipal corporation. Defendants admit the Houston Police Department is one of Houston's twenty-four departments.   Defendants deny the remaining allegations in paragraph 10.

11.     To the extent a response is required, Defendants do not have sufficient knowledge or information to admit or deny the allegations in paragraph 11.

12.     To the extent a response is required, Defendants do not have sufficient knowledge or information to admit or deny the allegations in paragraph 12.

13.     To the extent a response is required, Defendants do not have sufficient knowledge or information to admit or deny which RPI entity hired Officer Castro.  Defendants deny the remaining allegations in paragraph 13.

## Factual Allegations

14.    Defendants admit on January 16, 2014, Officer Castro was a full-time officer assigned to work in the Narcotics Division.   Defendants deny the remaining allegations in paragraph 14.

15.    Defendants admit that Officer Castro was working an extra job on January 16, 2014 and had a permit to work this extra job.  Defendants deny the remaining allegations in paragraph 15.

16.    Defendants admit Officer Castro was hired to work security at the strip mall located at 5700 W. Little York.   The Extra Employment Permit Application states that Officer Castro was hired "[t]o enforce all local, state and federal laws.  Due to the rash of robberies and burglaries occurring in this area, uniform officers are needed for security."  HPD allowed Officer Castro to work this job pursuant to a valid permit.

17.    Defendants admit Officer Castro was wearing his department issued uniform, was wearing his badge, and was armed with his service weapon at the time of the incident on January 16, 2014.   Defendants admit that Officer Castro was acting in his full capacity as an HPD officer when he lawfully detained the Decedent.   To the extent necessary, Defendants deny the remaining allegations in paragraph 17.

18.     Defendants admit that an RPI entity hired Officer Castro on January 13, 2016 to work security for the strip mall at 5700 W. Little York and that Officer Castro was working in that capacity on January 16, 2014.   To the extent necessary, Defendants deny the remaining allegations in paragraph 18.

19.     Defendants admit the strip mall at 5700 W. Little York includes retail stores.

20.     To the extent a response is required, Defendants do not have sufficient knowledge or information to admit or deny the allegations in paragraph 20.

21.     Defendants admit there are businesses in the strip mall at 5700 W. Little York which are places of public accommodation.   To the extent necessary, Defendants deny the remaining allegations in paragraph 21.

22.     Defendants admit Officer Castro's duties with the RPI entities began on January 13, 2014.   Defendants deny Officer Castro was hired for a "permanent" position.   To the extent a response is required, Defendants do not have sufficient knowledge or information to admit or deny the remaining allegations in paragraph 22.

23.     To the extent a response is required, Defendants do not have sufficient knowledge or information to admit or deny the allegations in paragraph 20.

24.     Defendants admit Officer Castro was hired to work security at the strip mall located at 5700 W. Little York.   The Extra Employment Permit

Application states that Officer Castro was hired "[t]o enforce all local, state and federal laws.  Defendants deny the remaining allegations in paragraph 24.

25.    Defendants deny the allegations in paragraph 25.

26.    Defendants admit Baker was seen riding his bike around the shopping mall parking lot near 5700 West Little York.   To the extent any further allegations are asserted or inferred as to Defendants, they are denied.

27.    To the extent a response is required, Defendants do not have sufficient knowledge or information to admit or deny the allegations in paragraph 27.

28.    Defendants admit Baker was wearing a hooded sweatshirt and deny the remaining allegations in paragraph 28.

29.    Defendants deny that Officer Castro knew Baker was unarmed at the time he lawfully detained him, when he evaded detention or when Baker charged at Officer Castro.  The subsequent investigation revealed that Baker was unarmed.

30.    Defendants deny the allegations in paragraph 30.

31.    Defendants admit that if Baker had been shopping at the time of the incident in a place of public accommodation, he would have had the right to do so without being discriminated against on the basis of race, color, religion or national origin.

32.     Defendants deny that Officer Castro confronted Decedent because he "looked suspicious."   Officer Castro lawfully detained Baker because he was exhibiting suspicious behavior in a shopping mall where there had been multiple recent robberies and burglaries at the same time in the evening when he first encountered Baker.

