IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ESTATE OF JORDAN BAKER, by and through administrator, JANET BAKER, | ) ) ) | No. 4:15-cv-3495 |
| Plaintiff, | ) ) | |
| v. | ) ) | Judge Sim Lake |
| JUVENTINO CASTRO, THE CITY OF HOUSTON, RPI MANAGEMENT COMPANY, LLC, and RPI INTERESTS I, LTD, | ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

**PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION TO THE CITY OF HOUSTON**

Plaintiff JANET BAKER, by her undersigned attorneys, propounds the following Requests for Production under Rule 34 of the Federal Rules of Civil Procedure on Defendant City of Houston, to be completed within thirty days after service hereof.

**DEFINITIONS & INSTRUCTIONS**

Plaintiff hereby expressly incorporates the definitions and instructions contained in Plaintiff's First Set of Interrogatories to the City of Houston, as well as any additional definitions and instructions contained in any of his prior discovery requests, if any.

**REQUESTS FOR PRODUCTION**

1.     All Documents that relate to, support, or rebut any of the allegations or claims in Plaintiff's Complaint.

2.     All Documents relating to or supporting the Defendants' affirmative defenses and answers to Plaintiff's Complaint, including all Documents upon which Defendant may rely at trial.

3.     All Documents that support or relate to any of the Defendants' responses to any of Plaintiff's Interrogatories or Requests to Admit in this case.

4.     All Documents or Communications relating to any review or investigation conducted by the City of Houston or the Department, including any internal affairs or professional standards unit or any other unit, division or agency of the Department or the City of Houston, concerning the

**Exhibit C**

shooting of Jordan Baker, the Jordan Baker shooting investigation, or any of the events described in Plaintiff's Complaint.

5. All Documents relating to Jordan Baker, including but not limited to any photographs taken of Jordan Baker, and any medical records relating to Jordan Baker, whether such Documents are in the Defendants' possession or are obtained via third-party subpoena.

6. All Documents containing, constituting, or memorializing Communications referring or relating to Jordan Baker, the Jordan Baker shooting investigation, or any other event or occurrence described in Plaintiff's Complaint. This Request includes, but is not limited to (a) all Communications to or from the Individual Defendant; (b) all Communications between any members, agents or employees of the City of Houston or the Department (including the Individual Defendant) and Plaintiff or any of her family members; (c) all Communications between or among the Individual Defendant and other members, agents or employees of the City of Houston or the Department; (d) all Communications between or among the members, agents or employees of the City of Houston or the Department, including any internal affairs or professional standards unit; (e) all Communications between any of the Defendants and any third-party, including other law enforcement agencies; (f) all Communications with the Harris County District Attorney's Office; (g) all Communications with any witnesses to any of the events or circumstances related to the shooting of Jordan Baker or described in Plaintiff's Complaint; (h) all communications with any other Defendants, including Individual Defendant, RPI Management Company, or RPI Interests I, LTD.

7. All Documents, including all Communications, between any employee of the City of Houston or the Department and any news media on the subject of Jordan Baker, the Baker shooting investigation, or any other event described in Plaintiff's Complaint, including but not limited to all video-recorded interviews, audio-recorded interviews, emails, articles, or written correspondence.

8. To the extent not produced in response to any other request herein, all electronic mail sent to or received by the Individual Defendant or any other employee of the City of Houston or the Department on the subject of Plaintiff, the Baker shooting investigation, or any other event described in Plaintiff's Complaint.

9. All Documents relating to any Communication between any of the Defendants (including their counsel, agents, representatives, or any Person working on their behalf) and any Person who may have discoverable information or knowledge of the allegations or claims in Plaintiff's Complaint or the Defendants' defenses to Plaintiff's Complaint, including but not limited to any witness disclosed by any of the parties under Rule 26 or in response to Interrogatories.

10. All physical evidence relating to any of the allegations in Plaintiff's Complaint or the Defendant's defenses to Plaintiff's Complaint, including but not limited to any physical evidence collected from Plaintiff or Individual Defendant.

11. All Documents that constitute records, logs, or inventories of physical evidence relating to any of the allegations in Plaintiff's Complaint or the Defendant's defenses to Plaintiff's Complaint, including but not limited to records, logs, or inventories of any physical evidence collected from Plaintiff or collected from the scene of the events giving rise to Plaintiff's Complaint.

