IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ESTATE OF JORDAN BAKER, by and through administrator, JANET BAKER, | ) ) ) ) | No. 4:15-cv-3495 Jury |
| Plaintiff, | ) ) ) | Hon. Judge Sim Lake |
| v. | ) ) | |
| JUVENTINO CASTRO, *et al.* | ) ) | |
| Defendants. | ) | |

**EXHIBIT 4**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ESTATE OF JORDAN BAKER, by and through administrator, JANET BAKER § § § *Plaintiff,* § § vs. § § JUVENTINO CASTRO, THE CITY OF HOUSTON, AND RPI MANAGEMENT COMPANY, LLC, § § § § *Defendants.* § | No. 4:15-cv-003495 |

**HOUSTON AND JUVENTINO CASTRO'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FINAL SET OF REQUESTS FOR ADMISSIONS**

TO:   Plaintiff Janet Baker, by and through her designed attorneys of record Jon Loevy, Mark Loevy-Reyes, Arthur Loevy, David B. Owens, LOEVY & LOEVY, 312 North May Street, Suite 100, Chicago, IL 60607

Pursuant to Federal Rules of Civil Procedure, and the Defendant City of Houston and Juventino Castro submits these their Objections and Responses to Plaintiff's Final Set of Requests for Admissions.

Respectfully submitted,

RONALD C. LEWIS
City Attorney

DONALD J. FLEMING
Section Chief, Labor, Employment, & Civil Rights

By: /s/ Camela J. Sandmann
    CAMELA J. SANDMANN
    Senior Assistant City Attorney
    ATTORNEY IN CHARGE
    SBN: 24077378
    FBN: 2868369
    Camela.Sandmann@houstontx.gov
    Telephone:  832.393.6472

1

/s/ Jennifer F. Callan
JENNIFER F. CALLAN
Senior Assistant City Attorney
SBN:      00793715
FBN:      22721
Jennifer.Callan@houstontx.gov
Telephone: 832.393.6286

CITY OF HOUSTON LEGAL DEPARTMENT
P.O. BOX 368
Houston, TX  77001-0368
Fax:  832.393.6259

**ATTORNEY FOR DEFENDANTS CITY OF HOUSTON AND JUVENTINO CASTRO**

**CERTIFICATE OF SERVICE**

I do hereby certify that on the 14th day of **November**, **2017** a true and correct copy of the foregoing instrument was served to the following attorney(s) of record in accordance with Rule 5 of the Federal Rules of Civil Procedure.

| | |
|---|---|
| Jon Loevy<br>Mark Loevy-Reyes<br>Arthur Loevy<br>David B. Owens<br>LOEVY & LOEVY<br>312 North May Street, Suite 100<br>Chicago, IL 60607<br>312.243.5900 - Telephone<br><br>*Attorneys for Plaintiff*<br>*Estate of Jordan Baker, by and*<br>*through Administrator,*<br>*Janet Baker* | Randy L. Fairless<br>Kelley J. Friedman<br>Johanson & Fairless, L.L.P.<br>1456 First Colony Blvd.<br>Sugar Land, Texas 77479<br>281.313.5000 -  Telephone<br><br>*Attorneys for Defendant, RPI Management Company, LLC* |

Billy Joe Mills
FIRMEQUITY
858 West Armitage Avenue, Suite 101
Chicago, IL 60614
8 47.207.9064 - Telephone

*Attorneys for Plaintiff*
*Estate of Jordan Baker, by and*
*through Administrator,*
*Janet Baker*

                                                     /s/  *Camela J. Sandmann*
                                                     Camela J. Sandmann

**OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS**

Defendants City of Houston and Juvenito Castro object to Plaintiff's definitions and instructions as follows:

DEFINITIONS:

"Individual Defendant" Houston objects that this definition is overly broad. Houston also objects that this definition seeks to invade the attorney-client and attorney work product privileges. Houston also objects that this definition is vague to the extent it includes "as-yet" unknown Houston Police Officers."

"The City of Houston" Houston objects that this definition is overly broad as the City employs over 22,000 individuals. Houston also objects that this definition seeks to invade the attorney-client and attorney work product privileges.

"Department" or "HPD" Houston objects that these definitions seek to invade the attorney-client and attorney work product privileges.

"Complaint" Houston objects that this definition seeks to invade the attorney-client and attorney work product privileges.

"Identify" Houston objects that this definition is overly broad and calls for a narrative response.

"Relate," "relating to," or "regarding" Houston objects that these definitions are overly broad.

INSTRUCTIONS:

Instruction 10.

