**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **ESTATE OF JORDAN BAKER, by** | § | |
| **and through administrator, JANET** | § | |
| **BAKER,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:15-cv-003495** |
| | § | |
| **JUVENTINO CASTRO, THE** | § | |
| **CITY OF HOUSTON, AND RPI** | § | |
| **MANAGEMENT COMPANY, LLC** | § | |
| *Defendants.* | § | |

**DEFENDANT JUVENTINO CASTRO'S OBJECTIONS AND REPLY IN SUPPORT OF
HIS MOTION FOR SUMMARY JUDGMENT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant JUVENTINO CASTRO ("Castro") files this his Objections and Reply in Support of his Motion for Summary Judgment.  In support of said objections and reply, Defendant JUVENTINO CASTRO would respectfully show unto this Court as follows:

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................ ii

TABLE OF AUTHORITIES ................................................................................................... iii

STATUTES ................................................................................................................................ v

I.     STATEMENT OF THE NATURE AND STAGE OF PROCEEDING ................................. 1

II.    STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT ............................... 1

III.   SUMMARY OF ARGUMENT ........................................................................................ 2

IV.    OBJECTIONS TO RESPONSE AND SUMMARY JUDGMENT EVIDENCE .................. 2

V.     ARGUMENT AND AUTHORITIES ............................................................................. 11

       A.  Plaintiff Fails to Establish Evidence to Overcome Castro's Qualified Immunity .......... 11

VI.    Conclusion ................................................................................................................. 17

CERTIFICATE OF SERVICE ............................................................................................... 19

## **TABLE OF AUTHORITIES**

**Cases**

*Bazan ex re. Bazan v. Hidalgo County,* 246 F.3d 481 (5th Cir. 2001) ........................................ 11

*Beech Aircraft Corp. v. Rainey,* 488 U.S. 153 (1988) ............................................................ passim

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) .................................................................. 16

*Bowlby v. City of Aberdeen,* 681 F.3d 215 (5th Cir. 2012) .......................................................... 15

*Clark v. American's Favorite Chicken,* 110 F.3d 295 (5th Cir. 1997) ........................ 9, 11, 13, 16

*Devenpeck v. Alford,* 543 U.S. 146 (2004) ................................................................................... 13

*Flanagan v. City of Dallas, Tex.,* 48 F.Supp.3d 941 (N.D. Texas 2014) ...................................... 15

*Florida v. Royer,* 460 U.S, 491 (1983) ........................................................................................ 12

*Freeman v. Texas Dep't of Crim. Justice,* 369 F.3d 854 (5th Cir. 2004) ...................................... 13

*Goodson v. City of Corpus Christi,* 202 F.3d 730 (5th Cir. 2000) ................................................ 13

*Graham v. Connor,* 490 U.S. 386 (1989) ........................................................................................ 9

*Hathaway v. Bazany,* 507 F.3d 312 (2007) ................................................................................... 14

*Hershey v. Energy Transfer Partners, L.P.,* 610 F.3d 239 (5th Cir. 2010) .................................. 16

*Hilliard v. Ferguson,* 30 F.3d 649 (5th Cir. 1994) ....................................................................... 16

*Illinois v. Wardlow,* 528 U.S. 119 (2000) ..................................................................................... 12

*Mace v. City of Palestine,* 333 F.3d 62 (5th Cir. 2003) .................................................... 13, 14, 16

*Malley v. Briggs,* 475 U.S. 335 (1986) ......................................................................................... 11

*Manis v. Lawson,* 585 F.3d 839 (5th Cir. 2009) ........................................................................... 14

*Molette v. City of Alexandria*, 2005 WL 2445432, *5 (W.D. La. Sept. 30, 2005) ...................... 17

*Morgan v. Swanson,* 659 F.3d 359 (5th Cir. 2011) ....................................................................... 14

*Reese v. Anderson,* 926 F.2d 494 (5th Cir. 1991) ......................................................................... 14

*Russell v. Ingersoll-Rand Co.,* 841 S.W.2d 343 (Tex. 1992) ........................................................ 17

*Saucier v. Katz,* 533 U.S. 194 (2001) ........................................................................................ 11

*Smith v. Atlantic Richfield Co.,* 927 S.W.2d 85 (Tex. App.-Houston [1st Dist.] 1996, writ denied) ...................................................................................................................................... 17

*State v. Castleberry,* 332 S.W.3d 460 (Tex. Crim. App – 2011) .................................................. 12

*Tennessee v. Garner,* 471 U.S. 1 (1985) .................................................................................... 14

*Terry v. Ohio,* 392 U.S. 1 (1968) ......................................................................................... 11, 12

*Thompson v. Upshur County, TX,* 245 F.3d 447 (5th Cir. 2001) ........................................... passim

*Trujillo v. Board of County Com'rs,* 768 F.2d 1186 (10th Cir. 1985) .......................................... 17

*U.S. v. Sanjar,* 853 F.3d 190 (5th Cir. 2017) ...................................................................... passim

*United States v. Hill,* 752 F.3d 1029 (5th Cir. 2014) .................................................................. 12

*United States v. Silva,* 957 F.2d 157 (5th Cir. 1992) .................................................................. 13

*Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.,* 429 U.S. 252 (1977) ............... 15

*Vincent v. City of Sulphur,* 805 F.3d 543 (5th Cir. 2015), *cert. denied,* 136 S.Ct. 1517 (2016) . 11, 14

*Wood v. State,* 515 S.W.2d 300 (Tex. Crim. App. 1974) ............................................................ 12

