IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ESTATE OF JORDAN BAKER, by and through administrator, JANET BAKER, | ) ) ) | No. 4:15-cv-3495 |
| Plaintiff, | ) ) | |
| v. | ) ) | Hon. Judge Sim Lake |
| JUVENTINO CASTRO, THE CITY OF HOUSTON, RPI MANAGEMENT COMPANY, LLC, and RPI INTERESTS I, LTD, | ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

**PLAINTIFF'S RULE 72 OBJECTIONS TO MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATIONS
CONCERNING SUMMARY JUDGMENT**

Plaintiff, the Estate of Jordan Baker, by his attorneys, respectfully submits the following objections to the Magistrate Judge's Memorandum and Recommendations concerning summary judgment (Dkt. 177). In support thereof, Plaintiff states:

Plaintiff's objections to the Magistrate Judge's well-reasoned report and recommendations concerning summary judgment are limited. A District Court Judge may modify or set aside any part of an order that is clearly erroneous and "if the magistrate judge errs in her legal conclusions." *Tolan v. Cotton*, 2015 WL 5332171, at * (S.D. Tex. Sept. 14, 2015).

Here, Plaintiff does not object to the Courts' ruling concerning the failure to train theory of liability under *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978). However, Plaintiff does object to four things:

*First*, the Report recommends that Officer Castro be granted qualified immunity on Plaintiff's race-discrimination claim. But there is no dispute that Baker's race was part of the reason that Castro stopped Baker. As explained in Plaintiff's response in opposition to Castro's motion, using someone's race to target someone for police action *does* violate the Equal Protection clause, and such a violation was clearly established long before Castro stopped Mr. Baker. *United States v. Brown*, 561 F.3d 420, 433 (5th Cir. 2009) *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001).

*Second,* as a corollary, Plaintiff objects to the dismissal of his *Monell* claims related to Houston's statistically significant racial disparities in police stops. There being a cognizable claim that a reasonable jury could conclude that Castro violated the Equal Protection Clause on this record, the same was true of the City of Houston.

*Third*, in finding that the initial, investigatory stop of Baker was lawful, (Dkt. 177 at 27-30), the magistrate judge did not construe the facts in the light most favorable to Plaintiff, and, instead, took inferences against Plaintiff, contrary to the applicable standard.

Plaintiff incorporates her briefing on these issues. *See Dkt.* 147, 152.

Finally, Plaintiff objects to some of the characterizations of fact, which which depart in some ways from crediting Plaintiff's version of events as set out in the brief, relating to the initial stop of Baker by Castro and the relevance and number of other alleged armed robberies in the area. Plaintiff believes that the number of armed robberies was inflated, and that their relevance is immaterial to Plaintiff's equal protection claims. These objections concern, at core, what the evidence will be at trial. To the extent such objections must be lodged now, Plaintiff makes them to preserve her record. Again, Plaintiff's prior briefing is incorporated by reference. *See* Dkt. 147 at 6-22.

                                            RESPECTFULLY SUBMITTED,

                                            /s/ David B. Owens
                                            *One of Plaintiffs' Attorneys*

| | |
|---|---|
| Jon Loevy | Billy Joe Mills |
| Mark Loevy-Reyes | FIRMEQUITY |
| David B. Owens | 858 West Armitage Avenue |
| LOEVY & LOEVY | Suite 101 |
| 312 North May, Suite 100 | Chicago, IL 60614 |
| Chicago, IL 60607 | (847) 207-9064 |
| (312) 243-5900 | |

3

## **CERTIFICATE OF SERVICE**

I, David B. Owens, an attorney, hereby certify that September 14, 2018, I filed the foregoing Objections to the Magistrate Judge's Report and Recommendations Concerning Summary Judgment (Dkt. 177) using the Court's CM/ECF system, which effected service on all counsel.

/s/ David B. Owens
*One of Plaintiff's Attorneys*