IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ESTATE OF JORDAN BAKER, by** § | | |
| **and through administrator, JANET** § | | |
| **BAKER,** § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | Civil Action No. 4:15-cv-3495 | |
| § | | |
| **JUVENTINO CASTRO, THE** § | | |
| **CITY OF HOUSTON, AND RPI** § | | |
| **MANAGEMENT COMPANY, LLC** § | | |
| *Defendants.* § | | |

## DEFENDANT CITY OF HOUSTON'S MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to the Court's Order entered on November 1, 2018 [Doc. #206], Defendant CITY OF HOUSTON ("City") files this its motion in limine. City respectfully moves the Court as follows:

1. Before the voir dire examination of the jury panel, and out of the presence and hearing of the jury panel, City makes this motion in limine. City seeks to exclude matters that are incompetent, irrelevant, or prejudicial to the material issues in this case. If Plaintiff injects these matters into the trial of this case through a party, an attorney or a witness and Plaintiff will cause irreparable harm to City's case, which no jury instruction could cure. If any of these matters are brought to the attention of the jury, directly or indirectly, City would be compelled to move for a mistrial. In an effort to avoid prejudice and a possible mistrial, City urges this motion in limine.

2. City respectfully asks the Court to order and instruct Plaintiff, all counsel and all witnesses to be called by the parties in this lawsuit to refrain from any mention of, reference to, interrogation about, or attempt to convey to the panel of prospective jurors or jurors selected to try this case in

any manner, either directly or indirectly, any of the following matters without first obtaining the Court's permission outside the presence and hearing of the panel of prospective jurors or jurors selected to try this case:

**A.     General Limine Items:**

(a)     Settlement negotiations between the parties or their attorneys and representatives, or a lack thereof. Any mention and/or reference to the fact that settlement discussions or mediation have or have not taken place. Evidence of conduct or statements made in compromise and/or settlement negotiations by the parties or their attorneys and representatives are irrelevant to providing the validity or invalidity of any claim in this action. *See* Fed. R. Evid. 408.

(b)     Any reference to witness statements that constitute notes taken during or a summary of a conversation or interview with a witness who has knowledge of relevant facts. Notes taken during a conversation or interview are not a witness statement. A witness statement is a written statement signed or otherwise adopted or approved in writing by the person making it or a stenographic or other type of recording of a witness' oral statement or any substantially verbatim transcription of such a recording.

(c)     Any evidence or suggestion that the City of Houston or Juventino Castro have been involved in any other lawsuit or has made or settled any other claim, because these matters are not relevant to any issue on trial and is, thus, not admissible evidence without a predicate showing substantial similarity and relevance of such incidents. *See* Fed. R. Evid. 403.

(d)     Any mention of any party's financial status. Evidence of or reference to the financial status of any party in a tort action appeals to the sympathy of or will prejudice the jury, and thus, is inadmissible and improper.

(e)     Any evidence or suggestion that any recovery allowed, or damages awarded by the jury in this case may or may not be subject to federal income or any other tax, because these matters cannot be considered by the jury.

(f)     Any evidence, testimonial or documentary, Plaintiff did not produce in discovery. Plaintiff should not be permitted to present any witness Plaintiff did not name in its answers to interrogatories, disclosure or any evidence that Plaintiff failed to produce in response to any discovery.

(g)     Any testimony or argument suggesting the City, through its attorneys, asserted claims of privilege during discovery. Claims of privilege are not admissible as evidence. *See* Fed. R. Evid. 501.

(h) Any testimony or argument suggesting that Juventino Castro may have a liability insurance policy or other entity covering, in whole or in part, the occurrence made the basis of this lawsuit.

(i) Any testimony or argument suggesting that the City of Houston would indemnify Juventino Castro for part of any damages for which he may be held liable in this case.

(j) Eliciting any expert opinion or testimony from any person not properly designated as an expert or whose opinion has not been properly disclosed pursuant to the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26.

(k) Any inquiry of City's attorneys regarding investigation or discovery made by or on behalf of City's attorneys. Such information is privileged. *See* Fed. R. Evid. 501.

