IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ESTATE OF JORDAN BAKER, by and through administrator, JANET BAKER, | ) ) ) ) | No. 4:15-cv-3495 |
| Plaintiff, | ) ) ) | Hon. Judge Sim Lake |
| v. | ) ) | |
| JUVENTINO CASTRO, *et al.* | ) ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTIONS *IN LIMINE* NO. 1 TO BAR
AFTER-ACQUIRED EVIDENCE**

Plaintiff Janet Baker, through counsel Loevy & Loevy, respectfully moves *in limine* for an Order concerning the evidence at trial as follows. In support of this motion, Plaintiff states:

In light of this Court's summary judgment ruling, Plaintiff is proceeding to trial against Castro on his claims that arise from the conduct of Castro after deciding to stop Jordan Baker while committing no crimes and riding his bicycle, and the force that Castro used against Baker (including both the lethal and non-lethal force). *See* Dkt. 177, Report, at 24-30. As the court recognized, the core substantive claims to be tried—(a) for excessive force and (b) concerning the manner in which Castro "seized" Baker in the parking lot before the shooting—arise under the Fourth Amendment.

1

It is well established that, under the Fourth Amendment's objective reasonableness standards, Castro's decisions must be judged by what he knew at the time, not with the benefit of hindsight or other after-acquired evidence. *See, e.g.*, *Graham v. Connor*, 490 U.S. 386, 396 (U.S. 1989) ("The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."); *Trammell v. Fruge*, 868 F.3d 332, 340 (5th Cir. 2017) ("Thus, the overarching question [on a Fourth Amendment claim] is 'whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them.'" (quoting *Graham*, 490 U.S. at 397); *Mason v. Lafayette City-Parish Consol. Gov't*, 806 F.3d 268, 276 (5th Cir. 2015) ("Our inquiry is limited to whether the officer was in danger at the moment of the threat that resulted in the use of force." (citations omitted)); *Rockwell v. Brown*, 664 F.3d 985, 991 (5th Cir. 2011) (holding that the deadly-force inquiry is "confined to whether the [officer or another person] was in danger *at the moment* of the threat that resulted in the [officer's use of deadly force]." (citing *Bazan ex rel. Bazan v. Hidalgo Cty.*, 246 F.3d 481, 493 (5th Cir. 2001); *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004) ("Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest."); *Resendiz v. Miller*, 203 F.3d 902, 903 (5th Cir. 2000) (per curiam) ("Probable cause exists when the totality of facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense.").

In short, there should be no question that Plaintiff's Fourth Amendment claims "are evaluated for objective reasonableness based upon the information the officers had when the conduct occurred." *Saucier v. Katz*, 533 U.S. 194, 207 (2001); *cf. Deering v. Reich,* 183 F.3d 645, 650 (7th Cir. 1999) (evaluation of deadly force "includes information which the officer had at the time of his actions" (citing *Sherrod v. Berry*, 856 F.2d 802 (7th Cir. 1988) (en banc)).).

As a result, neither party may attempt to include information learned after-the-fact into the reasonableness calculus—relevant and admissible evidence at this trial is confined to what Defendant Castro knew at the time he stopped Jordan Baker and then when he subsequently shot and killed him. *Katz*, 533 U.S. at 207; *Trammell*, 868 F.3d at 340.

In light of these authorities, the admissible evidence concerning the reasonableness of Castro's actions should include what Castro knew at the time, and not things learned after-the fact. This includes some obvious things—for example, incidents that happened after the shooting. After the shooting, the City issued a bulletin of alleged robbery incidents, which has been pointed to by Castro and the City in this case. *See* Dkt. 152 at 6, Plaintiff's Response to Defendant City of Houston's Motion for Summary Judgment. But, the document did not exist at the time of the shooting and, thus, should be excluded.

In addition, as discussed in further detail in another motion *in limine*, Castro had never met Jordan Baker. Thus, any prior other acts are irrelevant to Castro's decision-making. And, those alleged other acts—what the defendants have

3

pejoratively called "criminal history"—include two juvenile arrests (not convictions or adjudications), and are totally inadmissible. These should be excluded.[1]

## CONCLUSION

Plaintiff respectfully requests that this Court enter an Order excluding irrelevant after-acquired evidence from consideration on Plaintiff's claims against Castro.

RESPECTFULLY SUBMITTED,

/s/ David B. Owens
*One of Plaintiffs' Attorneys*

| | |
|---|---|
| Jon Loevy | Billy Joe Mills |
| Mark Loevy-Reyes | FIRMEQUITY |
| David B. Owens | 858 West Armitage Avenue |
| LOEVY & LOEVY | Suite 101 |
| 311 N. Aberdeen St., 3rd Fl. | Chicago, IL 60614 |
| Chicago, IL 60607 | (847) 207-9064 |
| (312) 243-5900 | |

---

[1] Defendants have also disclosed an untoward number of witnesses, many of whom were never deposed or ever mentioned in discovery. *See* Exhibit 1, City Defendants' Witness List. To the extent any of these intend to present after-acquired evidence—like those from the Harris County Prosecutors office, like K. Bosnal, and L. Byrne—they should be barred on this basis as well.

## **CERTIFICATE OF SERVICE**

    I, David B. Owens, an attorney, hereby certify that on November 16, 2018, I filed the foregoing using the Court's CM/ECF system, which effected service on all counsel.

                                                                         <u>/s/ David B. Owens</u>
                                                                         *One of Plaintiff's Attorneys*