IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ESTATE OF JORDAN BAKER, by** § <br> **And through administrator, JANET** § <br> **BAKER and in her individual capacity,** § <br> **J.B., a minor,** § <br> *Plaintiffs,* § <br> § <br> vs. § <br> § <br> **JUVENTINO CASTRO, THE** § <br> **CITY OF HOUSTON, AND RPI** § <br> **MANAGEMENT COMPANY, LLC** § <br> *Defendants.* § | | No. 4:15-cv-003495 |

### CITY DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO FOREGO EVIDENTIARY HEARING ON MINOR'S CLAIMS

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants CITY OF HOUSTON and JUVENTINO CASTRO ("City Defendants") file this their response to Plaintiff's Motion to Forego Evidentiary Hearing to clarify the record on said matter and states:

1. **Joinder of Janet Baker, individually, and J.B., a minor.** This civil rights lawsuit was initially brought by the Estate of Jordan Baker, by and through administrator Janet Baker ("the Estate"). Only the Estate alleged violations of Jordan Baker's constitutional rights and alleged wrongful death/survival claim under 42 U.S.C. §1983. Janet Baker, in her individual capacity, and J.B., the minor son of Jordan Baker, were named as parties to this lawsuit to effectuate the settlement in this case [Doc. #288]. Their claims, brought by the Estate without naming them as parties, are wrongful death/survival claims.

2. Janet Baker filed a dependent administration of her son's estate.[1] For clarification of the record, an Attorney Ad Litem was appointed by the Probate Court, not a Guardian Ad Litem, to determine the heirs of Jordan Baker. J.B., a minor, ("J.B.") was declared sole heir of the Estate and the Attorney Ad Litem was discharged of his duties. Even if a Guardian Ad Litem was appointed in the probate matter, his representation would be limited only to the probate matter and would not extend to this federal civil rights lawsuit. *See Byrd v. Woodruff*, 891 S.W.2d 689, 705 (Tex. App. – Dallas 1994, writ dism'd by agr.).

3. While City Defendants understand that the administrator of an estate can bring a wrongful death claim on behalf of a child or parents of the deceased, it is the position of City Defendants that said child or parent must be named individually in the lawsuit because "a wrongful death cause of action is separate and distinct from the claims of a decedent's estate." Tex. Civ. Prac. & Rem. Code §71.004(a)(West 2008); *Ordonez v. Abraham*, 545 S.W.3d 655, 664 (Tex. App. – El Paso 2017). The fact that J.B. had not been named as an individual party means that J.B. would not be represented in the settlement and could bring another lawsuit once he reached the age of majority. As a result, City Defendants requested, and the Estate agreed to amend the complaint naming Janet Baker and J.B. as parties [Doc. #284].

4. However, J.B. was named in his individual capacity despite the fact that he is a minor and lacks the legal capacity to bring suit on his own [Doc. #287]. He needs to be named as a party via a next friend, parent or guardian. The Estate, who may have a conflict with the minor regarding

---

[1] City Defendants respectfully requests the Court to take judicial notice under Fed. R. Evid. 201 of the filings from the Harris County Clerk's website relating to the probate matter under Case No. 442,817 entitled *Estate of Jordan Baker, Deceased* in the Probate Court Number One of Harris County, Texas. Rule 201 states as follows: "The court may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned…The court must take judicial notice if a party requests it and the court is supplied with the necessary information." The Fifth Circuit has held that judicial notice under Rule 201 is appropriate for information posted on a government website. *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005).

the management and protection of any settlement funds because it has its own claims, is not a next friend, guardian or parent of J.B. Thus, J.B. who lacks the legal capacity to bring suit on his own behalf has not been properly joined in this lawsuit. City Defendants respectfully request that the pleadings be amended to properly reflect the next friend of the minor to effectuate the pending settlement.

5. **Need for Guardian Ad Litem.** Recognizing the need to have independent representation for the minor during the settlement proceedings of this case, City Defendants moved the Court to appoint a Guardian Ad Litem [Doc. #288]. The Guardian Ad Litem "conducts an independent investigation, evaluates the benefit of settling, and determines the best interests of the minor to communicate, as the minor's personal representative, her recommendations to the court." *Byrd*, 891 S.W.2d at 707.

7. **Need for Evidentiary Hearing on Minor's Claims**. As stated above, City Defendants' position is and remains that the settlement in this lawsuit is for all pending and potential claims, which includes the wrongful death claim held by J.B. "With respect to settlement of a minor's claim, federal courts look to state law." *See John Stevedoring Co. v. Wilfred*, 818 F.2d 397, 400 (5th Cir. 1987). "Under Texas law, a minor child may be represented by a 'next friend,' but approval of the court is required to make any settlement binding on the child." Tex. R. Civ. P. 44; *see also Grunewald v. Technibilt Corp.*, 931 S.W.2d 593, 596 (Tex. App.—Dallas 1996, writ denied). To obtain approval, evidence must be presented to the Court by the Guardian Ad Litem and next friend of J.B. (presumably Janet Baker) that the proposed settlement is fair, reasonable and in the best interests of the minor child. Thus, "a judgment ratifying the compromise is necessary and such cannot be rendered without a hearing and evidence that serves the minor's

interest." *Byrd*, 891 S.W.2d at 705. City Defendants' position is that an evidentiary hearing is required as a matter of Texas law.

8. The fact that counsel for Plaintiffs is concerned with costs of attendance at a legally required hearing is a matter that is inconsequential to any settlement binding on J.B. Plaintiffs' costs is a matter between lawyer and client, not this court in determining if the proposed settlement is in the best interests of J.B. Further, the evidentiary hearing is a limited hearing that would not impose a hardship on any party and counsel for Plaintiffs could attend by phone to limit costs.

9. **Delay of Settlement.** City Defendants agree that there has been delay upon delay in completing the settlement in this case; but such delay has not been one-sided as both sides are diligently representing the interests of their respective clients. An evidentiary hearing on the minor's claims will not cause additional delay.

WHEREFORE, PREMISES CONSIDERED, City Defendants respectfully request that the Court deny Plaintiffs' motion and (a) direct Plaintiffs' to amend the pleadings naming a next friend of J.B., a minor, while keeping the agreement set forth in the motion to amend [Doc. #284], in order to give this Court jurisdiction over said minor; and (b) set this matter for an evidentiary hearing to resolve the claims held by J.B.

Respectfully submitted,

RONALD C. LEWIS
City Attorney


DONALD J. FLEMING
Section Chief, Labor, Employment, & Civil Rights

Date: October 1, 2019.     By:    */s/ Jennifer F. Callan*
JENNIFER F. CALLAN
Senior Assistant City Attorney
ATTORNEY IN CHARGE
SBN: 00793715
FBN: 22721
Phone: 832.393.6286 (direct)
Jennifer.Callan@houstontx.gov

CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby, 3rd Floor
Houston, Texas 77002
Main: 832.393.6491
Fax: 832.393.6259

Attorneys for City Defendants

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following:

Jon Loevy
Mark Loevy-Reyes
Arthur Loevy
David B. Owens
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607

Allyson Brupbacher
1900 N. Memorial Way
Houston, Texas 77007

Billy Joe Mills
FIRMEQUITY
444 N. Wabash Ave., 5th Floor
Chicago, IL 60611

By:    */s/ Jennifer F. Callan*
JENNIFER F. CALLAN