IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ESTATE OF JORDAN BAKER, by and through Administrator, JANET BAKER, § § § § | | |
| Plaintiff, § § | | |
| v. § § | CIVIL ACTION NO. H-15-3495 | |
| JUVENTINO CASTRO, THE CITY OF HOUSTON, RPI MANAGEMENT COMPANY, LLC, and RPI INTERESTS I, LTD., § § § § § | | |
| Defendants. § | | |

**MEMORANDUM OPINION AND ORDER**

Janet Baker, individually and on behalf of the Estate of Jordan Baker ("Plaintiff"), brought this action against Juventino Castro and the City of Houston (collectively, "Defendants") asserting claims for civil rights violations under 42 U.S.C. § 1982 and related state-law claims.[1] The parties settled and an Agreed Judgment terminated the action.[2] Pending before the court is John Nicholas, Temporary Administrator of The Estate of Rhogena Nicholas, And Jo Ann Nicholas' Rule 24(b) Motion to Intervene to Unseal Court Records and Amend the Court's Protective Order ("Motion to Intervene") (Docket Entry No. 305). For the reasons explained below, the Motion to Intervene will be denied.

---

[1]Complaint, Docket Entry No. 1, pp. 14-21.

[2]Hearing Minutes and Order, Docket Entry No. 298 (approving the parties' settlement agreement); Agreed Judgment, Docket Entry No. 302.

## I. Factual and Procedural Background

Plaintiff filed this action on December 2, 2015, alleging that Houston Police Officer Juventino Castro shot and killed Jordan Baker without any lawful justification.[3] On May 12, 2016, the court entered a protective order, which found that the City of Houston and Houston Police Department's internal files and investigative reports were discoverable material but ordered the parties to keep the material confidential and to submit it under seal if filed in conjunction with a pretrial or dispositive motion.[4] On March 23, 2017, the court entered an Agreed Protective Order that grand jury testimony used in the action must be kept confidential and filed under seal.[5] The parties filed sealed exhibits throughout the action's lengthy pretrial proceedings, including during the summary judgment stage.[6] On December 4, 2020,

---

[3]Complaint, Docket Entry No. 1, p. 1 ¶ 1.

[4]Protective Order, Docket Entry No. 47, p. 1 ¶¶ 1-2, p. 2 ¶¶ 3, 6; see also Order affirming Protective Order, Docket Entry No. 52.

[5]Agreed Protective Order, Docket Entry No. 62, pp. 1-2.

[6]E.g., Exhibit 7 to Plaintiff's Motion for Leave to Disclose an Additional Expert, Docket Entry No. 78; Notice of Sealed Exhibits to Plaintiff's Motion to Compel Sufficient Answers to Requests for Admission, Docket Entry No. 95; Exhibit 1 to Response in Opposition to Defendants Juventino Castro and the City of Houston's Motion to Exclude or Limit Opinion Testimony of Plaintiff's Expert Andrew Scott, Docket Entry No. 143; Exhibit List to Plaintiff's Response to Defendant Castro's Motion for Summary Judgment, Docket Entry No. 147-1 (listing eight exhibits as filed under seal).

the court entered an Agreed Judgment that disposed of all claims asserted in the action.[7]

On January 28, 2020, John Nicholas, Jo Ann Nicholas, and the Estate of Rhogena Nicholas ("Movants") filed their Motion to Intervene.[8] Movants assert that Rhogena Nicholas was the victim of an unlawful killing by a Houston police officer.[9] Movants allege that they have potential claims against the City of Houston for that killing.[10] They contend that Houston Police Department and City of Houston documents filed under seal in this action are relevant to those claims.[11] They therefore request permissive intervention under Rule 24(b) in order to seek the unsealing of those documents and a modification of the May 12, 2016, Protective Order.[12] Opposing the motion, Defendants responded on February 13, 2020.[13] Movants replied on February 20, 2020.[14]

---

[7]Agreed Judgment, Docket Entry No. 302.

[8]Motion to Intervene, Docket Entry No. 305.

[9]Id. at 4-5.

[10]Id. at 6.

[11]Id. at 6-7.

[12]Id. at 7.

[13]City Defendants' Response to Nicholas' Motion to Intervene to Unseal Court Records and Amend Court's Protective Order ("Defendants' Response"), Docket Entry No. 308.