33.     Defendants deny the allegations in paragraph 33.

34.     Defendants deny the allegations in paragraph 34.

35.     Defendants deny the allegations in paragraph 35.

36.     Defendants deny the allegations in paragraph 36.

37.     Defendants deny the allegations in paragraph 37.

38.     Defendants deny the allegations in paragraph 38.

39.     Defendants deny the allegations in paragraph 39.

40.     Defendants deny the allegations in paragraph 40.

41.     Defendants deny the allegations in paragraph 41.

42.     Defendants deny the allegations in paragraph 42.

43.     Defendants deny that Officer Castro knew Baker was unarmed when Baker used force to evade arrest.   Defendants admit Baker was shirtless at some point during this attempt to evade arrest.

44.     Defendants deny the allegations in paragraph 44.

45.     Defendants deny the allegations in paragraph 45.

46.     Defendants admit Baker fled from Officer Castro in an attempt to evade arrest.  Defendants deny that Officer Castro knew the Decedent was unarmed at this time.  Defendants admit that the subsequent investigation revealed that the Decedent was unarmed.

47.     Defendants admit that the altercation between Officer Castro and Baker ended behind the shopping mall because Baker ran toward the alley behind the mall and Office Castro followed him.

48.     Defendants admit that the area behind the shopping mall does include a side area.   To the extent a response is required, Defendants do not have sufficient information or knowledge to admit or deny the remaining allegations in paragraph 48.

49.     Defendants admit that the alley behind the strip mall is lined by a fence. To the extent a response is required, Defendants do not have sufficient information or knowledge to admit or deny the remaining allegations in paragraph 49.

50.     Defendants admit the chase ended when Officer Castro shot Baker in the chest after Baker charged at Officer Castro.  Officer Castro believed Baker was reaching for a weapon when he discharged his weapon.

51.    Defendants admit Officer Castro discharged his weapon after Baker charged at him.   To the extent necessary, defendants deny the remaining allegations in paragraph 51.

52.    Defendants admit that Officer Castro believes he discharged his weapon in the "side portion" of the area behind the shopping mall and not in the alley. To the extent necessary, defendants deny the remaining allegations in paragraph 52.

53.    Defendants deny the allegations in paragraph 53.

54.    Defendants deny the allegations in paragraph 54.

55.    Defendants deny the allegations in paragraph 55.

56.    Defendants admit Baker died if not instantly, then quite shortly after he was shot.  Defendants deny the remaining allegations in paragraph 56.

57.    Defendants do not have sufficient knowledge or information to admit or deny the allegations in paragraph 57.

58.    Defendants deny the allegations in paragraph 58.

59.    Defendants admit that Officer Castro handcuffed Baker.   Defendants deny the remaining allegations in paragraph 59.

60.    Defendants admit the allegations in paragraph 60.

61.    Defendants admit that after the shooting Officer Castro told investigators and authorities that Baker "put his hands close to his waist" causing Officer

Castro to believe Baker was reaching for a weapon and to cause Officer Castro to fear for his life.    To the extent a response is required, Defendants deny the remaining allegations in paragraph 61.

62.    Defendants deny the allegations in paragraph 62.

63.    Defendants deny the allegations in paragraph 63.

64.    Defendants deny the allegations in paragraph 64.

65.    Defendants deny the allegations in paragraph 65.

66.    Defendants deny the allegations in paragraph 66.

67.    Defendants deny the allegations in paragraph 67.

68.    Defendants admit the investigations did not result in any discipline. Defendants deny the remaining allegations in paragraph 68.

69.    Defendants admit Officer Castro has not worked for any RPI entity since January 16, 2014.   To the extent necessary, Defendants deny the remaining allegations in paragraph 69.

70.    Defendants admit Officer Castro was not disciplined or fired by RPI Group.  Defendants deny the remaining allegations contained in paragraph 70.

71.    Defendants deny that Officer Castro was placed on administrative leave. Defendants admit the remaining allegations in paragraph 71.

72.    To the extent a response is required, Defendants do not have sufficient information to admit or deny the allegations in paragraph 72.

73.    Defendants deny that Officer Castro worked for any RPI entity after January 16, 2014.  Defendants admit that Office Castro has applied for extra work permits since January 16, 2014. To the extent necessary, Defendants deny the remaining allegations contained in paragraph 73.

74.    Defendants deny the allegations in paragraph 74.

75.    Defendant Houston admits that during this time period, certain individuals who acted in a manner that caused HPD officers to feel that their life or the lives of others were in danger were shot by HPD officers.  To the extent a response is required, Officer Castro does not have sufficient knowledge or information to admit or deny the allegations contained in paragraph 75.