12. All Documents relating to any forensic testing or analysis or crime laboratory analysis or testing relating to Plaintiff, the events described in Plaintiff's Complaint, or the Baker shooting investigation. This request should be construed to include test results, records of forensic testing, physical evidence, documentary evidence, notes, reports, photographs, videos, enhanced videos, field sketches, inventories, correspondence, and Communications sent to or from such laboratories relating to the Baker shooting investigation.

13. All Documents, including official and unofficial reports, memoranda, and other Documents maintained by the Houston Police Department relating to the shooting of Jordan Baker, the Baker shooting investigation or the events described in Plaintiff's Complaint.

14. All Documents, including statements, reports, personal notes, or personal files of any employee of the City of Houston, that summarize, reflect, or describe any of the activities undertaken during the Baker shooting investigation that are not included in the official files of the Department produced in response to Plaintiff's other Requests for Production.

15. Any witness statements relating to any of the events described in Plaintiff's Complaint.

16. All Documents that Defendants intend to use or rely upon in this litigation relating to any arrests or convictions of any witnesses with information about the events described in Plaintiff's Complaint.

17. All Documents or other evidence favorable to Plaintiff that would tend to show that the use of deadly force against Jordan Baker was not justified, including any evidence that would tend to undermine the credibility of any witnesses favorable to Defendants, including the Individual Defendant and the other police officers that responded to the incident that resulted in the shooting of Jordan Baker.

18. All transcripts, video recordings, audio recordings, radio recordings or transmissions, 911 emergency recordings or transmissions, 311 recordings or transmissions, or other audio or visual documentation, including Documents memorializing the same, depicting or relating to the events described in Plaintiff's Complaint.

19. To the extent not provided in response to the Request above, all video recordings, audio recordings, photographs, or other audio or visual documentation (including any enhanced version of any such recording), of any activities taking place between January 9-16, 2014 at or about 5700 W. Little York, Houston, TX. This request specifically includes all video, audio, and photographs taken by any body camera, police car dashboard camera, street camera, red light camera, RPI Interests, RPI Management, any business located at or about that location, or any other camera, audio recording device, or video recording device used by or in the possession of the Houston Police Department or City of Houston.

20. All Documents, including those created by a global positioning system or other similar device, relating to the location on January 16, 2014, of any Department vehicle driven by any officers present at or within 5 miles of any of the events described in Plaintiff's Complaint.

21. All Documents, including print-outs and logs, from the terminals of any police cars that were at the scene of any of the events described in Plaintiff's Complaint.

22. All timesheets or any other timekeeping Document reflecting the hours worked on January 16, 2014 by each employee of the Houston Police Department involved in the events described in Plaintiff's Complaint.

23. Documents sufficient to show the location, movements, and assignments of the Individual Defendant on January 16, 2014, such as, for example, any attendance and/or assignment records, police reports, arrest lists, ticket books, log sheets, etc.

24. All Documents relating to Jordan Baker's whereabouts on January 16, 2014.

25. Documents sufficient to show all cell phone numbers and providers used by the Individual Defendant, each of the officers responding to the scene of the incident that resulted in Baker's shooting, and each of their immediate supervisors, between January 11-16, 2014. This request specifically includes both work-issued and personal cell phone numbers and providers.

26. All Documents that support the contention in this litigation that the Individual Defendant's use of force against Jordan Baker on on January 16, 2014 was reasonable.

27. All Documents relating to any review or investigation conducted by the City of Houston or the Department, including any internal affairs or professional standards unit or any other unit, division or agency of the Department or the City of Houston, concerning instances in which police officers shot civilians between 2005 and the present day. This request includes, but is not limited to, all documents from any investigation or review that relates to: (1) the shooting of any unarmed civilian by any member of the Houston Police Department; (2) the shooting of any civilian by any member of the Houston Police Department in which any officer claims that the justification for the shooting was the civilian reaching for a waistband; (3) any shooting by any Houston Police officer in which the contact between the officer and the civilian was initiated by the police officer under the rationale that the civilian appeared suspicious

28. All documents that relate to any training provided to any Houston police officer from 2009-2016 related to the use of deadly force including but not limited to training that indicated that the use of deadly force is justified when a person reaches for a waistband.

29. All documents that relate to any training provided to the Individual Defendant related to the use of deadly force including but not limited to training that indicated that the use of deadly force is justified when a person reaches for a waistband.

30. All Documents relating to any review or investigation conducted by the City of Houston or the Department, including any internal affairs or professional standards unit or any other unit, division or agency of the Department or the City of Houston, concerning any alleged unjustified use of force between 2005 and the present day.