Houston objects that this instruction means that any or all requests subject to such instruction violate the Federal Rules of Civil Procedure because they seek electronically stored information without first conferring for purposes of the discovery plan in this case or otherwise discussing the parties' views and proposals on any issues about disclosure or discovery of electronically stored information (including the form or forms in which it should be produced). Houston objects that the instructions renders any or all requests subject to such instruction overly broad and unduly burdensome to the extent they seek electronically stored information from sources that are not reasonably accessible because of undue burden or cost. Houston objects that the instruction means that any or all requests subject to such instruction seeks information that is not reasonably available at this time to the extent that Houston has not yet had the opportunity to determine if such instruction seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost. Houston objects that the instruction means that any or all requests subject to such instruction seek information that is not reasonably available at this time because discovery is still ongoing and Houston has not yet had the opportunity to fully develop facts supporting its defense(s) or otherwise sufficient to respond to such requests. Houston objects that

4

the instruction render(s) any or all requests subject to such instruction(s) overly broad and unduly burdensome to the extent they seek electronically stored information in a form or forms in which it is not ordinarily maintained or in a not reasonably useable form or forms for Houston.

Subject to and without waiving the foregoing objections, Defendants City of Houston and Juvenito Castro respond as follows:

1. Defendant Castro initially stopped Jordan Baker, at least in part, on account of his race.

**RESPONSE**: Objection.  Defendants Houston and Castro ("Defendants") object to "at least in part" as being vague, overly broad and lacking specificity.  Subject to and without waiving the foregoing objection, Defendants answer as follows: Deny that Castro's attempt to stop Jordan Baker on the night in question was on account of his race.

2. Defendant Castro would not have treated Jordan Baker as a suspect if he were not an African-American male.

**RESPONSE**: Deny that Castro treated Jordan Baker as a suspect due to his race on the night in question.

3. Defendant Castro made initial contact with Jordan Baker, at least in part, on account of his race.

**RESPONSE**: Objection.  Defendants object to "at least in part" as being vague, overly broad and lacking specificity.  Defendants also object that this request is duplicative of Request #1.  Subject to and without waiving the foregoing objections, Defendants answer as follows: Deny that Castro's initial contact with Jordan Baker on the night in question was on account of his race.

4. Defendant Castro would have not initially interacted with Jordan Baker if he were not an African-American male.

**RESPONSE**: Objection.  This request is confusing due to the double negatives.  To the extent that this request is seeking a response regarding the allegation of racial profiling, Defendants object that said request is duplicative of Requests #1 and 3. Subject to and without waiving the foregoing objection, Defendants answer as follows: Deny that Castro's attempt to stop and/or contact with Jordan Baker on the night in question was on account of his race.

5. Defendant Castro shot and killed Jordan Baker without legal justification.

**RESPONSE**: Objection.  This request calls for a legal conclusion.  Subject to and without waiving the foregoing objection, Defendants answer as follows: Admit that Castro shot Jordan Baker on the night in question and that Jordan Baker died as a result of the gunshot wound.  Deny that Castro's actions towards and/or regarding Jordan Baker on the night in question were done without legal justification.

5

6. The only person Defendant Castro stopped, or attempted to stop, on January 16, 2014, was African-American.

**RESPONSE**: Admit that Jordan Baker was the only person Castro stopped and/or attempted to stop on the night in question.

7. Defendant Castro did not stop any other individual who entered the 5700 W. Little York strip mall who was riding a bicycle.

**RESPONSE**: Admit that Jordan Baker was the only individual observed by Castro to be riding a bike on the property located at 5700 West Little York on the night in question.

8. Defendant Castro caused Jordan Baker to fall off of his bicycle.

**RESPONSE**: Deny**.**

9. When Defendant Castro shot Jordan Baker, Jordan Baker was not on the grass near the bayou.

**RESPONSE**: Objection. Defendants object to "on the grass near the bayou" as being overly broad and vague as to time. Subject to and without waiving the foregoing objection, Defendants answer as follows: Admit that Castro shot Jordan Baker in the alley behind Little Caesars on the property in question and that this alley is at or near a bayou that has grassy areas. As to the remainder of the request, Defendants deny.

10. When Defendant Castro short Jordan Baker, Jordan Baker was in the alley within 5 feet of the location of the blood observed by Officer Menefee.

**RESPONSE**: Objection. Defendants object to "location of blood observed by Officer Menefee" as overly broad and lacks specificity as blood was found in more than one area in the alley in question. Subject to and without waiving the foregoing objection, Defendants answer as follows: Defendants are unable to answer if Baker "was within 5 feet of the location of blood observed by Officer Menefee." However, Defendants admit that Castro shot Jordan Baker in the alley behind Little Caesars on the property in question, that blood patterns were located in the alley and that blood was found at or near the location that Baker's body came to rest in the alley. As to the remainder of the request, Defendants deny.