*Woods Arts Golf, Inc. v. Callaway Golf Co.,* 196 F.Supp.2d 467, n.1 (S.D. Tex. 2002) .............. 3

*Wren v. United States,* 517 U.S. 806 (1996) .............................................................................. 14

## **STATUTES**

42 U.S.C §1983 ................................................................................................................ 1, 2, 17

Federal Rules of Civil Procedure 26(a)(2) ............................................................................ 4, 10

Federal Rules of Evidence 106 ............................................................................................ passim

Federal Rules of Evidence 702 ............................................................................................ passim

Federal Rules of Evidence 703 ............................................................................................ passim

Federal Rules of Evidnece 704 .......................................................................................... 4, 6, 7, 9

## I.    STATEMENT OF THE NATURE AND STAGE OF PROCEEDING

1.     This case involves claims of violations of civil and constitutional rights arising out of an officer-involved shooting on January 16, 2014. [Doc. #44].  The involved parties were Castro, an off-duty officer working an extra-job assignment, and Jordan Baker ("decedent").  Plaintiff brings this suit under 42 U.S.C §1983, claiming violations of decedent's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution as well as state law causes of action. [Doc. #44]. Castro timely answered, denied all allegations and pled that he was cloaked by immunity (qualified and official immunity). [Doc. #49].

2.     Castro filed his motion for summary judgment asserting that all of Plaintiff's claims fail as a matter of law because (1) there has been adequate time for discovery; (2) there is no evidence supporting these claims; and (3) he is shielded by qualified and official immunity.  [Doc. #107]. Plaintiff has filed its response to Castro's motion. [Doc. #147].  Castro files this his objections and reply to Plaintiff's response.

## II.    STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT

3.     The issues to be ruled upon by the Court in this case are as follows:

(A)    Whether Castro's objections, as stated herein, should be sustained?

(B)    Whether Castro is entitled to qualified immunity regarding Plaintiff's claims for:

      i.    Unlawful seizure and detention of the Decedent on or about January 16, 2014?

      ii.    Excessive use of force in the shooting of Decedent on or about January 16, 2014?

      iii.    Racial discrimination towards the Decedent on or about January 16, 2014?

      iv.    Failure to provide medical care to the Decedent on or about January 16, 2014?

      v.    Wrongful death claim under 42 U.S.C. §1983?

      vi.    Survival action claim under 42 U.S.C. §1983?

vii.   Conspiracy to discriminate against Decedent based on race on or about January 16, 2014?

(C)   Whether Plaintiff, the Estate of Jordan Baker, can claim damages for loss of familial society, companionship and association under 42 U.S.C. §1983?

### III.   SUMMARY OF ARGUMENT

4.   Castro is entitled to summary judgment as a matter of law regarding Plaintiff's claims of civil rights violations under the U.S. Constitution and 42 U.S.C. §1983 as well as state law pendant jurisdiction claims because he is shielded by qualified and official immunity. It is Plaintiff's burden to negate the immunity defense once raised by Castro. *See Thompson v. Upshur County, TX,* 245 F.3d 447, 457 (5th Cir. 2001). Plaintiff has failed to carry its burden. Therefore, Plaintiff's claims fail as a matter of law and must be dismissed.

### IV.   OBJECTIONS TO RESPONSE AND SUMMARY JUDGMENT EVIDENCE

5.   **Plaintiff's Response**. Castro objects to the length of Plaintiff's response. Pursuant to this Court's procedures, Procedure 6A states that "without leave of court any brief or memorandum shall be limited to 25 pages." *See* Judge Sim Lake's Court Procedures, attached as Exhibit "A." Plaintiff's response (starting at nature and stage of proceeding) is 44 pages and Plaintiff did not file a motion for leave with the Court to exceed the page limit. Thus, Castro requests that this Court sustain his objection, strike Plaintiff's response and grant his summary judgment. Alternatively, Castro requests that this Court sustain his objection, consider only the portions of the response that do not exceed the 25-page limit and grant summary judgment on the issues not properly briefed by Plaintiff on pages 26-56 [Doc #147, pgs. 37-67].

6.   **Plaintiff's Nature and Stage of Proceedings**. Castro objects to Plaintiff's Nature and Stage of Proceeding on the ground that it raises a new cause of action, to-wit: use of non-fatal force. Plaintiff's live pleading claims excessive use of force stemming from the shooting of decedent only. A party may not assert new claims in response to a motion for summary judgment.

*Woods Arts Golf, Inc. v. Callaway Golf Co.,* 196 F.Supp.2d 467, 469, n.1 (S.D. Tex. 2002). Thus, Castro asks this Court to sustain his objection and strike this new cause of action.

7.     **Plaintiff's "Undisputed Facts."**   Castro objects to Section V, entitled "Relevant Undisputed Facts" on the grounds that such "facts" mischaracterize the evidence in this case and are speculative with regards to decedent's state of mind. The record in this case speaks for itself. Thus, Castro asks this Court to sustain his objection and strike Section V of Plaintiff's response.