(l) Asserting any theory of recovery cause of action not properly disclosed in response to discovery requests. Plaintiff should not be permitted to present any testimony or evidence about claims not disclosed to City in response to a discovery request. *See* Fed. R. Civ. P. 26.

(m) Asserting any damage allegation not properly disclosed in response to discovery requests. Plaintiff should not be permitted to present any testimony or evidence about damage allegations not disclosed to City in response to a discovery request. *See* Fed. R. Civ. P. 26.

(n) Any attempt by counsel for Plaintiff to mention any actual or potential dollar amounts of damages in this or any other hypothetical case during the voir dire examination. Asking prospective jurors whether they would have any reluctance in reaching a verdict in excess of a specific dollar amount would constitute an improper attempt to intimidate, precondition, contract, indoctrinate, commit or tie the jury as to the potential damages before any evidence of damages has been put before them. Large numerical figures are not beyond the comprehension of a typical jury, and the same inquiry can be made by simply using the phrase "substantial amount" or "substantial award," if liability is found and the evidence justifies such a verdict.

(o) Any attempt in the presence of the jury and/or jury panel to seek or request the City's attorneys to produce documents, to stipulate to any fact and/or law, or to make any agreement.

(p) Any comment by counsel for Plaintiff that informs the jury and/or jury panel of the effect of its answers to the questions in the charge, beyond what is permissible pursuant to the Pattern Jury Charge.

(q) Any mention from counsel for Plaintiff regarding their personal opinion about the credibility of any witness. *See* Fed. R. Evid. 608 and 701.

(r)  Plaintiff should be precluded from any attempt to introduce as evidence by deposition or live testimony the opinions of any persons not properly identified as experts.  *See* Fed. R. Civ. P. 26.

(s)  Any testimony by experts or witnesses for Plaintiff regarding their opinion as to Juventino Castro's state of mind or his intent at the time of the events at issue in this lawsuit.  The admission of opinion testimony regarding state of mind is highly prejudicial and must be avoided. *See U.S. v. Ruppel*, 666 F.2d 261, 269-270 (5th Cir. 1982). The subjective mental state of Juventino Castro is not to be considered during the objective reasonableness inquiry by the trier of fact.  *See Devenpeck v. Alford*, 543 U.S. 146 (2004).

(t)  Any evidence supporting an issue not contained in the final pretrial order.  *See Sobley v. Southern Nat. Gas Co.,* 302 F.3d 325, 333 (5th Cir. 2002); *Kona Tech v. Southern Pac. Transp. Co.*, 225 F.3d 595, 604 (5th Cir. 2000).

(u)  Any mention of the probable testimony of a witness who is absent, unavailable, not called to testify in this case, or not allowed in any manner to testify in this case.

(v)  Any statement of the law other than that regarding the burden of proof and the basis legal definitions counsel believe to be applicable.

(w)  Any reference to that this limine motion has been presented to or ruled upon by the Court.  In this connection, City requests that Plaintiff's counsel be instructed not to suggest by argument or otherwise that City has sought to exclude from evidence or proof any matters bearing on the issues in this case or the rights of the parties to this suit.

(x)  Any mention and/or reference to City's decision to call or not to call any witness before the jury, when Plaintiff has equal subpoena power over such witness.  Absent a close relationship between the absent witness and party to the action, reference to the failure of a party to call a particular witness is improper.

(y)  Any comment to the juror and/or prospective jurors that the Court can reduce the amount of the jury's award.

(z)  Any question, statement, comment or reference before the jury panel as to whether panelists would answer an issue on damages in accordance with the evidence, regardless of who paid the damages or when they would be paid, or whether they will ever be paid, or any similar version of inquiry for the reason that such improperly injects the implication of insurance into this suit.  *See* Fed. R. Evid. 411.

(aa)  Any mention and/or reference that the potential jurors and/or actual jurors should put themselves in the position of Janet Baker as the mother of the deceased Jordan Baker.