[14]John Nicholas, Temporary Administrator of The Estate of Rhogena Nicholas, And Jo Ann Nicholas' Reply in Support of Their Rule 24(b) Motion to Intervene to Unseal Court Records and Amend the Court's Protective Order ("Movants' Reply"), Docket Entry No. 309.

## II. Analysis

"[T]he procedurally correct course" for a nonparty to seek modification of a standing protective order in an action is to obtain the status of intervenor through Rule 24. See In re Beef Industry Antitrust Litigation, 589 F.2d 786, 787, 789 (5th Cir. 1979). An intervenor must have standing to intervene in a closed action in which there is no live controversy between the original parties. Newby v. Enron Corp., 443 F.3d 416, 422 (5th Cir. 2006). After establishing standing, the intervenor must show that it is entitled to intervene under Rule 24. See Fed. R. Civ. P. 24 (establishing conditions for intervention as of right and permissive intervention). Defendants contend that Movants have neither standing nor an entitlement to intervene under Rule 24.

### A. Standing

A nonparty must assert some underlying right in order to establish standing to intervene and pursue the vacating of a protective order and unsealing of the record. Newby, 443 F.3d at 422 (citing Deus v. Allstate Insurance Co., 15 F.3d 506, 526 (5th Cir. 1994)). Defendants argue that Movants have no standing to intervene in this action.[15] Movants argue that they have standing through an injury to their right as members of the general public to access court documents.[16]

---

[15]Defendants' Response, Docket Entry No. 308, pp. 6-7.

[16]Motion to Intervene, Docket Entry No. 305, pp. 7-8.

A party invoking federal court jurisdiction "must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 112 S. Ct. 2130, 2136 (1992) (internal citations and quotations omitted). The public has a presumptive right to access judicial documents and records filed in civil and criminal proceedings. Securities and Exchange Commission v. Van Waeyenberghe, 990 F.2d 845, 848 (5th Cir. 1993). That right of access is harmed when a court improperly shields documents from public view. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). Such an injury is specific to each member of the public who seeks information that is barred by the court's order, regardless of the fact that the injury may be widely shared by other members of the public. Id. at 263. Because Movants cannot access information that the court ordered to be filed under seal, they have alleged an injury that supports standing. This alleged injury is fairly traceable to the court's orders that the documents be filed under seal and is likely to be redressed by the relief requested. See Lujan, 112 S. Ct. at 2136.

Defendants argue that this alleged injury cannot establish standing because "giving every member of the public a right to intervene in every case where records were sealed would render confidentiality a nullity."[17] But injuries widely shared by the public may result in concrete harm and thus constitute an "'injury

---

[17]Defendants' Response, Docket Entry No. 308, p. 11 ¶ 18.

in fact'" to particular parties. <u>Federal Election Commission v. Akins,</u> 118 S. Ct. 1777, 1786 (1998). Confidentiality is not destroyed by such a result because the mere fact that members of the public have standing to intervene does not mean that an intervention to unseal records will succeed on the merits. <u>See Van Waeyenberghe,</u> 990 F.2d at 848 ("[T]he public's common law right [to inspect and copy judicial records] is not absolute . . . . '[T]he decision as to access is one left to the sound discretion of the trial court.'") (quoting <u>Nixon v. Warner Communications, Inc.,</u> 98 S. Ct. 1306, 1312 (1978)).

Defendants also argue that the Fifth Circuit precedent that Movants cite does not establish a general public right to open courts and records.[18] But that right is well established in this circuit. <u>See Van Waeyenberghe,</u> 990 F.2d at 848 ("Courts have recognized that the public has a common law right to inspect and copy judicial records."). Moreover, the Fifth Circuit has expressly held that an individual party may raise the public's right of access as a basis for standing in challenging a court's order to seal records. <u>United States v. Holy Land Foundation for Relief and Development,</u> 624 F.3d 685, 690 (5th Cir. 2010). This precedent establishes that the public's right of access to court documents suffices to create standing for an intervenor who seeks modification of a court's seal and protective orders. Defendants cite no precedent that would suggest otherwise. Defendants'

---

[18]<u>Id.</u>

reliance on <u>Allen-Pieroni v. Southwestern Correctional LLC</u>, Civil Case No. 3:13-cv-4089-M, 201 WL 722200 (N.D. Tex. Jan. 26, 2017), is misplaced.  In that case the intervenors did not assert a right to access court documents as a member of the public — they failed to allege any basis for standing to intervene.  <u>Id.</u> at *4.

The court concludes that Movants have standing to intervene to challenge the court's order to seal documents filed in this action, and will therefore consider whether Movants have established their right to intervene under Rule 24(b).