76.    Defendant Houston denies the allegations in paragraph 76.  To the extent a response is required, Officer Castro does not have sufficient knowledge or information to admit or deny the allegations contained in paragraph 76.

77.    Defendant Houston denies the allegations in paragraph 77.  To the extent a response is required, Officer Castro does not have sufficient knowledge or information to admit or deny the allegations contained in paragraph 77.

78.    Defendant Houston denies the allegations in paragraph 78. To the extent a response is required, Officer Castro does not have sufficient knowledge or information to admit or deny the allegations contained in paragraph 78.

79.    Defendant Houston admits that in 2010 an HPD Officer shot Steven Guidry after he witnessed Guidry disobeying traffic laws, failing to pull over when instructed, witnessed what he believed to be a fight between Guidry and his passenger, witnessed Guidry refusing to exit his car and then reaching inside his jacket and toward his waistband. Defendant Houston admits that in 2012 an HPD Officer shot Ricardo Salazar-Limon after Salazar-Limon was stopped for violating traffic laws and used force to evade arrest, culminating in him reaching for his waistband. To the extent a response is required, Officer Castro does not have sufficient knowledge or information to admit or deny the allegations contained in paragraph 79.

80.    To the extent a response is required, Defendants do not have sufficient knowledge or information to admit or deny the allegations in paragraph 80.

81.    Defendant Houston denies the allegations in paragraph 81. To the extent a response is required, Officer Castro does not have sufficient knowledge or information to admit or deny the allegations contained in paragraph 81.

82.     Defendant Houston admits that since 2008 no intentional discharge of a firearm by an HPD Officer has been found to be unjustified.   Defendant Houston also admits that the Officers involved in the Salazar-Limon and Guidry shootings were not disciplined.   All claims were dismissed in these two cases were dismissed by Courts in the Southern District.   Defendant Houston denies the remaining allegations in paragraph 82.   To the extent a response is required, Officer Castro does not have sufficient knowledge or information to admit or deny the allegations contained in paragraph 82.

83.     Defendants deny the allegations in paragraph 83.

84.     Defendant Houston denies the allegations in paragraph 84.   To the extent a response is required, Officer Castro does not have sufficient knowledge or information to admit or deny the allegations contained in paragraph 84.

85.     Defendant Houston denies the allegations in paragraph 85.   To the extent a response is required, Officer Castro does not have sufficient knowledge or information to admit or deny the allegations contained in paragraph 85.

86.     Defendant Houston denies the allegations in paragraph 86.   To the extent a response is required, Officer Castro does not have sufficient

knowledge or information to admit or deny the allegations contained in paragraph 86.

87.   Defendant Houston denies the allegations in paragraph 87.   To the extent a response is required, Officer Castro does not have sufficient knowledge or information to admit or deny the allegations contained in paragraph 87.

88.   Defendants deny the allegations in paragraph 88.

89.   Defendants deny the allegations in paragraph 89.

90.   Defendant Houston admits it retains data regarding police-involved shootings.   Defendant Houston denies the remaining allegations contained in paragraph 90.   To the extent a response is required, Officer Castro does not have sufficient knowledge or information to admit or deny the allegations contained in paragraph 90.

91.   To the extent a response is required, Defendants do not have sufficient knowledge or information to admit or deny the allegations in paragraph 91.

92.   To the extent a response is required, Defendants do not have sufficient knowledge or information to admit or deny the allegations in paragraph 92.

93.   Defendant Houston denies the allegations in paragraph 93.   To the extent a response is required, Officer Castro does not have sufficient

knowledge or information to admit or deny the allegations contained in paragraph 93.

94.    Defendant Houston denies the allegations in paragraph 94. To the extent a response is required, Officer Castro does not have sufficient knowledge or information to admit or deny the allegations contained in paragraph 94.

95.    Defendant Houston denies the allegations in paragraph 95. To the extent a response is required, Officer Castro does not have sufficient knowledge or information to admit or deny the allegations contained in paragraph 95.

96.    Defendants do not have sufficient knowledge or information to admit or deny the allegations in paragraph 96.

97.    Houston admits that it has stated in its 2014 Annual Traffic Stop Data Analysis Reports that there is no substantial, statistically significant evidence of racial profiling against any race/ethnic group represented in Houston. Houston denies the remaining allegations in paragraph 97.  To the extent a response is required, Officer Castro does not have sufficient knowledge or information to admit or deny the allegations contained in paragraph 97.