31. All documents that relate to any training provided to any Houston police officer since 2008 that relates to identifying characteristics to determine if a civilian appears suspicious for

purposes of initiating police action. This request includes but is not limited to any training that relates to how a civilian's race or ethnicity is used in any such determination.

32. All documents that relate to any training provided to the Individual Defendant that relates to identifying characteristics to determine if a civilian appears suspicious for purposes of initiating police action. This request includes but is not limited to any training that relates to how a civilians race or ethnicity is used in any such determination.

33. All documents that show the race of any complainant from 2009-2015 relating to complaints of unlawful detention, unlawful stop, unlawful questioning, or unlawful "Terry stop."

34. All Documents and Communications relating to every Complaint against the Individual Defendant alleging any kind of misconduct committed within the scope of his employment with the City of Houston. This request includes but is not limited to all Documents related to civil or criminal suits in which the Individual Defendant was named as having committed any misconduct, Complaints of any kind (internal, civilian, etc.), and all Documents and Communications relating to any review or investigation conducted by the City of Houston or the Department, including any internal affairs or professional standards unit or any other unit, division or agency of the Department or the City of Houston, concerning the alleged misconduct of the Individual Defendant. This request seeks all such Documents without temporal limitation.

35. All files maintained by the City of Houston or the Department relating to the Individual Defendant, including but not limited to the complete personnel file, personnel files from prior employers, employment evaluations, performance reviews, complaint history, disciplinary history, general history printout, training records, and any internal affairs or professional standards unit files. This request seeks all such Documents without temporal limitation.

36. To the extent not already produced, all files maintained by the City of Houston or the Department relating to previous instances in which the Individual Defendant shot at a civilian during the course of his employment with the City of Houston. This request seeks all such Documents without temporal limitation.

37. All Documents relating to any arrest, detention, or prosecution of the Individual Defendant, including criminal history reports, arrest reports, general offense reports, criminal complaints, booking photographs, witness statements, investigations, and all other Documents. This request seeks all such Documents without temporal limitation.

38. All Documents relating to any behavioral or psychological issues concerning the Individual Defendant. This request includes but is not limited to any psychological testing or screening of any kind performed before the Individual Defendant was hired by the City of Houston, or during his employment with the City of Houston. This request seeks all such Documents without temporal limitation.

39. All Documents that support the contention that Defendant Castro suffered injuries during his interaction with Jordan Baker on January 16, 2014.

40. All Documents comprising a policy or procedure of the City of Houston or the

Department since 2008 on any of the following subjects:

a) the use of force by police officers, including the use of force against civilians fleeing from the police;
b) use of police weapons, including handguns, against civilians;
c) investigation and review of police shootings of civilians, including taking officer and witness statements about such shootings;
d) discipline of police officers or employees of the Houston Police Department and disciplinary proceedings against police officers or employees of the Houston Police Department
e) reporting requirements of police officers who observe or believe that another police officer has violated a General Order, Department policy, or state or federal law in the performance of his or her law enforcement duties;
f) testifying in criminal or civil cases;
g) documenting or memorializing the various developments in an investigation in such a way that they would become part of the official file as the investigation proceeded;
h) conducting, documenting, or memorializing interrogations, interviews, or questioning of suspects and witnesses;
i) retaining, destroying, writing, filing, and storing police reports in the course of an investigation;
j) retaining, destroying, writing, filing, and storing notes taken in the course of an investigation;
k) communication between officers after a police shooting;
l) using race or ethnicity as a determination to stop, detain, question, or determine reasonable suspicion to stop a civilian;
m) performing police functions while engaged in employment through the "Extra Employment System" or other program by the HPD that authorizes employment outside of the HPD; and
n) video-recording or audio-recording interrogations, interviews, or questioning of suspects or witnesses.

41. All Documents identifying any policymaker who was responsible for or had final policymaking authority for any policy or procedure of the City of Houston or the Department since 2008 on any of the subjects identified in Request 40 above, as well as all Documents relating to any effort of those policymaker(s) to review, investigate, analyze, uncover, prevent, or determine the prevalence of any misconduct, deficiency, shortcoming, or other problem relating to any such policy or procedure.

42. All Documents relating to any change made to any policy or procedure of the City of Houston or the Department since 2008, on any of the subjects identified in Requests 40 and 41 above.