11. When Defendant Castro shot Jordan Baker, Jordan Baker was not running towards Officer Castro.

**RESPONSE**: Admit that Jordan Baker was running at an angle towards Castro at the time of the shooting at issue. As to the remainder of the request, Defendants deny.

12. When Defendant Castro shot Jordan Baker, Jordan Baker was turning away from Officer Castro.

**RESPONSE**:   Admit that Jordan Baker was running at an angle towards Castro at the time of the shooting at issue.  As to the remainder of the request, Defendants deny.

13.     On January 16, 2014, Defendant Castro did not stop any other individual who entered the 5700 W. Little York strip mall who was riding a bicycle.

**RESPONSE**:   Objection.  This request is duplicative of Request #7.  Subject to and without waiving the foregoing objection, Defendants answer as follows: Admit that Jordan Baker was the only individual observed by Castro to be riding a bike on the property located at 5700 West Little York on the night in question.

14.     Defendant Castro's decision to stop Jordan Baker was without legal justification.

**RESPONSE**:   Objection. This request calls for a legal conclusion.  Subject to and without waiving the foregoing objection, Defendants answer as follows:  Deny that Castro's actions towards and/or regarding Jordan Baker on the night in question were done without legal justification.

15.     Defendant Castro's decision to stop Jordan Baker was consistent with the instructions provided to him by Defendant RPI Management Company.

**RESPONSE**:   Objection.  This request is overly broad and vague as to time as well as to the instructions provided by RPI Management Company.  Subject to and without waiving the foregoing objections, Defendants answer as follows: Admit that Castro did not talk to and/or communicate with RPI Management Company on January 16, 2014 prior to the shooting at issue. Admit that RPI Management Company did not instruct Castro how to perform his law enforcement duties when he was hired by the company. Admit that Castro attempted to stop and/or interacted with Jordan Baker on the night in question.  As to the remainder of the request, Defendants deny.

16.     Defendant RPI Management Company instructed Defendant Castro consider African-American males suspects.

**RESPONSE**:   Objection.  This request is overly broad and vague as to time as well as to the instructions provided by RPI Management Company.  Subject to and without waiving the foregoing objections, Defendants answer as follows: Admit that Castro did not talk to and/or communicate with RPI Management Company on January 16, 2014 prior to the shooting at issue.  Admit that RPI Management Company did not instruct Castro how to perform his law enforcement duties when he was hired by the company.  As to the remainder of the request, Defendants deny.

17.     Defendant RPI Management Company instructed Defendant Castro he could not consider the race of individuals entering the 5700 West Little York strip mall when determining whether they should be considered suspects.

7

**RESPONSE**: Objection.  This request is overly broad and vague as to time as well as to the instructions provided by RPI Management Company.  Subject to and without waiving the foregoing objections, Defendants answer as follows:  Admit that Castro did not talk to and/or communicate with RPI Management Company on January 16, 2014 prior to the shooting at issue.  Admit that RPI Management Company did not instruct Castro how to perform his law enforcement duties when he was hired by the company.  As to the remainder of the request, Defendants deny.

18. Defendant Castro did not know the autopsy or trajectory results performed on Jordan Baker when he testified before the grand jury.

**RESPONSE**: Admit that Castro had received a copy of the autopsy report as part of the administrative packet required to be given in an administrative investigation to a target employee and admit that he did not review said report prior to giving his testimony before the grand jury.

19. Defendant Castro did not know the autopsy or trajectory results performed on Jordan Baker when he signed his first affidavit concerning his interactions with Jordan Baker.

**RESPONSE**: Objection.  Defendants object to "first affidavit" as being vague as to the actual document at issue in this request.  Subject to and without waiving the objection, Defendants answer as follows:  Admit in terms of the voluntary statement given by Castro on or about January 17, 2014 in the criminal investigation.

20. Defendant Castro did not know the autopsy or trajectory results performed on Jordan Baker when he signed his second affidavit concerning his interactions with Jordan Baker.

**RESPONSE**: Objection.  Defendants object to "second affidavit" as being vague as to the actual document at issue in this request.  Subject to and without waiving the objection, Defendants answer as follows:  Admit that Castro had received a copy of the autopsy report as part of the administrative packet required to be given in an administrative investigation to a target employee and admit that he did not review said report prior to providing his March 10, 2014 administrative statement.