8.     **Plaintiff's Exhibit 7-Deposition Excerpts of Castro**. Castro objects to Plaintiff's Exhibit 7 under Rule 106, Federal Rules of Evidence. These deposition excerpts are misleading and fail to provide the Court with the entire testimony proffered by Castro in this case.[1] "When one party has made use of a portion of a document, such that misunderstanding or distortion can be averted only through presentation of another portion, the material required for completeness is *ipso facto* relevant and therefore, admissible…" *Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 172 (1988); *see also U.S. v. Sanjar,* 853 F.3d 190, 204 (5th Cir. 2017)(Rule 106 "states that if a party offers part of a recorded statement, an adverse party may require the introduction of any other part that ought to be considered at the same time."); Fed. R. Evid. 106. Therefore, Castro asks this Court to sustain his objection and requests that the Court, out of fairness, consider his entire deposition in ruling on Castro's Motion for Summary Judgment. *See* a copy of Castro's deposition that is part of the Court's record [Doc. # 107, Ex. A and Doc. 142, Ex. 17].

9.     **Plaintiff's Exhibit 9-Statement of Magnolia Martinez**. Castro objects to Plaintiff's Exhibit 9 on the following grounds: (a) Exhibit 9 is based on speculation with regard to the use or non-use of the Taser; (b) Exhibit 9 is based on the witness's bare conclusions regarding the use or non-use of the Taser and such are not supported by the evidence; (c) Exhibit 9 includes police

---

[1] Castro's entire testimony proffered in this case is found in Doc. #107, Ex. A and Doc 142, Ex. 17.

practice opinions without establishing the witness' qualifications as an expert on the issue of use or non-sue of the Taser.  Fed R. Evid. 702; (d) Exhibit 9 fails to set forth the facts and reasoning upon which the opinion on use or non-sue of the Taser are based; (e) Exhibit 9, with regards to the police practice opinions, fails to satisfy the standards set forth under Rules 702 and 703, Federal Rules of Evidence; and (f) Exhibit 9, to the extent that Plaintiff attempts to proffer such as police practice opinion, such was not timely designated under Rule 26(a)(2), Federal Rules of Civil Procedure. For these reasons, Plaintiff's Exhibit 9 is incompetent summary judgment evidence and should not be considered in the ruling upon Castro's Motion for Summary Judgment.  Therefore, Castro requests that this Court sustain his objections and strike said exhibit as inadmissible evidence.

10.     **Plaintiff's Exhibit 11-Dr. Jonathan Arden's Declaration and Exhibits**.  Castro objects to Plaintiff's Exhibit 11 under Rules 702 and 703, Federal Rules of Evidence.  Plaintiff has not established that Dr. Jonathan Arden ("Arden") is an expert on ballistics, bullet trajectories, blood spatter, or scene reconstruction, or that his opinions in this case are the product of reliable principles and methods that have been subjected to peer review. Fed. R. Evid. 702, 703.[2]  Further, Arden's opinion on pain and suffering is speculative and his opinions will not assist the trier of fact in understanding the evidence or determining a fact at issue in this case.  His opinions on scene reconstruction are far outside his field of forensic pathology and are unreliable.  Fed. R. Evid. 702, 703 and 704.  Thus, Castro asks this Court to sustain his objection and strike the objectionable portions of Plaintiff's Exhibit 11 as inadmissible evidence, as more fully set forth in the pending Daubert motion [Doc. #108].

---

[2] Defendants City of Houston and Castro have filed a *Daubert* motion asserting these objections against Arden in full detail [Doc. #108], which is incorporated herein by reference for all purposes as if set forth verbatim.

11.     **Plaintiff's Exhibit 12-Deposition Excerpts of Dr. Roger Milton**.  Castro objects to Plaintiff's Exhibit 12 under Rule 106, Federal Rules of Evidence. These deposition excerpts are misleading and fail to provide the Court with the entire testimony proffered by Dr. Milton in this case.[3]  "When one party has made use of a portion of a document, such that misunderstanding or distortion can be averted only through presentation of another portion, the material required for completeness is *ipso facto* relevant and therefore, admissible…" *Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 172 (1988); *see also U.S. v. Sanjar,* 853 F.3d 190, 204 (5th Cir. 2017)(Rule 106 "states that if a party offers part of a recorded statement, an adverse party may require the introduction of any other part that ought to be considered at the same time."); Fed. R. Evid. 106. Therefore, Castro asks this Court to sustain his objection and requests that the Court, out of fairness, consider the entire deposition of Dr. Milton in ruling on Castro's Motion for Summary Judgment. *See* a copy of Dr. Milton's deposition attached as Exhibit "B."

12.     **Plaintiff's Exhibit 13 and Exhibit 27-Brian T. Weaver Declaration, Exhibits and Deposition Excerpts**.  Castro objects to Plaintiff's Exhibit 13 and Exhibit 27 under Rules 702 and 703, Federal Rules of Evidence.[4]  Plaintiff has not established that Brian Weaver ("Weaver") is an expert on ballistics, bullet trajectories,[5] blood spatter,[6] or scene reconstruction,[7] or that his opinions

---

[3] Dr. Milton opined about a length of time decedent may have experienced pain and suffering, if any.  *See* Milton deposition, pgs. 55, 57-58.  Dr. Milton opined about decedent's injuries not caused by the gunshot. *See* Milton deposition pgs. 56, 58-60.  His entire testimony proffered in this case is found at pages 5-61.

[4] Defendants City of Houston and Castro have filed a *Daubert* motion asserting these objections against Weaver in full detail [Doc. #115], which is incorporated herein by reference for all purposes as if set forth verbatim.

[5] At first, Weaver claimed he calculated the downward slope of the trajectory.  Weaver's deposition, pages 191:22 to 193:6.  Then Weaver admitted he made no trajectory analysis in this case.  Weaver's deposition, page 198:3-8; Weaver has never been asked to determine a bullet trajectory in any case.  Weaver's deposition, page 145: 3-7.  Weaver has no trajectory experience.  Weaver's deposition, pages 184:25 to 185:16.