(ab)  Any evidence of prior or subsequent incidents or lawsuits without first showing to the Court, out of the presence of the jury, that the requisite evidentiary standards have been met. Offering such evidence of other incidents or lawsuits without first establishing by admissible testimony that such were substantially similar to Plaintiff's incident would have the effect of unfairly prejudicing the jury against City.

(ac)  That counsel for Plaintiff should be instructed not to make demands or requests before the jury for matters found or believed to be contained in City's files, which would include statements, pleadings, photographs, reports and any other documents, or make any other requests of City or its counsel in the course of this trial and in the presence of the jury, since the only purpose for such requests would be to harass and embarrass City before the jury and such requests, if felt to be absolutely necessary, could easily be made outside the presence and hearing of the jury, or at a time when the jury is not present in the courtroom.

(ad)  Any statements, comments, or arguments by Plaintiff's counsel that the jury or the jury panel should attempt to make City "know the price of justice" or "to send the City a message" or any such inflammatory and prejudicial language which is calculated to have the jury assess damages on some basis other than the proper compensation as provided by the Court's charge to the jury.

(ae)  Any statements, comments or arguments by Plaintiff's counsel that the jury should "set the conduct standards in this county" or any other area.

(af)  That Plaintiff's recovery, if any, will be shared with its attorney or that Plaintiff has been required to incur expenses to bring this suit.

(ag)  That no statement or argument be made with respect to a unit of time breaking down a time span into smaller parts of weeks, days, or even hours multiplying it by a dollar amount because this is not permissible and would tend to produce an excessive verdict. *See Westbrook v. General Tire & Rubber Co.*, 754 F.2d 1233, 1239 (5th Cir. 1985).

(ah)  Not to mention or state for the jury any personal beliefs concerning justice of Plaintiff's cases or right to recover damages. While entitled to state what the facts will show or argue the facts in evidence, stating personal beliefs is clearly improper.

(ai)  Any statement, comment, testimony or argument by Plaintiff's counsel or any witness called by Plaintiff that City or any of its employees engaged in racial discrimination because the Court granted summary judgment on this cause of action.

(aj)  Any reference to or testimony about any opinion, report or affidavit of an expert that has been excluded by the Court.

(ak) Mentioning or stating before the jury that Janet Baker is or may be under any financial hardship, as such evidence is of no probative value and would serve only to prejudice the jury.

(al) Any statement, comment, testimony or argument that Juventino Castro's discipline history because such is not relevant to any issue to be decided by the jury and is inadmissible character evidence. *See* Fed. R. Evid. 401 and 402.

(am) Seeking to introduce into evidence, exhibiting to the jury or jury panel, and showing to the jury or jury panel, in any way, photo albums or scrapbooks, for the reasons that same are or could contain inadmissible hearsay and are needless presentation of cumulative evidence. *See* Fed. R. Evid. 403. The only purpose of exhibiting photographs, scrapbooks, etc., would be to seek to arouse the sympathy of the jury, and it would not aid them in determining the issues in this case.

(an) Any statement, comment, testimony or argument by Plaintiff, its counsel or witnesses regarding any claim that has been barred as a matter of law in the Court's ruling on City's summary judgment. [Doc. #177]

(ao) That alternative methods of force could have or should have been used. The Court will instruct the jury on whether Defendants' use of force was appropriate under the circumstances. The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with 20/20 vision of hindsight. *Graham v. Conner*, 490 U.S. 386, 396(1989). Accordingly, any evidence that other methods of force could have or should have been used is superfluous and contrary to law.

(ap) That police officers generally lie, conspire, cover-up or otherwise maintain a "code of silence" or "blue wall" to protect their fellow officers, or that Defendants participated in a conspiracy or cover up. There is no viable conspiracy claim against Defendants' consequently, any evidence that Defendants behaved in that manner would be sheer speculation. Moreover, allegations of a police "code of silence" or that police officers cover up for other police officers improperly invoke an inaccurate stereotype seen by jurors in movies and television shows.