**B.   Permissive Intervention**

Movants ask the court to grant them permissive intervention under Federal Rule of Civil Procedure 24(b).[19]  The court may permit intervention when the movant (1) makes a timely motion and (2) "has a claim or defense that shares with the main action a common question of law or fact," and (3) when permitting the intervention will not "unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(1)(B) and (3).

   1.   <u>Timeliness</u>

Defendants argue that the motion is untimely because too much time has elapsed since the court approved protective orders — May 12, 2016, and March 23, 2017.[20]  The court considers four factors to determine the timeliness of the motion to intervene:

---

[19]Motion to Intervene, Docket Entry No. 305, p. 8.

[20]Defendants' Response, Docket Entry No. 308, p. 9 ¶ 14.  Defendants' brief incorrectly states the date and docket entry number of the first Protective Order as November 7, 2016 [Doc. #52].  The correct docket entry number is 47.

(1) the length of time the party knew or should have known of its interest in the lawsuit; (2) the prejudice to existing parties; (3) prejudice to the intervening party if intervention is denied; and (4) the presence of unusual circumstances.  <u>Doe v. Duncanville Independent School District,</u> 994 F.2d 160, 167 (5th Cir. 1993). The proper reference for timeliness is when Movants became aware of their interest in the sealed documents, not when the documents were sealed.  Movants state that their interest in the sealed documents arose after the death of Rhogena Nicholas on January 28, 2019.[21] Movants became aware of possible claims against the City of Houston after a period of investigation following that death, which is their motivation for seeking sealed documents in this action.[22]  The motion to intervene was filed a year after Nicholas' death, which is not an unreasonable delay given the time needed for Movants to assess and investigate their potential claims.

Defendants also argue that a motion to intervene can never be timely when made after an action is closed.[23]  This argument is not supported by precedent and lacks merit.  <u>See Brown v. Advantage Engineering, Inc.</u>, 960 F.2d 1013, 1015 (11th Cir. 1992) (rejecting an argument that a motion to intervene to unseal records was necessarily untimely because the parties had reached a settlement agreement).  Defendants do not argue that they are prejudiced by the timing of the motion and have identified no unusual

---

[21]Motion to Intervene, Docket Entry No. 305, pp. 4, 6.

[22]<u>Id.</u> at 4-5.

[23]<u>Id.</u> at 9.

circumstances that would render the motion untimely.  The court concludes that the Motion to Intervene is timely.

### 2. Common Question of Law or Fact

Defendants argue that Movants have no claim or defense in common with this action because there is no connection between Rhogena Nicholas' and Jordan Baker's deaths.[24]  But Rule 24(b)'s claim-or-defense requirement is construed liberally.  Newby, 443 F.3d 416, 422 (5th Cir. 2006).  In Newby the Texas Board of Public Accountancy sought to permissively intervene in a civil lawsuit against Enron Corporation and other defendants to obtain court-protected discovery materials.  Id. at 418.  The Board sought that information for use in its own independent investigation of audit failures that occurred at Enron.  Id. at 419.  The court held that this investigation raised questions of law and fact in common with the lawsuit that would support permissive intervention.  Id. at 422.  Likewise, Movants' assertion that they seek court-protected filings for use in their own investigation of shootings by Houston police officers suffices to satisfy Rule 24(b)'s claim-or-defense requirement.  See id.  Moreover, Movants do not seek adjudication of any potential claim against the City of Houston — they seek only adjudication of whether the court properly sealed court documents from public view.  Permissive intervention to petition for unsealing of court records is routine.  Id. at 424.

---

[24]Defendants' Response, Docket Entry No. 308, p. 8 ¶ 11.

3. <u>Prejudice to the Original Parties</u>

Defendants have not argued that granting the Motion to Intervene would prejudice them. Movants do not seek to disturb the settlement and Agreed Judgment that resolved Plaintiff's claims against Defendants. The court concludes that granting the motion would not unduly prejudice the adjudication of the original parties' rights. See Fed. R. Civ. P. 24(b)(3).

4. <u>The Court Has Discretion to Deny the Motion to Intervene</u>

Based on the foregoing, Movants are qualified to permissively intervene under Rule 24(b). But "[p]ermissive intervention 'is wholly discretionary with the [district] court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." <u>New Orleans Public Service, Inc. v. United Gas Pipe Line Co.</u>, 732 F.2d 452, 471 (5th Cir. 1984) (quoting Wright & Miller, Federal Practice and Procedure: Civil § 1913 at 551).