98.    Defendant Houston denies the allegations in paragraph 98.  To the extent a response is required, Officer Castro does not have sufficient knowledge or information to admit or deny the allegations contained in paragraph 98.

**Plaintiff's Damages**

99.   Defendants deny the allegations in paragraph 99.

100.   Defendants admit that because of Baker's actions on January 16, 2014, Baker cannot live out his life.   To the extent necessary, Defendants deny the remaining allegations.

101.   To the extent a response is required, Defendants do not have sufficient knowledge or information to admit or deny the allegations in paragraph 101.

102.   To the extent a response is required, Defendants do not have sufficient knowledge or information to admit or deny the allegations in paragraph 102.

**Count I – 42. USC sec. 1983**
**Excessive Deadly Force**

103.   Each of Defendants' responses and denials are incorporated herein.

104.   Defendants deny the allegations in paragraph 104.

105.   Defendants deny the allegation in paragraph 105.

**Count II – 42 USC sec. 1983**
**Unlawful Seizure/Detention**

106.   Each of Defendants' responses and denials are incorporated herein.

107.   Defendants deny the allegations in paragraph 107.

108.   Defendants deny the allegations in paragraph 108.

### Count III – 42 USC sec. 1983
### Equal Protection

109.   Each of Defendants' responses and denials are incorporated herein.

110.   Defendants deny the allegations in paragraph 110.

111.   Defendants deny the allegations in paragraph 111.

112.   Defendants deny the allegations in paragraph 112.

### Count IV – 42 USC sec. 1983
### Failure to Provide Medical Care

113.   Each of Defendants' responses and denials are incorporated herein.

114.   Defendants deny the allegations in paragraph 114.

115.   Defendants deny the allegations in paragraph 115.

### Count V – 42 USC sec. 1983
### Wrongful Death

116.   Each of Defendants' responses and denials are incorporated herein.

117.   Defendants deny the allegations in paragraph 117.

118.   Defendants deny the allegations in paragraph 118.

119.   Defendants deny the allegations in paragraph 119.

120.   Defendants admit that Tex. Civ. Prac. & Rem. Code sec. 71.004(a) allows the following to bring an action for wrongful death: surviving spouse, children, parents, executor or administrator.   To the extent necessary, Defendants deny the remaining allegations of paragraph 120.

## Count VI – 42 USC sec. 1983
## Survival Action

121.   Each of Defendants' responses and denials are incorporated herein.

122.   Defendants deny the allegations in paragraph 122.

123.   Defendants deny the allegations in paragraph 123.

124.   Defendants admit that Texas law allows a decedent's heirs or estate representative to bring a survival action for personal injuries.  To the extent necessary, Defendants deny the remaining allegations of paragraph 124.

## Count VII – 42 USC sec. 1983
## Race Discrimination, Conspiracy to Discriminate on Basis of Race

125.   Each of Defendants' responses and denials are incorporated herein.

126.   Defendants deny the allegations in paragraph 126.

127.   Defendants deny the allegations in paragraph 127.

128.   Defendants deny the allegations in paragraph 128.

129.   Defendants deny the allegations in paragraph 129.

130.   Defendants deny the allegations in paragraph 130.

## Count VIII – 42 USC sec. 1983
## Municipal Liability: Monell

131.   Each of Defendants' responses and denials are incorporated herein.

132.   Defendant Houston denies the allegations in paragraph 132 (a – c).  To the extent a response is required, Officer Castro does not have sufficient

knowledge or information to admit or deny the allegations contained in paragraph 132 (a-c).

133.  Defendants deny the allegations in paragraph 133.

## Count IX – State Law Claim
### Respondeat Superior, RPI Group

134.  Each of Defendants' responses and denials are incorporated herein.

135.  Defendant Houston admits Officer Castro was a Houston Police officer, acting in the course and scope of him employment from the moment he attempted to lawfully detain Baker on January 16, 2014.  To the extent a response is required, Defendants do not have sufficient information or knowledge to admit or deny the remaining allegations in paragraph 135.

136.  Defendants do not have sufficient knowledge or information to admit or deny the allegations contained in paragraph 136.

## Count X – Local Law Claim
### Indemnification

137.  Each of Defendants' responses and denials are incorporated herein.

138.  Defendants admit that payments made subject to section 2-304 of Houston's Code of Ordinances are limited to $100,000 for one person for any single occurrence of personal injury or death.  To the extent necessary, Defendants deny the remaining allegations in paragraph 138.

139.   Defendants admit that Juventino Castro was acting in the course and scope of his employment with the Houston Police Department when he shot the Decedent.  Defendants deny the remaining allegations in paragraph 139.

## DEFENDANTS' AFFIRMATIVE DEFENSES

140.   Without waiving the foregoing, Defendants make the following specific denials, affirmative defenses, and defenses:

## FIRST DEFENSE

141.   Plaintiff has failed to state a claim against Defendants upon which relief may be granted under the Constitution and laws of the United States or the State of Texas.

## SECOND DEFENSE

142.   Officer Castro, at all times relevant hereto, acted in good faith in the discharge of his duties and his actions were objectively, legally reasonable, and did not violate any clearly established constitutional right of Baker at the time of the incident.  Officer Castro is therefore entitled to qualified immunity and hereby affirmatively asserts qualified immunity as a complete defense to Plaintiff's claims against him. *Graham v. Connor*, 490 U.S. 386, 396-97, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); *Gutierrez v. City of San Antonio*, 139 F.3d 441, 447 (5th Cir.1998).

## THIRD DEFENSE

143.   Defendants invoke official, governmental, and/or qualified immunity from Plaintiff's claims.

## FOURTH DEFENSE

144.   Defendants specifically and affirmatively plead and claim all of the exemptions and exceptions from, and limitations on, suit and liability provided by the Texas Tort Claims Act, §101.001, *et seq.,* Texas Civil Practice and Remedies Code, specifically including but not limited to Sections 101.106, 101.021 and 101.057.

## FIFTH DEFENSE

145.   The incident made the basis of this lawsuit, and the resulting damages, if any, to Plaintiff was not caused by any act of negligence either of omission or commission on the part of Defendants, but rather, such injuries and damages alleged by Plaintiff were directly and proximately caused by the negligence and intentional acts and omissions of Baker.

## SIXTH DEFENSE

146.   Defendant City of Houston, would show the Court that the City is a municipal corporation, functioning as such under a Special Charter granted it by the Legislature of the State of Texas, as well as by Article XI, Section 5, (the "Home Rule Amendment") of the Constitution of the State of Texas, and the

various laws of the State of Texas germane thereto; thus, as such, by the doctrine of governmental immunity, it is not obligated by law to respond in damages for its acts and/or omissions nor for those of its agents, servants, and/or employees, incident to, resulting from, or arising or developing out of its governmental functions nor may Plaintiff's claim benefit of any waiver of such immunity.

## SEVENTH DEFENSE

147.   Officer Castro specifically and affirmatively pleads and claims all of the exemptions and exceptions from, and limitations on, liability by official immunity, and governmental immunity.

## EIGHTH DEFENSE

148.   Defendants affirmatively allege that Officer Castro's acts or omissions with regard to Baker and this incident were discretionary and thus, Defendants are not liable to Plaintiff.

## NINTH DEFENSE

149.   Officer Castro alleges that he is entitled to derivative immunity.  Officer Castro asserts that he is entitled to the official and governmental immunities and other immunities derivative and otherwise afforded to Defendant City of Houston.

## TENTH DEFENSE

150. Defendants allege that Baker's actions were the sole proximate cause of the injuries alleged.

## ELEVENTH DEFENSE

151. Defendant City of Houston alleges the lack of any custom, practice, policy or procedure which served as the moving force behind any alleged violation, damages or cause of action.

## TWELFTH DEFENSE

152. Defendants allege that Baker was contributorily negligent or assumed the risk for this incident.

## THIRTEENTH DEFENSE

153. Defendants allege that the force used in the incident was justified.

## FOURTEENTH DEFENSE

154. Defendants allege that Baker failed to obey a police officer's commands.

## FIFTEENTH DEFENSE

155. Defendants allege that Baker engaged in criminal activity, including but not limited to, evading arrest and assault on a police officer.

## SIXTEENTH DEFENSE

156. Defendants further allege that there was no intentional violation of any policy, practice or procedure by Officer Castro.

## SEVENTEENTH DEFENSE

157.  All of the acts of Defendants were privileged and justified by law in every respect.

## EIGHTEENTH DEFENSE

158.  Defendants allege self-defense and that Officer Castro's actions were reasonable as a matter of law.

## NINETEENTH DEFENSE

159.  Defendants are not liable under Chapter 71 of the Texas Practice and Remedies Code as the actions of Officer Castro did not involve any wrongful act, neglect, carelessness, unskillfulness, or default.

## TWENTIETH DEFENSE

160.  Plaintiff failed to meet the substantive requirements necessary to perfect a cause of action against Defendant City of Houston, in that Plaintiff failed to give the Mayor and City Council proper notice of the alleged occurrence as required by Article IX, Section 11, of the Charter of the City of Houston, Texas.   Since strict compliance with the Charter notice provision is a mandatory prerequisite, substantive in nature, to the establishment of liability against the City of Houston, and since Plaintiff failed to properly comply with the Charter notice requirements, in that no verified notice was filed within ninety days of the incident, Plaintiff failed to state or preserve any cause of

action against Defendant City of Houston and therefore Defendant City of Houston is not liable to Plaintiff.

## TWENTY-FIRST DEFENSE

161.   Defendants deny that their actions were committed with malice, or reckless or callous indifference to Decedent Baker's constitutional rights, and therefore deny that Plaintiff is entitled to punitive damages.

## TWENTY-SECOND DEFENSE

162.   Defendants allege that at the time and on the occasion in question, Officer Castro was operating within the course and scope of his employment and following policy acted in good faith, with probable cause and as a reasonable and prudent police officer under the circumstances presented.  Any and all actions taken by these Defendants with regard to Baker were lawfully made in furtherance of effecting lawful police action.

## TWENTY-THIRD DEFENSE

163.   With respect to the pendent state claims asserted against Defendants, if any, Plaintiff is not entitled to any relief against Defendants under the doctrine of governmental and official immunity.

## TWENTY-FOURTH DEFENSE

164.   Defendants request that to the extent that Plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value

or a loss of inheritance, that the evidence to prove such loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability.   Defendants further request that the Court instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal income taxes.

## TWENTY-FIFTH DEFENSE

165.   Defendants reserve the right to raise any additional defenses that become apparent through the factual and legal development of this case.

## <u>JURY DEMAND</u>

166.   Defendants assert their rights under the Seventh Amendment to the United States Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

WHEREFORE, Defendants, Juventino Castro and the City of Houston, pray that upon final hearing, Plaintiff takes nothing from said Defendants by reason of this action; that Defendants recover their costs; and that Defendants have such other relief to which they may be justly entitled.

Respectfully submitted,

RONALD C. LEWIS
City Attorney

JUDITH L. RAMSEY
Chief, General Litigation Section

By: */s/ Darah Eckert*
    Darah Eckert
    Senior Assistant City Attorney
    Fed. ID No.: 1890045
    Attorney-in-Charge
    Collyn A. Peddie
    Senior Assistant City Attorney
    State Bar No.: 15707300
    Annie Teehan
    Senior Assistant City Attorney
    State Bar No.:  19759300
    Federal ID No.: 22292
    CITY OF HOUSTON LEGAL DEPARTMENT
    900 Bagby, 4th Floor
    Houston, Texas 77002
    Telephone:  713.393.6438
    Facsimile:   832.393.6259
    darah.eckert@houstontx.gov
    collyn.peddie@houstontx.gov
    nirja.aiyer@houstontx.gov

***Attorneys for Defendants***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 17, 2016, I served the following attorneys with a true and correct copy of the foregoing document in accordance with Rule 5(b)(3) of the *Federal Rules of Civil Procedure* via the court's electronic filing / service system.

Jon Loevy
Mark Loevy-Reyes
David B. Owens
LOEVY & LOEVY
312 North May Street, Suite 100
Chicago, IL 60607
312.243.5900 - Telephone

Billy Joe Mills
FIRMEQUITY
858 West Armitage Avenue
Suite 101
Chicago, IL 60614
847.207.9064 - Telephone

*Attorneys for Plaintiff*
*Estate of Jordan Baker, by and through Administrator, Janet Baker*

Randy L. Fairless
Kelley J. Friedman
Johanson & Fairless, L.L.P.
1456 First Colony Boulevard
Sugar Land, Texas 77479
281.313.5000 – Telephone

*Attorneys for Defendant, RPI Management Company, LLC*

<u>s/    Darah Eckert</u>
Darah Eckert