43. All Documents reflecting any training provided to the Individual Defendant in connection with their employment, including but not limited to training on any of the following subjects:

a) the use of force by police officers, including the use of force against civilians fleeing from the police;
b) use of police weapons, including handguns, against civilians;
c) investigation and review of police shootings of civilians, including taking officer and witness statements about such shootings;
d) discipline of police officers or employees of the Houston Police Department and disciplinary proceedings against police officers or employees of the Houston Police Department

e) reporting requirements of police officers who observe or believe that another police officer has violated a General Order, Department policy, or state or federal law in the performance of his or her law enforcement duties;
f) testifying in criminal or civil cases;
g) documenting or memorializing the various developments in an investigation in such a way that they would become part of the official file as the investigation proceeded;
h) conducting, documenting, or memorializing interrogations, interviews, or questioning of suspects and witnesses;
i) retaining, destroying, writing, filing, and storing police reports in the course of an investigation;
o) retaining, destroying, writing, filing, and storing notes taken in the course of an investigation;
p) using race or ethnicity as a determination to stop, detain, question, or determine reasonable suspicion to stop a civilian;
q) performing police functions while engaged in employment through the "Extra Employment System" or other program by the HPD that authorizes employment outside of the HPD;  and
j) video-recording or audio-recording interrogations, interviews, or questioning of suspects or witnesses.

44. All training materials provided to the Defendants by the City of Houston or the Department since 2008, including but not limited to training materials on any of the following subjects:

a) the use of force by police officers, including the use of force against civilians fleeing from the police;
b) use of police weapons, including handguns, against civilians;
c) investigation and review of police shootings of civilians, including taking officer and witness statements about such shootings;
d) discipline of police officers or employees of the Houston Police Department and disciplinary proceedings against police officers or employees of the Houston Police Department
e) reporting requirements of police officers who observe or believe that another police officer has violated a General Order, Department policy, or state or federal law in the performance of his or her law enforcement duties;
f) testifying in criminal or civil cases;
g) documenting or memorializing the various developments in an investigation in such a way that they would become part of the official file as the investigation proceeded;
h) conducting, documenting, or memorializing interrogations, interviews, or questioning of suspects and witnesses;
i) retaining, destroying, writing, filing, and storing police reports in the course of an investigation;
j) retaining, destroying, writing, filing, and storing notes taken in the course of an investigation;
k) using race or ethnicity as a determination to stop, detain, question, or determine reasonable suspicion to stop a civilian;
l) performing police functions while engaged in employment through the "Extra Employment System" or other program by the HPD that authorizes employment outside of the HPD;  and
m) video-recording or audio-recording interrogations, interviews, or questioning of suspects or witnesses.

45. Any Documents that support a claim that any Defendant acted inconsistently with any of the policies or practices of the City of Houston or the Department (formal or informal, written or unwritten) at any time during any event or circumstance described in Plaintiff's

Complaint.

46. Any insurance policies, contracts, or indemnification agreements that could or might provide coverage for any of the Defendants for any of the events described in Plaintiff's Complaint.

47. All Documents obtained via third-party subpoena in this litigation, including but not limited to employment records, medical records, prison/jail records, or any other records.

48. All Documents relating to any Rule 26 expert witnesses retained by Defendants in this lawsuit, including but not limited to: (a) all Communications to and from said experts; (b) all Documents provided to and relied upon by said experts; and (c) any transcripts of prior testimony or Rule 26 reports of said experts. As with all discovery requests, this request is subject to ongoing supplementation as such information becomes available.

49. Any and all "demonstrative" aids or exhibits that may be used at trial in this case. As with all discovery requests, this request is subject to ongoing supplementation as such information becomes available.

50. All documents that relate to any and all criminal convictions of any party or witness with knowledge relating to any of the claims or defenses in this action.

RESPECTFULLY SUBMITTED,

**JANET BAKER**

BY:   /s/ David B. Owens
      One of Plaintiff's Attorneys

*Attorneys for Janet Baker*
Arthur Loevy
Jon Loevy
David B. Owens
Mark Loevy-Reyes
LOEVY & LOEVY
312 N. May St., Ste. 100
Chicago, IL 60607
(312) 243-5900

Billy Joe Mills
FIRMEQUITY
858 West Armitage Avenue
Suite 101
Chicago, IL  60614
(847) 207-9064

## CERTIFICATE OF SERVICE

  I, David B. Owens, an attorney, hereby certify that on August 11, 2016, I served the foregoing Plaintiff's First Set of Requests for Production to the City of Houston on all counsel of record listed below via electronic mail and U.S. mail.

                /s/David B. Owens
                *One of Plaintiff's Attorneys*