[6] Weaver has never participated in any research or testing in blood spatter.  Weaver's deposition, pages 182:14 to 183:12.

[7] Weaver did not know the difference between a puncture and penetration wound.  Weaver's deposition, pages 180:24 to 181:21. Weaver had no opinion when the blood would have begun to exit decedent's body.  Weaver's deposition. page 201:2-6.  Weaver stated the obvious that there was blood inside decedent's body.  Weaver's deposition, page 200:13 to 18.  Weaver placed decedent in the diagram next to the first drop of blood.  Weaver's deposition, page 209:12-15. Since the scene accident investigators did not place the blood on the diagram, Weaver guessed by looking

in this case are the product of reliable principles and methods that have been subjected to peer review. Fed. R. Evd. 702, 703. Further, Weaver's expertise in in machine design and as such, his opinions will not assist the trier of fact in understanding the evidence or determining a fact at issue in this case. His opinions are speculative, not supported by sufficient data and his methodology is not generally accepted in the scientific community. Weaver's opinions are therefore, irrelevant and unreliable. Fed. R. Evid. 702, 703 and 704. Thus, Castro asks this Court to sustain his objection and strike Exhibit 13 as well as Exhibit 27 as inadmissible evidence.

13.     **Plaintiff's Exhibit 14-Deposition Excerpts of Michael Dirden**.   Castro objects to Plaintiff's Exhibit 14 under Rule 106, Federal Rules of Evidence. These deposition excerpts are misleading and fail to provide the Court with the entire opinion proffered by Michael Dirden ("Dirden") in this case.[8]  "When one party has made use of a portion of a document, such that misunderstanding or distortion can be averted only through presentation of another portion, the material required for completeness is ipso facto relevant and therefore, admissible…" *Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 172 (1988); *see also U.S. v. Sanjar,* 853 F.3d 190, 204 (5th Cir. 2017)(Rule 106 "states that if a party offers part of a recorded statement, an adverse party may require the introduction of any other part that ought to be considered at the same time."); Fed. R. Evid. 106. Therefore, Castro asks this Court to sustain his objection and requests that the Court, out of fairness, consider the entire deposition of Dirden in ruling on Castro's Motion for Summary

---

at the video aimed directly at the ground while the investigator walked. Weaver's deposition, pages 212:6 to 213:5. Plaintiff's counsel intentionally did not provide the expert with the statement of scene witnesses. Weaver's deposition, pages 213:18 to 214:10.

[8]  Dirden opined that decedent's death was not the result of a policy, practice or custom of Houston Police Department ("HPD"); that internal directives of HPD are a guide for officers, see Dirden deposition, pages 54-58. With regards to Plaintiff's racial discrimination claim, see Dirden deposition, pages 87-111.  He opines about Castro actions were objectively reasonable, see Dirden deposition, pages 111-117.  His explanation of his entire opinion proffered in this case is found at pages 11-145.

Judgment.  *See* a copy of Dirden's deposition that is part of the Court's record [Doc. #112, Ex. 2 and Doc #133, Ex. 10].

14.     **Plaintiff's Exhibit 15-Stephanie Seguino's Declaration and Exhibits**.  Castro objects to Plaintiff's Exhibit 13 under Rules 702 and 703, Federal Rules of Evidence.  Plaintiff has not established that Stephanie Seguino ("Seguino") is an expert on racial profiling or police discrimination cases and has not established that her opinions in this case are the product of reliable principles and methods that have been subjected to peer review.  Fed. R. Evd. 702, 703.[9]  Further, Seguino's opinions are nothing more than impermissible inferences based on faulty statistics and as such, her opinions will not assist the trier of fact in understanding the evidence or determining a fact at issue in this case.  Her opinions are therefore, irrelevant and unreliable.  Fed. R. Evid. 702, 703 and 704.  Thus, Castro asks this Court to sustain his objection and strike said exhibit as inadmissible evidence.

15.     Plaintiff's Exhibit 19-Deposition Excerpts of Jonathyn Priest.  Castro objects to Plaintiff's Exhibit 19 under Rule 106, Federal Rules of Evidence. These deposition excerpts are misleading and fail to provide the Court with the entire testimony proffered by Jonathyn Priest ("Priest") in this case.[10]  "When one party has made use of a portion of a document, such that misunderstanding or distortion can be averted only through presentation of another portion, the material required for completeness is *ipso facto* relevant and therefore, admissible…" *Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 172 (1988); *see also U.S. v. Sanjar,* 853 F.3d 190, 204 (5th Cir. 2017)(Rule 106 "states that if a party offers part of a recorded statement, an adverse party may require the introduction of any other part that ought to be considered at the same time."); Fed. R. Evid. 106.

---

[9] Defendants City of Houston and Castro have filed a *Daubert* motion asserting these objections against Seguino in full detail [Doc. #116], which is incorporated herein by reference for all purposes as if set forth verbatim.
[10] Priest opined about decedent's position, blood trail and trajectory. *See* Priest deposition, pgs. 94-107.  His entire opinion relating to scene reconstruction proffered in this case is found at pages 5-214.

Therefore, Castro asks this Court to sustain his objection and requests that the Court, out of fairness, consider the entire deposition of Priest in ruling on Castro's Motion for Summary Judgment. See a copy of Priest's deposition attached as Exhibit "C."

16. **Plaintiff's Exhibit 23-Deposition Excerpts of Officer Menefee**.   Castro objects to Plaintiff's Exhibit 23 under Rule 106, Federal Rules of Evidence.   These deposition excerpts are misleading and fail to provide the Court with the entire testimony proffered by Officer Menefee ("Menefee") in this case.[11]  "When one party has made use of a portion of a document, such that misunderstanding or distortion can be averted only through presentation of another portion, the material required for completeness is ipso facto relevant and therefore, admissible…" *Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 172 (1988); *see also U.S. v. Sanjar,* 853 F.3d 190, 204 (5th Cir. 2017)(Rule 106 "states that if a party offers part of a recorded statement, an adverse party may require the introduction of any other part that ought to be considered at the same time."); Fed. R. Evid. 106.  Therefore, Castro asks this Court to sustain his objection and requests that the Court, out of fairness, consider the entire deposition of Menefee in ruling on Castro's Motion for Summary Judgment. See a copy of Menefee's deposition attached as Exhibit "D."

17. **Plaintiff's Exhibit 24-Andrew Scott Declarations and Exhibits**.   Castro objects to Plaintiff's Exhibit 24, opinion testimony of former Florida police officer Andrew Scott ("Scott"), under Rules 702 and 703, Federal Rules of Evidence.   Plaintiff has not established that Scott's opinions in the case are the product of reliable principles and methods.  Fed. R. Evid. 702, 703.[12] Rather, his opinions are nothing more than impermissible credibility determinations and legal

---

[11] Menefee testified about how she processed the scene at issue in this case, including what was or was not considered to be blood and measurements.  *See* Menefee deposition, pages 60, 66-68.  Her entire testimony proffered in this case is found at pages 5-83.

[12] Defendants City of Houston and Castro have filed a *Daubert* motion asserting these objections against Scott in full detail [Doc. #111], which is incorporated herein by reference for all purposes as if set forth verbatim.

conclusions that are supported by a lack of an independent investigation and unsound or non-existent methodology.  Further, Scott's opinions amount to nothing more than a conduit for Plaintiff's position in this case.  His opinions are irrelevant and unreliable.  Fed. R. Evid. 702, 703 and 704.

18.     Scott's opinions do not consider, and are not grounded in, the facts and circumstances known to Castro at the time of the events at issue.  Rather, he speculates as to decedent's state of mind, discounts Castro's statements, and simply crafts conclusions to fit Plaintiff's position in this case.  Thus, his opinions were made with "20/20 hindsight," which is prohibited by the United States Supreme Court as set forth in *Graham v. Connor*, 490 U.S. 386, 396 (1989).

19.     Lastly, Scott's opinions do not support Plaintiff's claims because he is only one reasonable police officer. The Fourth Amendment's objective reasonableness inquiry does not turn on the opinion of just one other police officer; but instead, turns on the plaintiff's ability to "demonstrate that *all* reasonable officers similarly situated would have then known that the alleged acts of the defendants violated the U.S. Constitution." *Thompson*, 245 F.3d at 459-460 (emphasis added). Scott's opinions do not satisfy this lofty burden and as such, his opinions do nothing to shelter Plaintiff from summary judgment.  For the reasons stated above, Castro asks this Court to sustain his objection and strike said exhibit as inadmissible evidence.

20.     **Plaintiff's Exhibit 25-Article by Cynthia Lee**.  Castro objects to Plaintiff's Exhibit 25 on the following grounds: (a) Exhibit 25 is irrelevant because it deals with issues stemming from the Trayvon Martin case and other cases not directly related to the case at bar; (b) Exhibit 25 contains conclusions of law and such are not sufficient to defeat a motion for summary judgment. *Clark v. American's Favorite Chicken,* 110 F.3d 295, 297 (5th Cir. 1997); (c) Exhibit 25 includes opinions without establishing witness's qualifications as an expert on the particular issue made the subject

of the opinion.  Fed R. Evid. 702; (d) Exhibit 25 is based on the witnesses' bare conclusions and is not supported by the evidence in this case; (e) Exhibit 25 fails to set forth the facts and reasoning upon which the opinion is based relating to this case; (f) Exhibit 25 fails to satisfy the standards set forth under Rules 702 and 703, Federal Rules of Evidence; (g) Exhibit 25, to the extent that Plaintiff attempts to proffer such as expert opinion, such was not timely designated under Rule 26(a)(2), Federal Rules of Civil Procedure; and (h) Exhibit 25 is a new argument allegedly supporting Plaintiff's claim in this case and was never produced during the discovery of this case. For these reasons, Plaintiff's Exhibit 25 is incompetent summary judgment evidence and should not be considered in ruling upon Castro's summary judgment motion.  Therefore, Castro requests that this Court sustain his object and strike said exhibit as inadmissible evidence.

21.     **Plaintiff's Exhibit 26-Article by Rebecca Toporek**.  Castro objects to Plaintiff's Exhibit 26 on the following grounds: (a) Exhibit 26 is irrelevant because it deals with issues stemming from the Trayvon Martin case and has no connection to the case at bar; (b) Exhibit 26 includes opinions without establishing the witness's qualifications as an expert on the particular issue made the subject of the opinion.  Fed R. Evid. 702; (c) Exhibit 26 is based on the witnesses' bare conclusions and is not supported by the evidence in this case; (d) Exhibit 26 fails to set forth the facts and reasoning upon which the opinion is based relating to this case; (e) Exhibit 26 fails to satisfy the standards set forth under Rules 702 and 703, Federal Rules of Evidence; (f) Exhibit 26, to the extent that Plaintiff attempts to proffer such as expert opinion, such was not timely designated under Rule 26(a)(2), Federal Rules of Civil Procedure; and (g) Exhibit 26 is a new argument allegedly supporting Plaintiff's claim in this case and was never produced during the discovery of this case.  For these reasons, Plaintiff's Exhibit 26 is incompetent summary judgment evidence and should not be considered in ruling upon Castro's summary judgment motion.

Therefore, Castro requests that this Court sustain his object and strike said exhibit as inadmissible evidence.

## V.   <u>ARGUMENT AND AUTHORITIES</u>

22.     Once the defense of qualified immunity is asserted, the burden of negating the defense shifts to the plaintiff. *Bazan ex re. Bazan v. Hidalgo County,* 246 F.3d 481, 490 (5th Cir. 2001). To negate the qualified immunity defense, plaintiff must establish that (1) a public officer's conduct violated a constitutional right and (2) that said conduct was objectively unreasonable in light of clearly established law at the time of the alleged violation. *Saucier v. Katz,* 533 U.S. 194, 201 (2001); *Vincent v. City of Sulphur,* 805 F.3d 543, 547 (5th Cir. 2015), *cert. denied,* 136 S.Ct. 1517 (2016). "Qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Malley v. Briggs,* 475 U.S. 335, 341 (1986).

23.     Only one reasonable officer is needed to believe that another officer's actions were lawful to satisfy the second reasonable objective inquiry under a qualified immunity analysis.  Castro's acts in this case are held to be objectively reasonable unless **<u>all</u>** reasonable officers in his circumstances would have known that his conduct violated the U.S. Constitution or any law as alleged by Plaintiff. *Thompson,* 245 F.3d at 457.  Plaintiff has provided no credible or admissible evidence to dispute that the conduct of Castro was objectively reasonable and he is entitled to qualified immunity.   Rather, Plaintiff's claims are based on unsupported allegations or expert opinions asserting ultimate or conclusory facts and conclusions of law and such are not sufficient to defeat a motion for summary judgment. *Clark,* 110 F.3d at 297.

## A.     Plaintiff Fails to Establish Evidence to Overcome Castro's Qualified Immunity

24.     **Unlawful Seizure and Detention Claim**.  Police officers may stop and briefly detain an individual for investigative purposes if they have reasonable suspicion that the person has committed, is committing or is about to commit a crime. *See Terry v. Ohio,* 392 U.S. 1, 21 (1968);

*United States v. Hill,* 752 F.3d 1029, 1033 (5th Cir. 2014). The purpose of the temporary detention "is <u>not to discover evidence of a crime</u>, but to allow the peace officer to pursue investigation without fear of violence." *Wood v. State,* 515 S.W.2d 300, 306 (Tex. Crim. App. 1974)(emphasis added).

25.     In this case, Plaintiff mistakenly argues that the initial encounter between Castro and decedent is akin to a traffic stop needing reasonable suspicion. Such assessment is not correct based on the evidence. Castro did not conduct a traffic stop of decedent. Rather, Castro decided to follow decedent through the parking lot, due to his suspicious behavior, to identify him and determine the reason for his being on the premises. [Doc. #107, Ex. A-pgs. 164-176].

26.     An officer is generally permitted to ask questions of an individual and ask to examine identification in order to resolve the ambiguity of the individual being on the premises at issue. *Illinois v. Wardlow,* 528 U.S. 119, 125 (2000)(citing *Terry,* 392 U.S. at 30). Castro following decedent and asking for identification was not a traffic stop and does not qualify as a seizure under the Fourth Amendment. *See Florida v. Royer,* 460 U.S, 491, 497-498 (1983). Reasonable suspicion is not needed for police-citizen encounters.

27.     The argument that Castro engaged in this initial encounter due to his intent to link decedent to the "rash of robberies" is irrelevant to the inquiry of whether decedent was unlawfully seized and detained. A police officer "is just as free as anyone to question, and request identification from a fellow citizen." *State v. Castleberry,* 332 S.W.3d 460, 468 (Tex. Crim. App – 2011). Again, reasonable suspicion is not required in these situations. Regardless, Castro developed reasonable suspicion to temporarily detain decedent based on his behavior coupled with the knowledge of recent aggravated robberies in and around the premises in question by individuals generally described as black men wearing dark hoodies. [Doc. #107, Ex. A-pgs. 142-143, 155-164, 168-169,

181, 189-198; Ex. B; Ex. D-1; Ex. E-4; Ex. F at about 20:41:42]. The presence or absence of reasonable suspicion must be determined in light of the totality of circumstances confronting a police officer, including all information available to the officer at the time of the decision to temporarily stop a person. *See Goodson v. City of Corpus Christi,* 202 F.3d 730, 736 (5th Cir. 2000).

28.     Reasonable suspicion is a question of law.  *Id.* at 736-737 (citing *United States v. Silva,* 957 F.2d 157, 160 (5th Cir. 1992).  Based on the totality of circumstances, a reasonably prudent officer in the same or similar circumstance would have believed that his safety was at issue.  As a result, the brief detention of decedent by Castro was justified and did not violate the Fourth Amendment.

29.     Plaintiff's argument that Castro unlawfully seized and/or detained decedent resonates in speculation, unsupported allegations, conclusory facts and improper application of law.  Plaintiff "cannot satisfy [its] burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Freeman v. Texas Dep't of Crim. Justice,* 369 F.3d 854, 860 (5th Cir. 2004). As such, Plaintiff's evidence is not sufficient to defeat a motion for summary judgment. *Clark,* 110 F.3d at 297.  Therefore, Plaintiff's claim for unlawful seizure/detention fail as a matter of law and Castro is entitled to summary judgment.

30.     **Excessive Use of Force Claim**.  The proper inquiry for any Fourth Amendment deadly, excessive force claim (including the one at bar) is based on an objective reasonable standard, not the subjective intent or beliefs that may or may not be involved in such claims. *Devenpeck v. Alford,* 543 U.S. 146, 153 (2004)(emphasis added); *Mace v. City of Palestine,* 333 F.3d 621, 624 (5th Cir. 2003).  Simply stated, the "Fourth Amendment's concern with 'reasonableness' allows certain actions to be taken in certain circumstances, whatever the subjective intent." *Alford,* 543

U.S. at 153 (emphasis added)(quoting *Wren v. United States,* 517 U.S. 806, 814 (1996)). Therefore, no genuine issue of material fact will exist and an officer's actions are deemed objectively reasonable, as a matter of law, when an officer has an articulable basis to believe a suspect could pose a threat of serious bodily harm or death to the officer or others. *Tennessee v. Garner,* 471 U.S. 1 (1985); *Mace*, 333 F.3d at 623; *Manis v. Lawson,* 585 F.3d 839, 843 (5th Cir. 2009).

31.     The reasonableness of the use of force in a given situation must be judged from the perspective of a reasonable officer on the scene, rather than with 20/20 hindsight.  Graham, 490 U.S. at 396.  Courts must be mindful that police officers are "forced to make split-second decisions about the amount of force that is necessary in situations that are tense, uncertain and rapidly evolving." *Id.* at 396-397; *Hathaway v. Bazany,* 507 F.3d 312, 320 (2007).  A police officer's acts are held to be objectively reasonable unless every reasonable police officer would have known that his conduct violated the law. *Vincent v. City of Sulphur,* 805 F.3d 543, 547 (5th Cir. 2015) (citing *Morgan v. Swanson,* 659 F.3d 359, 371 (5th Cir. 2011); *see also Thompson,* 245 F.3d at 457 .

32.     In its response, Plaintiff places emphasis on decedent's clothing and the lack of a physical weapon.  The fact that the Decedent was ultimately discovered to be unarmed is irrelevant. *Reese v. Anderson,* 926 F.2d 494, 501 (5th Cir. 1991).  Plaintiff glosses over and/or ignores the evidence that decedent had assaulted Castro (a felony in Texas) prior to fleeing on foot to the alley in question.  [Doc. #107, Ex. A- pgs. 137-138, 203, 206-210, 291; Ex. C; Ex. D-1; Ex. E-4; Ex. F, at about 20:42:40 to end]. Plaintiff also claims that decedent was running away from Castro at the time of the shooting; yet the evidence does not support this contention.  Castro clearly articulated that once in the alley, when the decedent ran at him in a crouched position, based on decedent's behavior during the totality of the interaction, Castro reasonably believed that decedent posed an

immediate threat to his safety. [Doc. #107, Ex. A, 127-128; Ex. D-1; Ex. E-4]. Castro, when presented with a tense, uncertain, and rapidly evolving threat of death or serious bodily harm to himself, had to make a split-second judgment to use deadly force.

33.     Castro has clearly articulated his objective good faith basis for believing decedent posed a threat of serious bodily injury or death to him as set out in his statements, Grand Jury testimony and deposition, that he used only the amount of force that was reasonable and necessary based on the circumstances. Plaintiff has failed to produce evidence to "demonstrate that *all* reasonable officers similarly situated would have then known that the alleged acts of the defendants violated the U.S. Constitution.*" Thompson,* 245 F.3d at 459-460 (emphasis added). Plaintiff has failed to carry its burden and Castro remains cloaked by qualified immunity. Therefore, Castro is entitled to summary judgment as a matter of law.

34.     **Racial Discrimination Claim**. To establish a claim of racial profiling under the Fourteenth Amendment, the plaintiff "must allege and prove that [he] was treated differently than similarly situated individuals and that unequal treatment stemmed from a discriminatory intent [or purpose]." *Flanagan v. City of Dallas, Tex.,* 48 F.Supp.3d 941, 947 (N.D. Texas 2014) (quoting *Bowlby v. City of Aberdeen,* 681 F.3d 215, 227 (5th Cir. 2012))(emphasis added). The discriminatory intent or purpose need not be the only intent or purpose, but it must be a motivating factor in the decision. *Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.,* 429 U.S. 252, 265–66 (1977).

35.     Plaintiff's entire claim rests on the sole fact that decedent was African-American. Thus, Plaintiff has failed to carry its burden on this claim. Plaintiff's claim of racial discrimination against decedent is based on unsupported allegations or expert opinions asserting ultimate or conclusory facts and conclusions of law and such are not sufficient to defeat a motion for summary

judgment. *Clark*, 110 F.3d at 297.  Furthermore, conclusory allegations are insufficient to maintain a claim of racial discrimination. See *Hershey v. Energy Transfer Partners, L.P.,* 610 F.3d 239, 245 (5th Cir. 2010); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Therefore, the claim fails as a matter of law and Castro is entitled to summary judgment.

36.    **Conspiracy to Commit Racial Discrimination**.  A party cannot conspire with itself.  An essential element, that must be alleged and factually demonstrated by a plaintiff alleging conspiracy is that "two or more persons…act in furtherance of the conspiracy." *Hilliard v. Ferguson,* 30 F.3d 649, 652-653 (5th Cir. 1994).  Plaintiff did not provide any argument or produce evidence to support this cause of action against Castro. Rather, Plaintiff stated that it was dropping this cause of action due to the settlement with the property owners.  There is no evidence that Castro or any other named party in this lawsuit conspired against decedent based on his race and Castro is therefore, entitled to summary judgment as a matter of law.

37.    **Failure to Provide Medical Care**.  Plaintiff's claim is based on Castro not performing first aid on decedent after he was shot, which resonates in negligence only. "Mere negligence or a failure to act reasonably is not enough"; rather "the officer must have the subjective intent to cause harm." *Mace,* 333 F.3d at 626.  In this case, Castro did call for EMS and determined that first aid would be fruitless because decedent had passed away.  Thus, Plaintiff's allegation consists of baseless speculation, an attempt to inflame the reader's sympathies and nothing more. Unsupported allegations and conclusory statements are not sufficient to defeat a motion for summary judgment. *Clark,* 110 F.3d at 297.  Therefore, the evidence does not support a violation of decedent's constitutional rights and Castro is entitled to summary judgment as a matter of law.

38.    **Wrongful Death and Survival Action Claims**.  Castro is cloaked by immunity (qualified and official immunity).  Plaintiff has failed to carry its burden to overcome Castro's immunity on

these causes of action.   Further, decedent's wrongful death and survival action claims never accrued at the time of his death due to Castro's immunity.  *Russell v. Ingersoll-Rand Co.,* 841 S.W.2d 343, 348 (Tex. 1992)("if a decedent's own cause of action were barred by governmental immunity…or any other affirmative defense, there is no wrongful death action to accrue."); *Smith v. Atlantic Richfield Co.,* 927 S.W.2d 85, 87 (Tex. App.-Houston [1st Dist.] 1996, writ denied). Since Plaintiff has not produced competent, admissible evidence to overcome Castro's immunity and decedent could not maintain these causes of action on his own due to Castro's immunity, the claims fail as a matter of law and Castro is entitled to summary judgment.

39.     **Plaintiff's Damage Claim**.  To state a claim for deprivation of familial association under §1983, a plaintiff must show that the defendant intended to interfere with a particular relationship protected by the freedom of intimate association. *Molette v. City of Alexandria*, 2005 WL 2445432, *5 (W.D. La. Sept. 30, 2005) (citing *Trujillo v. Board of County Com'rs,* 768 F.2d 1186 (10th Cir. 1985)).  Plaintiff is claiming that the decedent's death is a deprivation of familial association. However, no evidence other than conclusory statements has been elicited, that on the night in question, Castro intended to interfere with the Janet Baker or J.B.'s right to familial association with the Decedent.  To the contrary, the only evidence in the record establishes that Castro fired his weapon at the Decedent because Castro was in fear for his life.  Therefore, to the extent Janet Baker and J.B. are attempting to claim damages for their own mental anguish or loss of familial relationship, those claims should be dismissed as a matter of law.

## VI.     Conclusion

40.     For the reasons stated above, there is no genuine issue as to any material fact in any of the claims brought by Plaintiff against Castro.  Castro has established his qualified immunity and official immunity defenses.  Plaintiff cannot present evidence to this Court that supports its claims

and defeats Castro's immunity defenses.  Therefore, Castro is entitled to summary judgment as a

matter of law and all of Plaintiff's claims against him should be dismissed with prejudice.

41.     Defendant JUVENTINO CASTRO requests that this Court grant his motion for summary

judgment and enter an order dismissing Plaintiff's Second Amended Petition, and award Castro

his costs, attorney's fees and grant all other relief to which he is entitled.

Respectfully submitted,

RONALD C. LEWIS
City Attorney

DONALD J. FLEMING
Section Chief, Labor, Employment, & Civil Rights

Date:  _____          By: */s/ Jennifer F. Callan*
                                   JENNIFER F. CALLAN
                                   Senior Assistant City Attorney
                                   ATTORNEY IN CHARGE
                                   SBN: 00793715
                                   FBN: 22721
                                   Phone: (832) 393-6286 (direct)
                                   Jennifer.Callan@houstontx.gov

                                   SUZANNE R. CHAUVIN
                                   Senior Assistant City Attorney
                                   SBN: 04160600
                                   FBN: 14512
                                   Phone: (832) 393-6219 (direct)
                                   Suzanne.Chauvin@houstontx.gov

                                   City of Houston Legal Department
                                   P.O. BOX 368
                                   Houston, TX  77001-0368
                                   Main: (832) 393-6491
                                   Fax: (832) 393-6259

                                   **ATTORNEY FOR DEFENDANTS
                                   JUVENTINO CASTRO AND CITY
                                   OF HOUSTON**

## CERTIFICATE OF SERVICE

I certify that the above and foregoing Defendant Juventino Castro Objections and Reply in Support of His Motion for Summary Judgment was electronically filed with the Clerk of the court using the CM/ECF system, which will send notification to the attorney(s) of record listed below.

Jon Loevy
Mark Loevy-Reyes
Arthur Loevy
David B. Owens
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
312.243.5900 – Telephone

*Attorneys for Plaintiff*
*Estate of Jordan Baker, by and*
*through Administrator, Janet Baker*

Billy Joe Mills
FIRMEQUITY
444 N. Wabash Ave., 5th Floor
Chicago, IL 60611
847.207.9064 - Telephone

*Attorneys for Plaintiff*
*Estate of Jordan Baker, by and through*
*Administrator, Janet Baker*


*/s/ Jennifer F. Callan*
**JENNIFER F. CALLAN**

19