(aq) Any reference to other lawsuits and/or citizens' complaints against Defendants and any non-party police witnesses.

(ar) Any "hindsight" questions about what Defendants "could have" or "should have" done. The jury must evaluate whether Defendants are liable based on the facts at the time of the incident in question, not what should have/could have been done. *See Torchinsky v. Siwinski*, 942 F.2d 257, 263 (4th Cir. 1991) (finding "hindsight testimony" irrelevant); *see also Canterbury v. Spence*, 464 F.2d 772, 790 (D.C. Cir. 1972) (noting that "[t]he patient's testimony 'hardly represents more than a guess, perhaps tinged by the circumstances that the uncommunicated hazard

has in fact materialized"); *Western Terminal Co. v. U.S.*, 412 F.2d 826, 827 (9th Cir. 1969) (case remanded where district court improperly used hindsight testimony).

(as) Any reference to other incidents of alleged police misconduct by the Houston Police Department or other law enforcement agencies, including publicized events involving allegations of police misconduct. Such evidence only serves to inflame the passions of the jury against law enforcement.

(at) Any emotional outbreaks by Janet Baker, her family members or witnesses at any stage of the court proceeding as such conduct only serves to infame the passions of the jury against Defendants.

**B. General Limine on Experts:**

(a) Any evidence by an expert witness that is outside the scope of the expert's written opinion produced during pretrial discovery. *Thudium v. Allied Prods. Corp.*, 36 F.3d 767, 769-770 (8th Cir. 1994).

(b) Any reference to any retained expert witnesses' report or affidavit of any person not present in court, available for cross examination and any attempt to offer or admit any report or affidavit or other document that is a communication between an expert and a party or the party's attorney(s) as such constitutes hearsay not within any exception to the hearsay rules. *See* Fed. R. Evid. 802.

(c) Any question, testimony or argument that does not have its basis in scientific or medical evidence; but is based on speculation because such evidence or argument would be misleading to a jury and violates the federal law about reliable scientific testimony. *See* Fed. R. Evid. 402, 403, 701, 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

(d) Any opinions, testimony or argument from an expert that amounts to a legal conclusion because such is inadmissible. *See* Fed. R. Evid. 702, 704; *United States v. Milton*, 555 F.2d 1198, 1203 (5th Cir. 1977).

(e) That counsel be instructed not to mention that they or their client have been told anything by any expert witness concerning any matter relating to this lawsuit, for the reason that such revelation would refer to hearsay, and because said expert is not subject to proper cross-examination by City's counsel, and for the further reason that such would be an attempt to introduce before the jury expert testimony without a proper predicate concerning the expert's qualifications and abilities to give such testimony.

(f) That all parties and their counsel be prohibited from calling any experts or persons with knowledge of relevant facts to testify at trial, other than those timely and properly identified in that party's witness list produced pursuant to the pretrial order entered by the Court in this case.

(g) That Plaintiff, Plaintiff's counsel and any witness produced by Plaintiff not be allowed to testify to the value of "mental anguish" since they are not qualified to so testify, nor is their opinion any greater on this topic than the knowledge possess by the ordinary juror. Since it is well-settled that an opinion, particularly an expert opinion, must be beyond the competency of the average juror, opinions based upon speculation or surmise should be disregarded. *See* Fed. R. Evid. 702.

(h) Any testimony, opinion or argument from an expert on matters that have been excluded by the Court in ruling on *Daubert* motions.

(i) Any opinion or testimony by Plaintiff's experts that amount to nothing more than a conduit for Plaintiff's advocacy position, which is of no benefit to the jury and is unquestionably inadmissible. *See In Re: Aircraft Disaster at New Orleans, Louisiana,* 795 F.2d at 1233.

(j) Any testimony or argument from a lay witness without establishing the witness' qualifications as an expert on the issue for which testimony is being provided to the trier of fact. Fed. R. Evid. 702.

**C.** **Limine on Nancy Brooks:**

(a) Any testimony or argument relating to, relying upon and/or referencing the opinions and/or reports proffered by Nancy Brooks as her expert opinions and testimony has been excluded by the Court [Doc. #185].

(b) Any testimony or argument relating to, relying upon and/or referencing the opinions and/or reports of Nancy Brooks by Stephanie Seguino, as the opinions of Brooks have been excluded by the Court [Doc. #185].

**D.** **Limine on Brian T. Weaver:**

(a) Any testimony or argument relating to, relying upon and/or referencing the opinions, reports and/or deposition of Brian T. Weaver as his expert opinions and testimony has been excluded by the Court [Doc. #181].

(b) Any testimony or argument relating to, relying upon and/or referencing the opinions, reports and/or deposition of Brian T. Weaver by Andrew Scott, as the opinions of Weaver have been excluded by the Court [Doc. #181].

(c) Any testimony or argument relating to, relying upon and/or referencing the opinions, reports and/or deposition of Brian T. Weaver by Jonathan Arden, as the opinions of Weaver have been excluded by the Court [Doc. #181].

**E. Limine on Andrew Scott:**

(a) Any testimony or argument relating to, relying upon and/or referencing the opinion of Andrew Scott that "Officer Castro failed to provide articulable facts as to why he forcibly stopped [Jordan Baker] while [Jordan Baker] was riding his bicycle in the shopping center. Officer Castro's actions of forcibly detaining Mr. Baker were inconsistent with generally accepted police practices and procedures when he improperly seized [Jordan Baker]. Officer Castro did not have reasonable suspicion to conduct an investigatory detention of [Jordan Baker], otherwise known as a "Terry Stop" or similar words because such opinion has been excluded by the Court [Docs. #177 and 187].

(b) Any testimony or argument relating to, relying upon and/or referencing the opinion of Andrew Scott that "Officer Castro's decision to stop [Jordan Baker] was based in some measure upon [Jordan Baker's] race and gender, including bias against young African-American males like [Jordan Baker]" or similar words because such opinion has been excluded by the Court [Docs. #177 and 187].

(c) Any testimony or argument relating to, relying upon and/or referencing the opinions of Andrew Scott on racial discrimination or racial profiling by the City of Houston and its employees as this Court has found no triable issue of fact concerning race discrimination or profiling and excluded such opinions. [Docs. #177 and #187]

(d) Any testimony or argument relating to, relying upon and/or referencing newspaper articles as the basis for expert opinions by Andrew Scott or any expert designated by Plaintiff because newspaper articles are "classic, inadmissible hearsay." *See Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005).

(e) Any testimony or argument by Andrew Scott that amounts to an impermissible conclusion of law as this Court has found that Scott is not able to offer bald legal conclusions and is not permitted to merely tell the jury what result to reach. [Doc. #187]; *see also* Fed. R. Evid. 704; *C.P. Interests, Inc. v. California Pools, Inc.*, 238 F.3d 690, 697 (5th Cir. 2001).

(f) Any testimony or argument by Andrew Scott that is based on his review of the video of the strip mall parking lot. The video speaks for itself regarding the events that are depicted, and a trier of fact does not need "specialized knowledge" to make a determination about what the video shows. An expert's opinion is not admissible if the testimony concerns a "factual issues that is within the knowledge or experience of an ordinary lay person because it would not help the trier of fact to understand the evidence or determine a fact in issue." *Blythe v. Bumbo Intern. Trust*, 2013 WL 6190284 at *4 (S.D. Tex. 2013); Fed. R. Evid. 702.

(g) Any testimony or argument by Andrew Scott that are based on Jordan Baker's state of mind as such is pure speculation and any opinion relating to such was made with

"20/20 hindsight," which is prohibited by the United States Supreme Court as set forth in *Graham v. Connor*, 490 U.S. 386, 396 (1989). Further, the admission of opinion testimony regarding state of mind is highly prejudicial and must be avoided. *See U.S. v. Ruppel*, 666 F.2d 261, 269-270 (5th Cir. 1982).

(h) Any testimony or argument by Andrew Scott that is based on a misapplication of the law and/or mischaracterization of the facts to the version of events that support Plaintiff's claims.

(i) Any testimony or argument relating to, relying upon and/or referencing the opinion of Andrew Scott that "the force used by Officer Castro…was excessive, unnecessary, and unreasonable" and "was not objectively reasonable" or similar words. The Court will instruct the jury on whether Defendants' use of force was appropriate under the circumstances. The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with 20/20 vision of hindsight. *Graham v. Conner*, 490 U.S. 386, 396(1989).

(j) Any testimony or argument relating to, relying upon and/or referencing the opinion of Andrew Scott that "HPD has a custom and practice of allowing its officers to…engage in excessive force…with little to no disapproval" and the City is deliberately indifferent to the constitutional rights of individuals who have been stopped" or similar words. The Court will instruct the jury on whether Defendants' use of force was appropriate under the circumstances and on what constitutes deliberate indifference.

**F.     Limine on Stephanie Seguino:**

(a) Any testimony or argument relating to and/or referencing the opinions and/or reports of Stephanie Seguino on racial discrimination or racial profiling, as this Court has found no triable issue of fact concerning race discrimination or profiling and excluded such opinions [Docs. #177, #179 and #187].

(b) Any testimony or argument relating to and/or referencing the opinions of Stephanie Seguino on racial discrimination or racial profiling by the City of Houston and its employees as this Court has found no triable issue of fact concerning race discrimination or profiling and excluded such opinions. [Docs. #177 and #179].

(c) Any testimony or argument relating to and/or referencing the lack of data or small sample size provided by the City to be reviewed by Stephanie Seguino to formulate her opinions as such is highly prejudicial and inflammatory.

(d) Any testimony, conclusions, or arguments that relate to data, numbers, or percentages for which Stephanie Seguino has not performed a statistical significance test. This includes all Use of Force data and charts, including Justifications for UOF Incidents, Aggregate Justifications Related to Officer

        Assessment of Threat, Aggregated Categories of Justification by Unarmed/Armed, Injury and Deaths of Unarmed Suspects, and Characteristics of "Reaching for Waistband", which were not tested for statistical significance. *See Ottaviani v. State University of New York at New Paltz,* 875 F.2d 365, 371 (2d Cir.1989), *cert. denied,* 493 U.S. 1021 (1990). ("Before a deviation from a predicted outcome can be considered probative, the deviation must be 'statistically significant'." That is, the evidence must offer some indication that the disparity is not simply due to chance. *Segar v. Smith,* 738 F.2d 1249, 1282 (D.C.Cir.1984), *cert. denied,* 471 U.S. 1115 (1985); *see also Mitchell v. DCX, Inc.,* 274 F.Supp.2d 33, 45 (D.D.C.2003) ("A statistical disparity ... is not, in and of itself, probative of discriminatory intent unless it is statistically significant.").

(e) Any testimony, conclusions, and opinions where Stephanie Seguino's calculations are based on aggregated data sets. Statistical significance findings based on subjective and contrived aggregated data sets are uninformative and not probative evidence.

(f) Any testimony, conclusions, and opinions unrelated to Stephanie Seguino's qualifications and experience as an economist and statistician. In particular, exclude all opinions related to policing methods, management, and police officer use of force based on her limited interaction and ride-alongs with Vermont police departments.

(g) Any testimony, conclusions, and opinions by Stephanie Seguino that relate to "Suspect Gestured" because the statistical significance finding is based on a sample set that is too small to be probative or evidence of a pattern by HPD. The statistical significance finding is based on aggregated data of alleged "primary justifications" for the shootings; the data was cherry-picked by Stephanie Seguino and the groupings are completely subjective and speculative.

**G. Limine on Jonathan Arden:**

(a) Any testimony or argument relating to and/or referencing Jonathan Arden's opinion regarding Officer Castro's professional judgment or his law enforcement capability. The subjective mental state or the law enforcement capability of Officer Castro is not to be considered during the objective reasonableness inquiry by the trier of fact. *See Devenpeck v. Alford*, 543 U.S. 146 (2004). Further, such opinion is outside his field of forensic pathology and based on speculation. *See* Fed. R. Evid. 702 and 704.

(b) Any testimony or argument relating to and/or referencing Jonathan Arden's opinion regarding ballistics, bullet trajectory and/or blood spatter as such opinions are outside his field of forensic pathology and based on speculation. *See* Fed. R. Evid. 702 and 704.

(c) Any testimony or argument relating to and/or referencing Jonathan Arden's opinion regarding the functioning of a Glock .22 weapon or any firearm as such opinions are outside his field of forensic pathology and based on speculation. *See* Fed. R. Evid. 702 and 704.

(d) Any testimony or argument relating to and/or referencing Jonathan Arden's opinion that Officer Castro was "X number of feet in this direction;" was approximately 50 feet" from Jordan Baker or similar language as such opinions are based on scene reconstruction, which is outside his field of forensic pathology. *See* Fed. R. Evid. 702 and 704. Further, this testimony or argument is speculative and based upon insufficient data.

(e) Any testimony or argument relating to and/or referencing Jonathan Arden's opinion regarding the calculation of bullet trajectories outside the body as such opinions are outside his field of forensic pathology and based on speculation. *See* Fed. R. Evid. 702 and 704.

(f) Any testimony or argument relating to and/or referencing Jonathan Arden's opinion regarding the trajectory of the bullet from Officer Castro's weapon that goes beyond using the characteristics of the bullet wound. *See* Fed. R. Evid. 702 and 704. Further, this testimony or argument is speculative and based upon insufficient data.

(g) Any testimony, conclusions, and opinions unrelated to Jonathan Arden's qualifications and experience as a forensic pathologist.

3. Each of the above-listed matters are inadmissible as evidence in this case and none of these matters are necessary or proper for the jury's consideration in this case. Any mention of or reference to any such matter before any potential juror and juror selected to try this case will result in an incurable prejudice to City.

WHEREFORE, PREMISES CONSIDERED, Defendant CITY OF HOUSTON asks the Court to instruct Plaintiff, Plaintiff's witnesses, Plaintiff's attorneys not to mention, refer to, interrogate about or attempt to convey to the jury any of the matters listed above without first asking for a ruling from the Court out of the presence of the jury.

Respectfully submitted,

RONALD C. LEWIS
City Attorney

DONALD J. FLEMING
Section Chief, Labor, Employment, & Civil Rights

Date: _____, 2018.  By:  */s/ Jennifer F. Callan*
JENNIFER F. CALLAN
Senior Assistant City Attorney
ATTORNEY IN CHARGE
SBN: 00793715
FBN: 22721
Phone: 832.393.6286 (direct)
Jennifer.Callan@houstontx.gov

SUZANNE R. CHAUVIN
Senior Assistant City Attorney
SBN: 04160600
FBN: 14512
Phone: 832.393.6219 (direct)
Suzanne.Chauvin@houstontx.gov

CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby, 3rd Floor
Houston, Texas 77002
Main: 832.393.6491
Fax: 832.393.6259

*Attorneys for Defendants Juventino Castro and City of Houston*

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following:

| | |
|---|---|
| Jon Loevy<br>Mark Loevy-Reyes<br>Arthur Loevy<br>David B. Owens<br>LOEVY & LOEVY<br>311 N. Aberdeen, 3rd Floor<br>Chicago, IL 60607<br>312.243.5900 - Telephone<br><br>*Attorneys for Plaintiff*<br>*Estate of Jordan Baker, by and*<br>*through Administrator,*<br>*Janet Baker* | Billy Joe Mills<br>FIRMEQUITY<br>444 N. Wabash Ave., 5th Floor<br>Chicago, IL 60611<br>847.207.9064 - Telephone<br><br>*Attorneys for Plaintiff*<br>*Estate of Jordan Baker, by and*<br>*through Administrator,*<br>*Janet Baker* |

By: */s/ Jennifer F. Callan*
     JENNIFER F. CALLAN