Movants seek to obtain material that may be relevant to their potential claims against the City of Houston. But Movants have already sought discovery from the City in state court.[25] On

---

[25] Motion to Intervene, Docket Entry No. 305, pp. 2, 5-6; Petition Pursuant to Tex. Civ. Pro. Rule 202 for Depositions to Investigate Claims, <u>In the Estate of: Rhogena Ann Nicholas, Deceased,</u> Case No. 474728-401, Harris County Probate Court No. 1. The court may take judicial notice of filings before the Harris County probate court because they are subject to accurate and ready determination by a reliable source such as docket listings on the Harris County Clerk's official website. See Fed. R. Evid. 201(b)(2).

July 25, 2019, Movants filed a petition in state court under Texas Rule of Civil Procedure 202 seeking pre-suit discovery against the City of Houston to investigate the Houston Police Department's practices in connection with Nicholas' death.[26] The City of Houston objected to the state court's jurisdiction, but the court denied the objection.[27] The petition was stayed pending appeal, but the Texas Fourteenth Court of Appeals has affirmed that denial.[28] Because only the City's jurisdictional objections have been resolved, the state court may yet rule on the discovery requested and any objections that the City may present. Even if the Rule 202 petition does not directly result in discovery of the same documents sought in the Motion to Intervene, Movants may receive enough information to file a civil action against the City of Houston and seek access to the documents through traditional pretrial discovery. The City argues that some of the documents sought by Movants in this action (grand jury testimony) are not "relevant to their potential claim against the City . . ."[29] But

---

[26] Petition Pursuant to Tex. Civ. Pro. Rule 202 for Depositions to Investigate Claims, In the Estate of: Rhogena Ann Nicholas, Deceased, Case No. 474728-401, Harris County Probate Court No. 1.

[27] Order Denying Non-Party City of Houston's Plea to the Jurisdiction Regarding Petitioner's Rule 202 Petition, In the Estate of: Rhogena Ann Nicholas, Deceased, Case No. 474728-401, Harris County Probate Court No. 1.

[28] Notice of Appeal, In the Estate of: Rhogena Ann Nicholas, Deceased, Case No. 474728-401, Harris County Probate Court 1; Estate of Nicholas, 2020 WL 1469519, at *7 (Tex. App.—Houston [14th Dist.] March 26, 2020, no pet. filed).

[29] Defendants' Response, Docket Entry No. 308, p. 13 ¶ 22.

issues of relevance and privilege are better addressed in the pending state court action or in a future state court action than in this closed case.

Movants do not explain why the state court proceeding is not adequate for their pre-suit discovery needs. The only argument that might be construed as a justification for this duplicative litigation is a suggestion that Movants cannot access the documents they seek through other means because the City of Houston "does not have a particularly good record when it comes to preserving the evidence."[30] The court is not persuaded by this argument. The City of Houston has notice that Movants seek discovery of documents related to this action. If Movants are entitled to that discovery, the City will be hard pressed to explain a failure to preserve and provide it. The normal penalties for spoliation therefore suffice to protect Movants' interest in the documents. See, e.g., Russell v. University of Texas of Permian Basin, 234 F. App'x 195, 207 (5th Cir. 2007) ("A spoliation instruction entitles the jury to draw an inference that a party who intentionally destroys important documents did so because the contents of those documents were unfavorable to that party."); Brookshire Brothers, Ltd. v. Aldridge, 438 S.W.3d 9, 22 (Tex. 2014) ("[A] party's intentional destruction of evidence may, absent evidence to the contrary, be sufficient by itself to support a finding that the spoliated

---

[30]Motion to Intervene, Docket Entry No. 305, pp. 9-10.

evidence is both relevant and harmful to the spoliating party.") (internal quotations omitted).

There is no pervasive reason to permit Movants to intervene in this closed action while they pursue pre-suit discovery in an independent proceeding in state court. While Movants have standing and are eligible to permissively intervene under Rule 24(b), the court will exercise its discretion to deny the Motion to Intervene.

### III. Conclusions and Order

For the reasons explained above, John Nicholas, Temporary Administrator of The Estate of Rhogena Nicholas, And Jo Ann Nicholas' Rule 24(b) Motion to Intervene to Unseal Court Records and Amend the Court's Protective Order (Docket Entry No. 305) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 7th day of May, 2020.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE